SEDGWICK, DETERT, MORAN & ARNOLD LLP
CHARLES T. SHELDON (Bar No. 155598)
MARC BRAINICH BAR NO. 191034
DEREK S. JOHNSON (Bar No. 220988)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
GENERAL ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN L. DAVIS, WILLIAM LARSEN, JAMES PIERCE, SR., ROBERT SCHOELZEL, NORRIS WALLACE, JAMES WATSON, ROBERT KACSUTA, and RICHARD EDDY, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, et al., <br><br> Defendants. | CASE NO. CV 08-0228 JL <br><br> **GENERAL ELECTRIC COMPANY'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY;** <br><br> **DEMAND FOR JURY TRIAL;** <br><br> **CERTIFICATION OF INTERESTED ENTITIES** |

Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers for itself alone and no others the Complaint filed on January 14, 2008, as to plaintiffs JOHN L. DAVIS, WILLIAM LARSEN, JAMES PIERCE, SR., ROBERT SCHOELZEL, NORRIS WALLACE, JAMES WATSON, ROBERT KACSUTA, and RICHARD EDDY (collectively, "Plaintiffs") as follows:

1.    To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.

-1-

SEDGWICK
DETERT, MORAN & ARNOLD...
SEDGWICK
Detert Moran & Arnold, LLP
SF/1488373v1

1       2.      To the extent that paragraph 2 of the complaint consists of allegations of fact as to

2 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

3 allegations of paragraph 2, and on such basis the allegations are denied. To the extent that

4 paragraph 2 of the complaint consists of allegations of fact as to other defendants, GE lacks

5 sufficient knowledge or information to form a belief as to the truth of the allegations of

6 paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the

7 complaint consists of allegations of fact as to GE, GE denies such allegations.

8       3.      To the extent that paragraph 3 of the complaint consists of allegations of fact as to

9 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

10 allegations of paragraph 3, and on such basis the allegations are denied. To the extent that

11 paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE lacks

12 sufficient knowledge or information to form a belief as to the truth of the allegations of

13 paragraph 3, and on such basis the allegations are denied. To the extent that paragraph 3 of the

14 complaint consists of allegations of fact as to GE, GE denies such allegations.

15       4.      To the extent that paragraph 4 of the complaint consists of allegations of fact as to

16 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

17 allegations of paragraph 4, and on such basis the allegations are denied. To the extent that

18 paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks

19 sufficient knowledge or information to form a belief as to the truth of the allegations of

20 paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the

21 complaint consists of allegations of fact as to GE, GE denies such allegations. GE denies the

22 allegation that each plaintiff claims damages for an asbestos-related disease arising out of a

23 similar series of occurrences. GE denies the allegation that each and every allegation of each

24 plaintiff regarding the nature of their asbestos-related diseases, the nature of asbestos, the

25 propensity of asbestos to cause disease, the criteria for diagnosis of disease are all identical.

26       5.      To the extent that paragraph 6 of the complaint consists of allegations of fact as to

27 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

28 allegations of paragraph 5, and on such basis the allegations are denied. To the extent that

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

1    paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE lacks

2    sufficient knowledge or information to form a belief as to the truth of the allegations of

3    paragraph 5, and on such basis the allegations are denied. GE denies the allegation that each

4    plaintiff claims damages for an asbestos-related disease arising from an identical series of

5    occurrences. GE denies the allegation that each and every allegation of each plaintiff regarding

6    the nature of their asbestos-related diseases, the nature of asbestos, the propensity of asbestos to

7    cause disease, the criteria for diagnosis of disease are all identical.

