GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
JOSHUA D. WHITE, ESQ. (State Bar #246164)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. DAVIS, WILLIAM LARSEN, JAMES PIERCE, SR., ROBERT SCHOELZEL, NORRIS WALLACE, JAMES WATSON, ROBERT KACSUTA, and RICHARD EDDY<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, VIAD CORP., TODD SHIPYARDS CORPORATION, GENERAL DYNAMICS CORPORATION, and BELL HELICOPTER TEXTRON, INC.,<br><br>Defendants. | CASE NO. C 08-00228 JL<br><br>**ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |

COMES NOW Defendant Todd Shipyards Corporation ("TODD"), and for an Answer to Plaintiffs JOHN L. DAVIS, WILLIAM LARSEN, JAMES PIERCE, SR., ROBERT SCHOELZEL, NORRIS WALLACE, JAMES WATSON, ROBERT KACSUTA, and RICHARD EDDY's ("Plaintiffs") Complaint for Negligence (Personal Injury), and Products Liability, admits, denies and alleges as follows:

**THE PARTIES**

1.    Answering Paragraph 1 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

1        2.      Answering Paragraph 2 of the Complaint, TODD is without sufficient knowledge or

2   information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

3   basis, denies generally and specifically, each and every allegation contained therein.

4        3.      Answering Paragraph 3 of the Complaint, TODD is without sufficient knowledge or

5   information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

6   basis, denies generally and specifically, each and every allegation contained therein.

7        4.      Answering Paragraph 4 of the Complaint, TODD denies generally and specifically,

8   that Plaintiffs' claims arise out of a similar series of occurrences.  TODD is without sufficient

9   knowledge or information to form a belief as to the truth of the remaining allegations contained in

10   said paragraph, and, on that basis, denies generally and specifically, each and every allegation

11   contained therein.

12        5.      Answering Paragraph 5 of the Complaint, TODD denies generally and specifically,

13   that Plaintiffs' claims arise out of an identical series of occurrences.  TODD is without sufficient

14   knowledge or information to form a belief as to the truth of the remaining allegations contained in

15   said paragraph, and, on that basis, denies generally and specifically, each and every allegation

16   contained therein.

17        6.      Answering Paragraph 6 of the Complaint, TODD admits that it is a Corporation

18   existing under the laws of other states, and that it is authorized to conduct business in the State of

19   California and the County of San Francisco, but denies it is presently conducting business in the State

20   of California.

21              **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

22        7.      Answering Paragraph 7 of the Complaint, TODD admits that this Court has

23   jurisdiction over the subject matter of Plaintiffs' Complaint under 25 U.S.C. Section 1332 because,

24   based on the allegations in the pleadings, there is complete diversity and an actual or substantial

25   controversy exists between citizens of different states.

26        8.      Answering Paragraph 8 of the Complaint, TODD is without sufficient knowledge or

27   information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

28   basis, denies generally and specifically, each and every allegation contained therein.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION – NEGLIGENCE**

9.    Answering Paragraph 9 of the Complaint, TODD denies generally and specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos.  TODD admits that TODD PACIFIC SHIPYARDS CORPORATION is a wholly owned subsidiaries of TODD SHIPYARDS CORPORATION.  SEATTLE-TACOMA SHIPBUILDING CORP. merged into TODD SHIPYARDS CORPORATION in 1946.  TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

10.    Answering Paragraph 10 of the Complaint, TODD denies generally and specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, endorsed, tested, authorized, approved, certified, facilitated, promoted, represented, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos.  TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

///

1    11.    Answering Paragraph 11 of the Complaint, TODD denies generally and specifically,

2    each and every allegation therein.

3    12.    Answering Paragraph 12 of the Complaint, TODD denies generally and specifically,

4    that it owed a duty to Plaintiffs and that it breached said duty of care.

5    13.    Answering Paragraph 13 of the Complaint, TODD denies generally and specifically,

6    each and every allegation therein.

7    14.    Answering Paragraph 14 of the Complaint, TODD is without sufficient knowledge

8    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

9    that basis, denies generally and specifically, each and every allegation contained therein.

10    15.    Answering Paragraph 15 of the Complaint, TODD is without sufficient knowledge

11    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

12    that basis, denies generally and specifically, each and every allegation contained therein.