8        6.    To the extent that paragraph 6 of the complaint consists of conclusions of law, GE

9    is not required to respond to it. To the extent that paragraph 6 of the complaint consists of

10   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

11   belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are

12   denied. To the extent that paragraph 6 of the complaint consists of allegations of fact as to GE,

13   GE denies such allegations.

14       7.    To the extent that paragraph 7 of the complaint consists of allegations of fact as to

15   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

16   allegations of paragraph 7, and on such basis the allegations are denied. To the extent that

17   paragraph 7 of the complaint consists of allegations of fact as to other defendants, GE lacks

18   sufficient knowledge or information to form a belief as to the truth of the allegations of

19   paragraph 7, and on such basis the allegations are denied. GE denies that it is a corporation

20   incorporated under the laws of Connecticut. GE admits that its principal place of business is in

21   Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the

22   allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the

23   allegation is denied.

24       8.    To the extent that paragraph 8 of the complaint consists of conclusions of law, GE

25   is not required to respond to it. To the extent that paragraph 8 of the complaint consists of

26   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

27   belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are

28   denied. To the extent that paragraph 8 of the complaint consists of allegations of fact as to

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

GE's ANSWER TO COMPLAINT          CASE NO. CV 08-0228 JL

1  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

2  allegations of paragraph 8, and on such basis the allegations are denied.  GE lacks sufficient

3  knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the

4  Northern District of California is the proper venue for this case, and on such basis the allegation

5  is denied.

6          9.      To the extent that paragraph 9 of the complaint consists of conclusions of law, GE

7  is not required to respond to it.  To the extent that paragraph 9 of the complaint consists of

8  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

9  belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are

10  denied.  To the extent that paragraph 9 of the complaint consists of allegations of fact as to

11  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

12  allegations of paragraph 9, and on such basis the allegations are denied.  To the extent that

13  paragraph 10 of the complaint consists of allegations of fact as to GE, GE lacks sufficient

14  knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on

15  such basis the allegations are denied.

16          10.     To the extent that paragraph 10 of the complaint consists of allegations of fact as

17  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

18  of the allegations of paragraph 10, and on such basis the allegations are denied.  GE admits that,

19  in the past, it manufactured, distributed, supplied and sold certain products which contained

20  some quantity of asbestos and/or had component parts which may have contained some quantity

21  of asbestos, during a time period which may or may not be relevant to this case.  Except to the

22  extent admitted, GE denies all other allegations of fact as to GE in paragraph 10 of the

23  complaint.

24          11.     To the extent that paragraph 11 of the complaint consists of conclusions of law,

25  GE is not required to respond to it.  To the extent that paragraph 11 of the complaint consists of

26  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

27  belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are

28  denied.  To the extent that paragraph 11 of the complaint consists of allegations of fact as to

**SEDGWICK**
DETERT, MORAN & ARNOLD...
**SEDGWICK**
Detert Moran & Arnold, LLP

1  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

2  allegations of paragraph 11, and on such basis the allegations are denied. To the extent that

3  paragraph 11 of the complaint consists of allegations of fact as to GE, GE denies such

4  allegations.

5      12.    To the extent that paragraph 12 of the complaint consists of conclusions of law,

6  GE is not required to respond to it. To the extent that paragraph 12 of the complaint consists of

7  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

8  belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are

9  denied. To the extent that paragraph 12 of the complaint consists of allegations of fact as to GE,

10 GE denies such allegations.

11     13.    To the extent that paragraph 13 of the complaint consists of allegations of fact as

12 to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

13 of the allegations of paragraph 13, and on such basis the allegations are denied. To the extent

14 that paragraph 13 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

15 sufficient knowledge or information to form a belief as to the truth of the allegations of

16 paragraph 13, and on such basis the allegations are denied. To the extent that paragraph 13 of the

17 complaint consists of allegations of fact as to GE, GE denies such allegations.

18     14.    To the extent that paragraph 14 of the complaint consists of conclusions of law,

19 GE is not required to respond to it. To the extent that paragraph 14 of the complaint consists of

20 allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

21 belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are

22 denied. To the extent that paragraph 14 of the complaint consists of allegations of fact as to

23 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

24 allegations of paragraph 14, and on such basis the allegations are denied. To the extent that

25 paragraph 14 of the complaint consists of allegations of fact as to GE, GE denies such

26 allegations.