13    16.    Answering Paragraph 16 of the Complaint, TODD is without sufficient knowledge

14    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

15    that basis, denies generally and specifically, each and every allegation contained therein.

16    17.    Answering Paragraph 17 of the Complaint, TODD is without sufficient knowledge

17    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

18    that basis, denies generally and specifically, each and every allegation contained therein.

19    18.    Answering Paragraph 18 of the Complaint, TODD is without sufficient knowledge

20    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

21    that basis, denies generally and specifically, each and every allegation contained therein.

22    19.    Answering Paragraph 19 of the Complaint, TODD is without sufficient knowledge

23    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

24    that basis, denies generally and specifically, each and every allegation contained therein.

25    20.    Answering Paragraph 20 of the Complaint, TODD is without sufficient knowledge

26    or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

27    that basis, denies generally and specifically, each and every allegation contained therein.

28    ///

21.     Answering Paragraph 21 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

22.     Answering Paragraph 22 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

23.     Answering Paragraph 23 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

## SECOND CAUSE OF ACTION - PRODUCTS LIABILITY

24.     Answering Paragraph 24 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 23 as though fully set forth herein.

25.     Answering Paragraph 25 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

26.     Answering Paragraph 26 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

27.     Answering Paragraph 27 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

28.     Answering Paragraph 28 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

29.     Answering Paragraph 29 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

30.     Answering Paragraph 30 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

31.     Answering Paragraph 31 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

1  that basis, denies generally and specifically, each and every allegation contained therein.

2      32.    Answering Paragraph 32 of the Complaint, TODD denies generally and specifically,

3  each and every allegation therein.

4      33.    Answering Paragraph 33 of the Complaint, TODD is without sufficient knowledge

5  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

6  that basis, denies generally and specifically, each and every allegation contained therein.

7      34.    Answering Paragraph 34 of the Complaint, TODD is without sufficient knowledge

8  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

9  that basis, denies generally and specifically, each and every allegation contained therein.

10      35.    Answering Paragraph 35 of the Complaint, TODD is without sufficient knowledge

11  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

12  that basis, denies generally and specifically, each and every allegation contained therein.

13                          **AFFIRMATIVE DEFENSES**

14                      **FIRST AFFIRMATIVE DEFENSE**

15      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

16  TODD alleges that the Complaint fails to state facts sufficient to constitute a cause of action against

17  TODD.

18                      **SECOND AFFIRMATIVE DEFENSE**

19      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

20  TODD alleges that Plaintiffs have failed to join all persons and parties needed for a just adjudication

21  of this action.    Furthermore, Plaintiffs are improperly joined as Plaintiffs because WILLIAM

22  LARSEN, NORRIS WALLACE, JAMES WATSON and RICHARD EDDY have stated no cause

23  of action against TODD, and none of Plaintiffs' claims arise out of a similar set of circumstances or

24  the same transaction or occurrence.

25                      **THIRD AFFIRMATIVE DEFENSE**

26      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

27  TODD alleges that Plaintiffs' claims are barred by laches, waiver and/or estoppel.

28  ///

**FOURTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the entirety of Plaintiffs' claims against TODD are negated by the "government contractor" defense, including any performance contracts. (*Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *Boyle v. United Technologies*, 487 U.S. 500 (1988); *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347 (4th Cir. 1998).)

**FIFTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs failed to commence this action within the time required by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 337.1, 337.15, 338(a), 338(d), 340.2, 343, 583.110, 583.210, 583.310, 583.410, and Commercial Code § 2725.

**SIXTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' damages, if any, were proximately caused, in whole or in part, by Plaintiffs' own fault and negligence in failing to exercise reasonable care for their own safety. Plaintiffs' recovery from TODD, if any, should therefore be reduced proportionate to Plaintiffs' comparative fault.

**SEVENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have failed to mitigate the alleged damages, if any there were. Accordingly, the amount of loss, injury or damages to which Plaintiffs are entitled, if any, should be reduced by the amount of loss, injury or damages which would have otherwise been mitigated and Plaintiffs are barred from any recovery of any loss, injury or damages suffered thereby.

**EIGHTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs were injured by products used or installed by TODD, which is denied, such injury occurred after the expiration of the useful safe life of such products.