27     15.    To the extent that paragraph 15 of the complaint consists of allegations of fact as

28 to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

-5-

GE's ANSWER TO COMPLAINT          CASE NO. CV 08-0228 JL

1  of the allegations of paragraph 15, and on such basis the allegations are denied. To the extent

2  that paragraph 16 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

3  sufficient knowledge or information to form a belief as to the truth of the allegations of

4  paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 15 of the

5  complaint consists of allegations of fact as to GE, GE denies such allegations.

6        16.    GE admits that, over time, inhalation or ingestion of asbestos fibers can

7  cause lung disease and cancer. Except to the extent admitted, GE denies all allegations of

8  paragraph 16.

9        17.    To the extent that paragraph 17 of the complaint consists of allegations of fact as

10  to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

11  allegations of paragraph 17, and on such basis the allegations are denied.

12       18.    To the extent that paragraph 18 of the complaint consists of conclusions of law,

13  GE is not required to respond to it. To the extent that paragraph 18 of the complaint consists of

14  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

15  belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are

16  denied. To the extent that paragraph 18 of the complaint consists of allegations of fact as to

17  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

18  allegations of paragraph 18, and on such basis the allegations are denied. To the extent that

19  paragraph 18 of the complaint consists of allegations of fact as to GE, GE denies such

20  allegations.

21       19.    To the extent that paragraph 19 of the complaint consists of conclusions of law,

22  GE is not required to respond to it. To the extent that paragraph 19 of the complaint consists of

23  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

24  belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

25  denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to

26  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

27  allegations of paragraph 19, and on such basis the allegations are denied. To the extent that

28  ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

-6-

GE's ANSWER TO COMPLAINT      CASE NO. CV 08-0228 JL

1 │ paragraph 19 of the complaint consists of allegations of fact as to GE, GE denies such

2 │ allegations.

3 │      20.    To the extent that paragraph 20 of the complaint consists of conclusions of law,

4 │ GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of

5 │ allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6 │ belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

7 │ denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to

8 │ Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

9 │ allegations of paragraph 20, and on such basis the allegations are denied. To the extent that

10 │ paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such

11 │ allegations.

12 │      21.    To the extent that paragraph 21 of the complaint consists of conclusions of law,

13 │ GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of

14 │ allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

15 │ belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

16 │ denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to GE,

17 │ GE denies such allegations.

18 │      22.    To the extent that paragraph 22 of the complaint consists of conclusions of law,

19 │ GE is not required to respond to it. To the extent that paragraph 22 of the complaint consists of

20 │ allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

21 │ belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are

22 │ denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE,

23 │ GE denies such allegations.

24 │      23.    To the extent that paragraph 23 of the complaint consists of conclusions of law,

25 │ GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of

26 │ allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

27 │ belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are

28 │ ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP
SF/1488373v1

GE's ANSWER TO COMPLAINT     CASE NO. CV 08-0228 JL

1  denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE,

2  GE denies such allegations.

3      24.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

4  23 of this Answer.

5      25.    To the extent that paragraph 25 of the complaint consists of allegations of fact as

6  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

7  of the allegations of paragraph 25, and on such basis the allegations are denied. To the extent

8  that paragraph 25 of the complaint consists of allegations of fact as to GE, GE denies such

9  allegations.

10      26.    To the extent that paragraph 26 of the complaint consists of conclusions of law,

11  GE is not required to respond to it. To the extent that paragraph 26 of the complaint consists of

12  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

13  belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are

14  denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to

15  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

16  allegations of paragraph 26, and on such basis the allegations are denied. To the extent that

17  paragraph 26 of the complaint consists of allegations of fact as to GE, GE denies such

18  allegations.