1

## NINTH AFFIRMATIVE DEFENSE

2     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

3   TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were the sole

4   and proximate result of an unavoidable accident.

5

## TENTH AFFIRMATIVE DEFENSE

6     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

7   TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were caused

8   by and/or contributed to Plaintiffs' misuse of the product(s) which they used, and therefore Plaintiffs'

9   recovery should be barred or reduced accordingly.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

12   TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were solely and

13   proximately caused by and/or contributed to the negligence of third persons or entities over whom

14   or which TODD had no control or supervision.  Therefore, Plaintiffs' damages, if any, are barred or

15   reduced by the percentage of all responsibility attributable to such third parties.

16

## TWELFTH AFFIRMATIVE DEFENSE

17     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

18   TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were solely and

19   proximately caused by material modifications or alterations of the product(s) involved in this action

20   after it or they left the custody and control of Defendant TODD.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22     AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

23   TODD alleges that any asbestos-containing product(s) alleged to have caused Plaintiffs' injuries,

24   were manufactured, used, installed and/or distributed in mandatory compliance with specifications

25   promulgated by the United States government under its war powers, as set forth in the U. S.

26   Constitution, and that any recovery by Plaintiffs is barred as a consequence of the exercise of those

27   sovereign powers.

28

## FOURTEENTH AFFIRMATIVE DEFENSE

1    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

2  TODD alleges that any product(s) alleged to have caused Plaintiffs' injuries, were manufactured,

3  installed, used or distributed in compliance with specifications provided by third parties to TODD

4  and/or in compliance with all applicable health and safety statutes and regulations.

5                    **FIFTEENTH AFFIRMATIVE DEFENSE**

6    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

7  TODD alleges that if Plaintiffs suffered any damages, which is denied, the risk of any such damages

8  was not foreseeable to TODD. At all times material hereto, TODD acted in accordance with the state

9  of scientific knowledge available to installers and/or users of asbestos-containing products.

10                    **SIXTEENTH AFFIRMATIVE DEFENSE**

11    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

12  TODD alleges that, with respect to the product(s) allegedly supplied, distributed, manufactured

13  and/or sold by TODD, alleged by Plaintiffs to have caused Plaintiffs' loss, injury or damages, TODD

14  received no notice of any dangerous, hazardous or defective condition, or any breach of warranty,

15  either expressed or implied.

16                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

17    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

18  TODD alleges that Plaintiffs' claim against TODD are barred by the holdings of *Kinsman v. Unocal*

19  *Corp.*, (2005) 37 Cal.4th 659; *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, *Privette v.*

20  *Superior Court* (1993) 5 Cal.4th 689, *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253

21  and *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235.

22                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

23    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

24  TODD alleges that Plaintiffs' exposure to any asbestos-containing product(s) allegedly used,

25  installed, manufactured, supplied and/or distributed by TODD was minimal and insufficient to

26  establish the probability that said product(s) were a legal cause of Plaintiffs' alleged injuries.

27                    **NINETEENTH AFFIRMATIVE DEFENSE**

28    AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

TODD alleges that this action is barred by the applicable state and/or federal industrial insurance and/or Workers' Compensation laws, including, but not limited to, California Labor Code section 3601 and 3602, and 33 U.S.C. section 905.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at the time of the injuries alleged in the Complaint, Plaintiffs were employed by persons other than TODD; were entitled to receive and did receive Workers' Compensation benefits from said employer(s) or their insurers; and that said employer(s) were negligent and careless in and about the matters referred to in Plaintiffs' Complaint. Therefore, TODD is entitled to set-off any such benefits received by Plaintiffs against any judgment rendered in Plaintiffs favor herein, and said employer(s) are barred from any recovery by lien or otherwise against TODD in connection with this matter.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs were advised, informed, and warned of any purported hazards and/or dangers, if any, associated with the normal and foreseeable use, handling, and storage of the product, substance and equipment described in the Complaint. Plaintiffs knew, or in the exercise of ordinary care, should have known, of the purported risks and hazards involved in the undertaking alleged, but nevertheless, willingly, voluntarily and knowingly consented to assume such purported risks and hazards incident to said undertaking and conduct, at the time and place alleged in said Complaint, all of which proximately caused and contributed to any loss, injury or damages alleged herein. Therefore, Plaintiffs' damages, if any, are barred or reduced by the percentage of all responsibility attributable to Plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at all times relevant to the matters alleged in Plaintiffs' Complaint, Plaintiffs' employer(s), including the United States Navy, were sophisticated users of asbestos-containing products, and said employer(s)' negligence in providing said product(s) to its employees was a

1  superseding and/or intervening cause of Plaintiffs' injuries, if any there were.