19      27.    To the extent that paragraph 27 of the complaint consists of allegations of fact as

20  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

21  of the allegations of paragraph 27, and on such basis the allegations are denied. To the extent

22  that paragraph 27 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

23  sufficient knowledge or information to form a belief as to the truth of the allegations of

24  paragraph 27, and on such basis the allegations are denied. To the extent that paragraph 27 of the

25  complaint consists of allegations of fact as to GE, GE denies such allegations. GE lacks

26  sufficient knowledge or information to respond to the allegation that exposed persons did not

27  know of the substantial danger of using said products and, on that basis, denies it.

28      28.    To the extent that paragraph 28 of the complaint consists of allegations of fact as

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1488373v1

-8-

1    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

2    of the allegations of paragraph 28, and on such basis the allegations are denied.  To the extent

3    that paragraph 28 of the complaint consists of allegations of fact as to GE, GE denies such

4    allegations.

5        29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

6    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

7    of the allegations of paragraph 29, and on such basis the allegations are denied.  To the extent

8    that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such

9    allegations.

10       30.    To the extent that paragraph 30 of the complaint consists of allegations of fact as

11   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

12   of the allegations of paragraph 30, and on such basis the allegations are denied.  To the extent

13   that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

14   allegations.

15       31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

16   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

17   of the allegations of paragraph 31, and on such basis the allegations are denied.  To the extent

18   that paragraph 31 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

19   sufficient knowledge or information to form a belief as to the truth of the allegations of

20   paragraph 31, and on such basis the allegations are denied.  To the extent that paragraph 31 of the

21   complaint consists of allegations of fact as to GE, GE denies such allegations.

22       32.    To the extent that paragraph 32 of the complaint consists of conclusions of law,

23   GE is not required to respond to it.  To the extent that paragraph 32 of the complaint consists of

24   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

25   belief as to the truth of the allegations of paragraph 32, and on such basis the allegations are

26   denied.  To the extent that paragraph 32 of the complaint consists of allegations of fact as to GE,

27   GE denies such allegations.

28       33.    To the extent that paragraph 33 of the complaint consists of allegations of fact as

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

-9-

1  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

2  of the allegations of paragraph 33, and on such basis the allegations are denied.  To the extent

3  that paragraph 33 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

4  sufficient knowledge or information to form a belief as to the truth of the allegations of

5  paragraph 33, and on such basis the allegations are denied.  To the extent that paragraph 33 of the

6  complaint consists of allegations of fact as to GE, GE denies such allegations.

7      34.     To the extent that paragraph 34 of the complaint consists of allegations of fact as

8  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

9  of the allegations of paragraph 34, and on such basis the allegations are denied.  To the extent

10  that paragraph 34 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

11  sufficient knowledge or information to form a belief as to the truth of the allegations of

12  paragraph 34, and on such basis the allegations are denied.  To the extent that paragraph 34 of the

13  complaint consists of allegations of fact as to GE, GE denies such allegations.

14      35.     To the extent that paragraph 35 of the complaint consists of allegations of fact as

15  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations of paragraph 35, and on such basis the allegations are denied.  To the extent

17  that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

18  sufficient knowledge or information to form a belief as to the truth of the allegations of

19  paragraph 35, and on such basis the allegations are denied.  To the extent that paragraph 35 of the

20  complaint consists of allegations of fact as to GE, GE denies such allegations.

21                                **PRAYER**

22      GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek

23  damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent

24  Plaintiffs seek any relief from GE; further answering, GE lacks information or knowledge

25  sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that

26  basis, denies them.

27  ///

28  ///



## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

36.    By alleging the Separate and Additional Affirmative Defenses set forth below, GE is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues.

### FIRST AFFIRMATIVE DEFENSE

37.    GE alleges that said complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

38.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2. and 340(3).

### THIRD AFFIRMATIVE DEFENSE

39.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by laches.

### FOURTH AFFIRMATIVE DEFENSE

40.    GE alleges that the causes of action, if any, attempted to be stated in Plaintiffs' complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

41.    GE alleges that Plaintiffs and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiffs' recovery against GE.

### SIXTH AFFIRMATIVE DEFENSE

42.    GE alleges that Plaintiffs were solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Plaintiffs was the sole legal cause of the injuries and damages complained of by Plaintiffs, if any there were.