2  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

3  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

4  TODD alleges that there was no concert of action among TODD and other Defendants to this action

5  and that any alleged liability or responsibility of TODD, which is denied, is minimal in proportion

6  to the alleged liability and responsibility of other persons and entities including the other Defendants

7  herein.  Plaintiffs should therefore be limited to seeking recovery from TODD for the proportion of

8  alleged injuries and damages for which TODD is allegedly liable or responsible, all such alleged

9  liability and responsibility being denied.

10  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

11  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to

12  the extent the Complaint alleges that TODD has "market-share liability" or "enterprise liability," the

13  Complaint fails to state facts sufficient to constitute a cause of action against TODD.

14  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

15  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

16  TODD alleges that it is entitled to set-off from all settlements, judgments, or similar amounts received

17  by Plaintiffs, against any judgment rendered against it in Plaintiffs favor herein.

18  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

19  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

20  TODD alleges, in accordance with section 1431.2 of the Civil Code, known as the Fair Responsibility

21  Act of 1986, that if Plaintiffs' Complaint states a cause of action, each Defendant is liable, if at all,

22  only for those non-economic damages allocated to each in direct proportion to each Defendant's

23  percentage of fault, if any.  TODD requests a judicial determination of the amount of non-economic

24  damages, if any.  TODD also requests a judicial determination of the amount of non-economic

25  damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and

26  a separate judgment in conformance therewith.

27  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1  TODD alleges that the damages and injuries, if any, were proximately caused or contributed to, in
2  whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other
3  than TODD, for which TODD is not responsible.

4                          **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

5       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,
6  TODD alleges that neither the Complaint nor any purported causes of action alleged therein state facts
7  sufficient to entitle Plaintiffs to an award of punitive damages against TODD.

8                          **TWENTY-NINTH AFFIRMATIVE DEFENSE**

9       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,
10  TODD alleges that Plaintiffs are not entitled to recover punitive or exemplary damages from TODD
11  and that such damages are violative of the Constitutions of the United States of America and of the
12  Constitution of the State of California.

13                          **THIRTIETH AFFIRMATIVE DEFENSE**

14      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,
15  TODD alleges that Plaintiffs' instant action is barred or, alternatively, merged into a prior cause of
16  action for which Plaintiffs have previously sued upon, recovered, and dismissed with prejudice,
17  thereby requiring a complete extinguishment of the instant action due to the doctrines of Res Judicata
18  and Collateral Estoppel.

19                          **THIRTY-FIRST AFFIRMATIVE DEFENSE**

20      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,
21  TODD alleges that Plaintiffs' instant action is barred and discharged, pursuant to Title 11 U.S.C.
22  section 1141(d), and that Plaintiffs' action violates the pending injunction against such claims that
23  exists, by operation of law, pursuant to Title 11 U.S.C. section 524(a)(2).

24                          **THIRTY-SECOND AFFIRMATIVE DEFENSE**

25      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to
26  Plaintiffs' Complaint, TODD alleges that its materials and/or products were manufactured, produced,
27  supplied, installed, sold, and distributed pursuant to a contract with the United States government,
28  and that any recovery by Plaintiffs on the Complaint filed herein is barred by consequence of the

---

1  judicially recognized doctrine of immunity conferred upon that contractual relationship, and any

2  occurrences arising therefrom.

3  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

4  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to

5  Plaintiffs' Complaint, TODD alleges that the state-imposed duty upon TODD significantly conflicts

6  with an identifiable federal interest or policy and, therefore, is displaced under the holding of *Boyle*

7  *v. United Technologies*, 487 U.S. 500 (1988).

8  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

9  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

10  TODD alleges that Plaintiffs did not reasonably rely on any representation, disclaimer, warranty or

11  other act or omission of TODD.

12  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

13  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

14  TODD alleges that Plaintiff was not in privity of contract with TODD, and said lack of privity bars

15  recovery herein upon any theory of warranty.