### SEVENTH AFFIRMATIVE DEFENSE

43.    GE alleges that Plaintiffs assumed the risk of the matters referred to in said

///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1488373v1

GE's ANSWER TO COMPLAINT        CASE NO. CV 08-0228 JL

1  complaint, that Plaintiffs knew and appreciated the nature of the risk, and that Plaintiffs

2  voluntarily accepted the risk.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4       44.    GE is informed and believes and thereon alleges that Plaintiffs misused and

5  abused the products referred to in said complaint, and failed to follow instructions, and that such

6  misuse, abuse and failure to follow instructions on the part of Plaintiffs proximately caused and

7  contributed to the injuries and damages complained of in said complaint, if any there were.

8  **NINTH AFFIRMATIVE DEFENSE**

9       45.    GE alleges that if Plaintiffs sustained injuries attributable to the use of any

10  product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the

11  injuries were solely caused by and attributable to the unreasonable, unforeseeable, and

12  inappropriate purpose and improper use which was made of the product.

13  **TENTH AFFIRMATIVE DEFENSE**

14       46.    GE alleges that if there was any negligence proximately causing the injuries or

15  damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of defendants,

16  firms, persons, or entities other than GE.

17  **ELEVENTH AFFIRMATIVE DEFENSE**

18       47.    GE alleges that there is no privity between Plaintiffs and GE.

19  **TWELFTH AFFIRMATIVE DEFENSE**

20       48.    GE alleges that it gave no warranties, either express or implied, to Plaintiffs and

21  that neither Plaintiffs nor others ever notified GE of any claims of breach of warranty, if any

22  there were.

23  **THIRTEENTH AFFIRMATIVE DEFENSE**

24       49.    GE alleges that said complaint and each cause of action therein is barred with

25  respect to GE by the provisions of the Workers Compensation Act, including but not limited to

26  Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

27  **FOURTEENTH AFFIRMATIVE DEFENSE**

28       50.    GE alleges that if there was any negligence proximately causing the injuries or

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1488373v1

1  damages, if any, sustained by Plaintiffs, such negligence, if any, is collateral negligence, as that

2  term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

3  **FIFTEENTH AFFIRMATIVE DEFENSE**

4       51.    GE alleges that at the time of the matters referred to in the complaint, Plaintiffs

5  were employed by employers other than GE and were entitled to and received workers'

6  compensation benefits from their employers; and that if there was any negligence proximately

7  causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that

8  of Plaintiffs' employers.

9  **SIXTEENTH AFFIRMATIVE DEFENSE**

10       52.    GE alleges that Plaintiffs' claims, and each of them, and this action, are

11  preempted by federal statutes and regulations governing work place exposure to asbestos.

12  **SEVENTEENTH AFFIRMATIVE DEFENSE**

13       53.    GE alleges that the products referred to in said complaint, if manufactured by GE

14  at all, were manufactured in strict compliance with reasonably precise United States government

15  specifications, and that the hazards associated with use of the products, if any, were known

16  equally to the federal government and GE. Boyle v. United Technologies Corp., 487 U.S. 500

17  (1988). Therefore, the complaint and all alleged causes of action are barred by the government

18  contractor defense.

19  **EIGHTEENTH AFFIRMATIVE DEFENSE**

20       54.    GE alleges that to the extent said complaint purports to state a cause of action or

21  basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal.3d 588, it is barred by

22  Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos

23  products market, to which asbestos products Plaintiffs were allegedly exposed, thereby causing

24  the damages alleged; and, should it prove impossible to identify the manufacturer of the product

25  that allegedly injured Plaintiffs, said purported claim or cause of action is barred by the fault of

26  Plaintiffs and their agents in making identification of the manufacturer impossible.

27  **NINETEENTH AFFIRMATIVE DEFENSE**

28       55.    GE alleges that, to the extent said complaint purports to state a cause of action or

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert, Moran & Arnold, LLP

SF/1488373v1

-13-

GE's ANSWER TO COMPLAINT    CASE NO. CV 08-0228 JL

1  basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing

2  product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have

3  asserted claims for relief which, if allowed, would contravene GE's constitutional rights to

4  substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of

5  the United States and by Article I, Section 7 of the Constitution of the State of California.