16  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

17  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

18  TODD alleges that Plaintiffs named TODD in this litigation without reasonable product identification

19  and without reasonable investigation. Accordingly, pursuant to California Code of Civil Procedure

20  Section 128.5, TODD requests reasonable expenses, including attorney's fees incurred by TODD, as

21  a result of the maintenance of this bad-faith litigation.

22  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

23  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

24  TODD alleges that Plaintiffs have released, settled, entered into an accord and satisfaction, or

25  otherwise compromised their claims herein, and, accordingly, said claims are barred by operation of

26  law.

27  ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

28  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1  TODD is presently without sufficient knowledge or information upon which to form a belief as to

2  whether it may have additional, as yet unknown, affirmative defenses. Accordingly, TODD reserves

3  the right to assert additional affirmative defenses in the event discovery indicates it would be

4  appropriate.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

6  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

7  TODD denies any and all liability as a successor, predecessor, predecessor in business, predecessor

8  in a product line or portion thereof, parent, "alter ego," subsidiary, wholly or partially owned, by or

9  the whole or partial owner or member in any entity which researched, studied, manufactured,

10  fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

11  supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented,

12  endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded,

13  manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or

14  facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

15  containing asbestos.

### FORTIETH AFFIRMATIVE DEFENSE

17  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

18  TODD alleges that the claims asserted by Plaintiff were proximately caused by a superseding and

19  intervening cause.

### FORTY-FIRST AFFIRMATIVE DEFENSE

21  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

22  TODD alleges that the claims asserted by Plaintiff were not a substantial factor in bringing about the

23  loss, injury or damages alleged in the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

25  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

26  TODD alleges that Plaintiff is barred from recovery from TODD in that the product allegedly

27  supplied, distributed, manufactured and/or sold by TODD, if any, was in conformity with the existing

28  state-of-art applicable at the time of their manufacture, sale, formulation or distribution and, thus,

1   such product was not defective in any manner.

2                    **FORTY-THIRD AFFIRMATIVE DEFENSE**

3          AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

4   TODD alleges that the product allegedly supplied, distributed, manufactured and/or sold by TODD,

5   was properly designed, manufactured, and fit for the purpose for which they were intended. Said

6   product was improperly maintained, misused, and/or abused by Plaintiff and/or others, and

7   proximately caused Plaintiff's alleged loss, injury or damages. Such misuse, abuse or improper

8   maintenance was not forseeable to TODD. Therefore, Plaintiff's damages, if any, are barred or

9   reduced by the percentage of all responsibility attributable to Plaintiff and/or others.

10                   **FORTY-FOURTH AFFIRMATIVE DEFENSE**

11         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

12  TODD alleges that its alleged actions, which are the subject of the Complaint, were lawful.

13                    **FORTY-FIFTH AFFIRMATIVE DEFENSE**

14         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

15  TODD alleges that it presently has insufficient knowledge and/or information on which to form a

16  belief as to whether it may have additional, as yet unstated, defense available. TODD reserves the

17  right to assert additional defenses in the event that they would be appropriate.

18                    **FORTY-SIXTH AFFIRMATIVE DEFENSE**

19         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

20  TODD alleges that TODD has fully performed any contractual, statutory or other alleged duties to

21  Plaintiff, if any such duties were owed, and Plaintiff is thus barred from recovery.

22                   **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

23         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

24  TODD alleges that Plaintiff's damages against TODD are speculative, and Plaintiff is barred from

25  asserting any such damages against TODD.

26                   **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

27         AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

28  TODD alleges that it was justified in undertaking actions to protect its interests and acted at all times

1  reasonably and in good faith and, thus, its conduct as alleged in the Complaint was justified or

2  excused.

### FORTY-NINTH AFFIRMATIVE DEFENSE

4       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

5  TODD alleges that other parties are responsible either directly or indirectly for liability for Plaintiff's

6  loss, injuries or damages, and in the event that TODD is held liable for Plaintiff's loss, injury or

7  damages, such persons or entities are obligated to  reimburse TODD for all costs and expenses

8  resulting from the present lawsuit.