6                       **TWENTIETH AFFIRMATIVE DEFENSE**

7        56.    GE alleges that said complaint, to the extent that it seeks exemplary or punitive

8  damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

9  process under the Fourteenth Amendment of the United States Constitution, and Article I,

10 Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

11 action upon which either punitive or exemplary damages can be awarded.

12                     **TWENTY-FIRST AFFIRMATIVE DEFENSE**

13       57.    GE alleges that said complaint, to the extent that it seeks punitive or exemplary

14 damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

15 "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

16 Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

17 substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

18 Constitution and the Constitution of the State of California, and therefore fails to state a cause of

19 action supporting the punitive or exemplary damages claimed.

20                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

21       58.    GE alleges that said complaint, and each cause of action therein, fails to state facts

22 sufficient to warrant an award of punitive or exemplary damages against GE.

23                     **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24       59.    GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

25 action attempted to be stated and set forth against GE, because the injuries and damages

26 complained of in the complaint, if any there were, arose in the course and scope of Plaintiffs'

27 employment by an independent contractor.

28 ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert, Moran & Arnold, LLP

SF/1488373v1

-14-

GE's ANSWER TO COMPLAINT          CASE NO. CV 08-0228 JL

1    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2        60.    GE alleges that at all relevant times, Plaintiffs' employers were sophisticated

3    users of asbestos-containing products, and that said employers were aware of the dangers, if any,

4    of asbestos-containing products, and that said employers' negligence in providing the products to

5    their employees in a negligent, careless and reckless manner was a superseding intervening cause

6    of Plaintiffs' injuries, if any.

7    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

8        61.    GE alleges that Plaintiffs are barred from recovery in that all products produced

9    by GE were in conformity with the existing state-of-the-art, and as a result, these products were

10    not defective in any manner.

11    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12        62.    GE alleges that it had no knowledge, either actual or constructive, and by the

13    application of reasonable, developed human skills and foresight had no reason to know of the

14    propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

15    to cause or contribute to the creation of medical conditions or circumstances involving alleged

16    injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

17    any other illness of any type whatsoever.

18    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

19        63.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

20    said complaint for negligence per se are barred by California Labor Code Section 6304.5, and

21    derivative authority.

22    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

23        64.    GE alleges that Plaintiffs failed to exercise due diligence to mitigate their losses,

24    injuries or damages, if any, and, accordingly, the amount of damages to which Plaintiffs are

25    entitled, if any, should be reduced by the amount of damages which otherwise would have been

26    mitigated.

27    ///

28    ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1488373v1

-15-

GE's ANSWER TO COMPLAINT    CASE NO. CV 08-0228 JL

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2      65.    GE alleges that the provisions of California Civil Code Section 1431.2 are

3    applicable to the Complaint and each cause of action therein.

4

## THIRTIETH AFFIRMATIVE DEFENSE

5      66.    GE alleges that unforeseen and unforeseeable acts and omissions by others

6    constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

7

## THIRTY-FIRST AFFIRMATIVE DEFENSE

8      67.    GE alleges that each of Plaintiffs' claims, and this entire action, are preempted by

9    all applicable federal law relating to railroads, their equipment, and/or alleged injuries and

10   damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49

11   U.S.C. sections 20701 et seq.

12

## THIRTY-SECOND AFFIRMATIVE DEFENSE

13     68.    GE alleges that as a result of their injuries, Plaintiffs have received and will

14   continue to receive workers' compensation benefits from their employers or their insurance

15   carriers, or both, in an amount not yet definitely ascertained and determined; that the total

16   amount of these payments is not yet known to this defendant; that by virtue of the California