### FIFTIETH AFFIRMATIVE DEFENSE

10       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

11  TODD alleges that, at the time the product, substance and equipment described in the Complaint left

12  the custody and control of TODD, it was not unreasonably dangerous or defective, of good

13  merchantable quality, and performed as safely as an ordinary consumer would have expected at the

14  time of use.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

16       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

17  TODD alleges that, the product, substance and equipment described in the Complaint, was improperly

18  maintained and cared for by Plaintiffs and/or the owners of the product(s), and such improper care

19  and maintenance created any defect, if any, which was the proximate and legal cause of Plaintiffs'

20  loss, injury or damages, if any.  Such improper maintenance and care was not forseeable to TODD.

21  Therefore, Plaintiffs' damages, if any, are barred or reduced by the percentage of all responsibility

22  attributable to Plaintiffs and/or the owners of the product(s)by virtue of said improper maintenance

23  and care.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

25       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

26  ///

27  ///

28  ///

1  TODD alleges that at all times relevant to the matters alleged in Plaintiffs' Complaint, Plaintiffs and

2  Plaintiffs' employer were sophisticated users of the product allegedly supplied, distributed,

3  manufactured and/or sold by TODD, and Plaintiffs' and Plaintiffs' employer's negligence were

4  superseding and/or intervening causes of Plaintiffs' injuries, if any there were.

5      **WHEREFORE,** TODD prays for judgment as follows:

6      1.    That Plaintiffs take nothing by reason of their Complaint herein;

7      2.    That judgment be entered in favor of TODD;

8      3.    For costs of suit incurred herein;

9      4.    For appropriate credits and set-offs arising out of any payment of Workers'

10          Compensation benefits as alleged above;

11     5.    For a judicial determination of the amount of non-economic damages, if any,

12          allocated to TODD in direct proportion to TODD's percentage of fault, if any, and

13          a separate judgment in conformance therewith; and

14     6.    For such other and further relief as the Court may deem just and proper.

15  DATED: February 21, 2008                        YARON & ASSOCIATES

16                                          By _____

17

18                                          GEORGE D. YARON
                                            KEITH E. PATTERSON
19                                          JOSHUA D. WHITE
                                            Attorneys for Defendant
                                            TODD SHIPYARDS CORPORATION

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

2        I am over 18 years of age and not a party to the within action.  I am employed in the

3  County of San Francisco; my business address is **Yaron & Associates, 601 California Street,**

4  **21ˢᵗ Fl., San Francisco, California 94108-2826.**

5

6        On **February 22, 2008,** I served the following:

7        **ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO
         PLAINTIFFS' COMPLAINT FOR DAMAGES**

8  on all parties in this action, by causing a true copy thereof to be distributed as follows:

9  (x)    **VIA ELECTRONIC SERVICE:**    I caused such documents to be served on the
                                          interested parties to this action by submitting an
10                                        electronic version of the documents via ECF
                                          pursuant to the Courts Order.
11

12        I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct, and that this declaration was executed on **February 22, 2008,** at

14  San Francisco, California.

15

16        _____
          IRIS NISHIMOTO

17

18

19

20

21

22

23

24

25

26

27

28

1 | GEORGE D. YARON, ESQ. (State Bar #96246)
  | KEITH E. PATTERSON, ESQ. (State Bar #225753)
2 | JOSHUA D. WHITE, ESQ. (State Bar #246164)
  | **YARON & ASSOCIATES**
3 | 601 California Street, 21st Floor
  | San Francisco, California 94108-2281
4 | Telephone: (415) 658-2929
  | Facsimile: (415) 658-2930
5 |
  | Attorneys for Defendant
6 | TODD SHIPYARDS CORPORATION
7 |
8 |                  UNITED STATES DISTRICT COURT
9 |                NORTHERN DISTRICT OF CALIFORNIA
10 |
11 | JOHN L. DAVIS, WILLIAM LARSEN,          )    CASE NO. C 08-00228 JL
   | JAMES PIERCE, SR., ROBERT               )
12 | SCHOELZEL, NORRIS WALLACE, JAMES        )
   | WATSON, ROBERT KACSUTA, and             )    **DEMAND FOR JURY TRIAL**
13 | RICHARD EDDY                            )
   |                                         )
14 |         Plaintiffs,                     )
   |                                         )
15 |     vs.                                 )
   |                                         )
16 | GENERAL ELECTRIC COMPANY, VIAD          )
   | CORP., TODD SHIPYARDS                   )
17 | CORPORATION, GENERAL DYNAMICS           )
   | CORPORATION, and BELL HELICOPTER        )
18 | TEXTRON, INC.,                          )
   |                                         )
19 |         Defendants.                     )
   | _____)
20 |       TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES
21 | HEREIN:
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1

1         PLEASE TAKE NOTICE that Defendant TODD SHIPYARDS CORPORATION hereby

2 demands a trial by jury in the above-entitled action.