17   Labor Code sections 3850 and 3852, and related sections, the employers and their insurance

18   carriers are subrogated to the rights of the Plaintiffs for any and all monies Plaintiffs may receive

19   from this defendant up to the amount paid to Plaintiffs; that Plaintiffs' injuries arose as a direct

20   and proximate result of the negligence and carelessness of Plaintiffs' employers, and the

21   employers and their insurance carriers are not entitled to reimbursement for monies paid or to be

22   paid to Plaintiffs; and in the event of any judgment in favor of Plaintiffs and against this

23   defendant, it should be reduced by the amounts paid or to be paid to Plaintiffs by the employers

24   or their insurance carriers.

25

## THIRTY-THIRD AFFIRMATIVE DEFENSE

26     69.    The matters alleged in said complaint are encompassed within and barred by a

27   settlement and release agreement reached by the parties, which operates as a merger and bar

28   ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1488373v1

-16-

1   against any further litigation on matters raised or potentially raised in connection with the

2   settlement and release.

3   ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

4   70.   To the extent that Plaintiffs have reached an accord with GE regarding this

5   litigation and this accord was then properly satisfied, the claims, causes of action, theories of

6   liability and matters alleged in said complaint are barred by the doctrine of accord and

7   satisfaction.

8   ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

9   71.   GE contends that Plaintiffs have released, settled, entered into an accord and

10  satisfaction, or otherwise compromised their claims herein, and accordingly, said claims are

11  barred.

12  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

13  72.   The claims asserted in said complaint have been settled, compromised or

14  otherwise discharged and GE is due a set off.

15  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

16  73.   To the extent that Plaintiffs have previously filed a dismissal in court dismissing

17  with prejudice all of their asserted claims, causes of action , and other theories of liability against

18  GE, the matters alleged in said complaint are barred by retraxit.

19  ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

20  74.   Plaintiffs' claims herein are barred based on the primary right and res judicata

21  doctrines which prohibit splitting a single cause of action into successive suits, and seeking new

22  recovery for injuries for which the Plaintiffs were previously compensated by alleged joint

23  tortfeasors.

24  ### THIRTY-NINTH AFFIRMATIVE DEFENSE

25  75.   GE alleges that Plaintiffs do not assert any right to relief in respect of or arising

26  out of the same transaction, occurrence, or series of transactions or occurrences, and that no

27  question of law or fact common to all the Plaintiffs will arise in this action, and that therefore

28  Plaintiffs have been improperly joined in one action.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP
SF/1488373v1

GE's ANSWER TO COMPLAINT          CASE NO. CV 08-0228 JL

1
**FORTIETH AFFIRMATIVE DEFENSE**

2      76.    Defendant alleges that at all relevant times Plaintiffs were sophisticated users of

3  asbestos-containing products, that Plaintiffs were aware, or should have been aware, of the

4  dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

5  complete bar to Plaintiffs' claims against Defendant as a matter of law. <u>Johnson v. American

6  Standard, Inc., et al.</u> (2005) 34 Cal.Rptr.3d 863.

7
**<u>PRAYER</u>**

8      WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to

9  GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and

10  further relief as this Court may deem just and proper.

11  DATED: February 20, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP
12

13                                    By:        /S/    Derek S. Johnson
                                         Derek S. Johnson
14                                       Attorneys for Defendant
                                         GENERAL ELECTRIC COMPANY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF/1488373v1

-18-

## JURY DEMAND

GE hereby demands a trial by jury of the captioned matter.

DATED: February 20, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:_____/S/  Derek S. Johnson_____
      Derek S. Johnson
      Attorneys for Defendant
      GENERAL ELECTRIC COMPANY


## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


DATED: February 21, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:_____/S/   Derek S. Johnson_____
      Derek S. Johnson
      Attorneys for Defendant
      GENERAL ELECTRIC COMPANY

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1488373v1

GE's ANSWER TO COMPLAINT          CASE NO. CV 08-0228 JL