3 DATED: February 21, 2008                YARON & ASSOCIATES

4

5                             By _____

6                             GEORGE D. YARON

7                             KEITH E. PATTERSON

                            JOSHUA D. WHITE

8                             Attorneys for Defendant

                            TODD SHIPYARDS CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL                                               G:\3106\Pleadings\Jury.Trial.Demand.wpd

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action.  I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, 21st Fl., San Francisco, California 94108-2826.**

On **February 22, 2008,** I served the following:

**DEMAND FOR JURY TRIAL**

on all parties in this action, by causing a true copy thereof to be distributed as follows:

(x)    **VIA ELECTRONIC SERVICE:**    I caused such documents to be served on the interested parties to this action by submitting an electronic version of the documents via ECF pursuant to the Courts Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **February 22, 2008,** at San Francisco, California.

_____
IRIS NISHIMOTO

1   GEORGE D. YARON, ESQ.  (State Bar #96246)
    KEITH E. PATTERSON, ESQ.  (State Bar #225753)
2   JOSHUA D. WHITE, ESQ.  (State Bar #246164)
    **YARON & ASSOCIATES**
3   601 California Street, 21st Floor
    San Francisco, California 94108-2281
4   Telephone:  (415) 658-2929
    Facsimile:   (415) 658-2930
5

    Attorneys for Defendant
6   TODD SHIPYARDS CORPORATION

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 | | |
|---|---|
| JOHN L. DAVIS, WILLIAM LARSEN, JAMES PIERCE, SR., ROBERT SCHOELZEL, NORRIS WALLACE, JAMES WATSON, ROBERT KACSUTA, and RICHARD EDDY | CASE NO. C 08-00228 JL |
| Plaintiffs, | **DEFENDANT TODD SHIPYARDS CORPORATION'S CERTIFICATE OF INTERESTED ENTITIES OR PERSONS** |
| vs. | |
| GENERAL ELECTRIC COMPANY, VIAD CORP., TODD SHIPYARDS CORPORATION, GENERAL DYNAMICS CORPORATION, and BELL HELICOPTER TEXTRON, INC., | |
| Defendants. | |

20        Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

21 the named parties, there is no such interest to report.

22 DATED: February 21, 2008           YARON & ASSOCIATES

23

24                     By _____

25                         GEORGE D. YARON
                        KEITH E. PATTERSON
26                         JOSHUA D. WHITE
                        Attorneys for Defendant
                        TODD SHIPYARDS CORPORATION

27

28

1

<u>**PROOF OF SERVICE**</u>

2       I am over 18 years of age and not a party to the within action.  I am employed in the

3 County of San Francisco; my business address is **Yaron & Associates, 601 California Street,**

4 **21ˢᵗ Fl., San Francisco, California 94108-2826.**

5

6       On **February 22, 2008,** I served the following:

7 **DEFENDANT TODD SHIPYARDS CORPORATION'S CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

8 on all parties in this action, by causing a true copy thereof to be distributed as follows:

9 (x)   **VIA ELECTRONIC SERVICE:**   I caused such documents to be served on the
interested parties to this action by submitting an

10 electronic version of the documents via ECF
pursuant to the Courts Order.

11

12       I declare under penalty of perjury under the laws of the State of California that the

13 foregoing is true and correct, and that this declaration was executed on **February 22, 2008**, at

14 San Francisco, California.

15

16                         IRIS NISHIMOTO

17

18

19

20

21

22

23

24

25

26

27

28

1  GEORGE D. YARON, ESQ. (State Bar #96246)
   KEITH E. PATTERSON, ESQ. (State Bar #225753)
2  **YARON & ASSOCIATES**
   601 California Street, 21ˢᵗ Floor
3  San Francisco, California 94108-2281
   Telephone: (415) 658-2929
4  Facsimile: (415) 658-2930

5  Attorneys for Defendant
   TODD SHIPYARDS CORPORATION
6

7

8              BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

9

10

11 IN RE: ASBESTOS PRODUCTS LIABILITY      )        **MDL DOCKET NO. 875**
   LITIGATION (NO. VI),                    )
12                                         )
   This Document Relates to:              )
13 JOHN DAVIS et al. vs.                   )
   GENERAL ELECTRIC COMPANY, et al.        )
14 _____)

15              IN THE UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

   JOHN L. DAVIS, WILLIAM LARSEN, JAMES )    Case No.  C 08-00228 JL
18 PIERCE,  SR.,  ROBERT  SCHOELZEL,)
   NORRIS  WALLACE,  JAMES  WATSON,)         **DEFENDANT  TODD  SHIPYARDS
19 ROBERT KACSUTA, and RICHARD EDDY, )       CORPORATION'S  NOTICE  OF  TAG-
                                        )    ALONG ACTION**
20              Plaintiffs,             )
             vs.                        )    Multi-District Rule 7.5(e)
21                                      )
   GENERAL  ELECTRIC  COMPANY,  VIAD)
22 CORP., TODD SHIPYARDS CORPORATION,)
   GENERAL DYNAMICS CORPORATION, and)
23 BELL HELICOPTER TEXTRON, INC.,       )
                                        )
24              Defendants.             )
   _____)
25

26              TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND

27 THEIR ATTORNEYS OF RECORD:

28
   _____
   Notice of Tag-Along Action                 -1-                G:\3106\Pleadings\Not.tag.along.wpd

1      PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel of Multi-District

2 Litigation entered an order transferring all asbestos cases pending in the federal courts to the United

3 States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

4 proceedings pursuant to 28 U.S.C. §1207 ("MDL Transfer Order"). The MDL Transfer Order also

5 applies to "tag-along actions," which refers to a civil action pending in a District Court and involving

6 common questions of fact with actions previously transferred under Section 1407 by the Judicial

7 Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause. See Multi-

8 District Litigation Rules ("MDL Rules"), Rule 11.

9      Pursuant to MDL Rule 7.5(c),

10           Any party or counsel in actions previously transferred under Section
1407 or under consideration by the Panel for transfer under Section

11           1407 shall notify the Clerk of the Panel of any potential "tag-along
actions" in which that party is also named or in which that counsel

12           appears.

13      Defendant Todd Shipyards Corporation hereby notifies the Court that the above-entitled

14 action involves all or a material part of the same subject matter as another action which is pending

15 in another federal court. Accordingly, the above-entitled action is considered a "tag-along action,"

16 subject to transfer to the United States District Court for the Eastern District of Pennsylvania,

17 because the action involves alleged injuries due to exposure to asbestos. The Clerk of the Panel may

18 either (1) enter a conditional transfer pursuant to MDL Rule 7.4(a) or (2) file an order to show cause

19 why this action should not be transferred pursuant to MDL Rule 7.5(b).

20 DATED: February 21 2008           YARON & ASSOCIATES

21

22                 By: _____

22                         GEORGE D. YARON

23                         KEITH E. PATTERSON
                        Attorneys for Defendant

24                         TODD SHIPYARDS CORPORATION

25

26

27

28

1

## **PROOF OF SERVICE**

2         I am over 18 years of age and not a party to the within action.  I am employed in the

3  County of San Francisco; my business address is **Yaron & Associates, 601 California Street,**

4  **21ˢᵗ Fl., San Francisco, California 94108-2826.**

5

6         On **February 22, 2008,** I served the following:

        **DEFENDANT TODD SHIPYARDS CORPORATION'S NOTICE OF TAG-**

7          **ALONG ACTION**

8  on all parties in this action, by causing a true copy thereof to be distributed as follows:

9  (x)    **VIA ELECTRONIC SERVICE:**    I caused such documents to be served on the
                                    interested parties to this action by submitting an

10                                      electronic version of the documents via ECF
                                    pursuant to the Courts Order.

11

12         I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct, and that this declaration was executed on **February 22, 2008,** at

14  San Francisco, California.

15

16                                  IRIS NISHIMOTO

17

18

19

20

21

22

23

24

25

26

27

28