1  Stephen K. Brunk, Esq. (Bar No. 53238)
   LAW OFFICES OF STEPHEN K. BRUNK
2  6098 La Jolla Mesa
   La Jolla, California 92037
3  Telephone: (619) 234-3300
   Fax: (619) 234-3331
4

5  Attorney for defendant Bell Helicopter Textron Inc.

6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  JOHN L. DAVIS, WILLIAM LARSEN,         )  CASE NO. CV 08-0228 JSW
    JAMES PIERCE, SR., ROBERT SCHOELZEL,   )
12  NORRIS WALLACE, JAMES WATSON, ROBERT   )  NOTICE OF MOTION AND MOTION BY
    KACSUTA, and RICHARD EDDY,             )  DEFENDANT BELL HELICOPTER TEXTRON
13                                         )  INC. FOR DISMISSAL OF COMPLAINT FOR
                   Plaintiffs,             )  FAILURE TO JOIN NECESSARY PARTIES
14                                         )  [FRCP 12(b)(7); FRCP 19(a)]; OR,
                                           )  ALTERNATIVELY, FOR ORDER REQUIRING
15  vs.                                    )  JOINDER OF NECESSARY PARTIES [FRCP
                                           )  19(a)(2)]; OR, ALTERNATIVELY, FOR
16  GENERAL ELECTRIC COMPANY,              )  DISMISSAL OF COMPLAINT FOR FAILURE
    VIAD CORP., TODD SHIPYARDS,            )  TO JOIN INDISPENSABLE PARTIES [FRCP
17  GENERAL DYNAMICS CORPORATION, and      )  12(b)(7) and FRCP 19(b)]
    BELL HELICOPTER TEXTRON, INC.          )
18                                         )  Date:  April 11, 2008
                   Defendants.             )  Time:  9 a.m.
19                                         )  Court: Courtroom 2, 17th Floor
    _____    )  Hon:   Jeffrey S. White
20

21      **TO ALL PARTIES AND THEIR COUNSEL:**

22          **PLEASE TAKE NOTICE** that on April 11, 2008, at 9 a.m., or as soon thereafter as the

23  matter may be heard, in Courtroom 2 of the above-entitled court, located at 450 Golden Gate

24  Avenue, San Francisco, California, defendant Bell Helicopter Textron Inc. ("Bell") will, and

25  hereby does, move for the following relief:

26          1)      Dismissal of the complaint as to Bell due to plaintiff William Larsen's failure

27  to join necessary parties [FRCP 12(b)(7); FRCP 19(a) and (b)]; or, alternatively,

28  /  /  /

2)    An order requiring plaintiffs, specifically plaintiff William Larsen, to join certain necessary parties [FRCP 19(a)(2)]; or, alternatively,

3)    Dismissal of the complaint as to Bell due to plaintiff William Larsen's failure to join indispensable parties [FRCP 12(b)(7) and FRCP 19(b)].

Said motion will be, and is, made pursuant to FRCP 12(b)(7); FRCP 19(a) and FRCP 19(b) on the grounds that plaintiffs, specifically plaintiff William Larsen, has improperly failed to join defendants that are both necessary and indispensable.

The motion will be, and is, based upon the accompanying memorandum of points and authorities; the declaration of Floyd Hathcoat in support of the motion; the Request for Judicial Notice in support of the motion; and the declaration of Stephen K. Brunk in support of the Request for Judicial Notice.

Dated: 2|21|08

Stephen K. Brunk, attorney for defendant
Bell Helicopter Textron Inc.

1   Stephen K. Brunk, Esq. (Bar No. 53238)
    LAW OFFICES OF STEPHEN K. BRUNK
2   6098 La Jolla Mesa
    La Jolla, California 92037
3   Telephone: (619) 234-3300
    Fax: (619) 234-3331
4

5   Attorney for defendant Bell Helicopter Textron Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  JOHN L. DAVIS, WILLIAM LARSEN,          )  CASE NO. CV 08-0228 JSW
    JAMES PIERCE, SR., ROBERT SCHOELZEL,    )
12  NORRIS WALLACE, JAMES WATSON, ROBERT    )  POINTS AND AUTHORITIES IN SUPPORT
    KACSUTA, and RICHARD EDDY,              )  OF MOTION BY DEFENDANT BELL
13                                          )  HELICOPTER TEXTRON INC. FOR
                    Plaintiffs,             )  DISMISSAL OF COMPLAINT FOR FAILURE
14                                          )  TO JOIN NECESSARY PARTIES [FRCP
                                            )  12(b)(7); FRCP 19(a)]; OR,
15  vs.                                     )  ALTERNATIVELY, FOR ORDER REQUIRING
                                            )  JOINDER OF NECESSARY PARTIES [FRCP
16  GENERAL ELECTRIC COMPANY,               )  19(a)(2)]; OR, ALTERNATIVELY, FOR
    VIAD CORP., TODD SHIPYARDS,             )  DISMISSAL OF COMPLAINT FOR FAILURE
17  GENERAL DYNAMICS CORPORATION, and       )  TO JOIN INDISPENSABLE PARTIES [FRCP
    BELL HELICOPTER TEXTRON, INC.           )  12(b)(7) and FRCP 19(b)]
18                                          )
                    Defendants.             )  Date:   April 11, 2008
19                                          )  Time:   9 a.m.
    _____)  Court:  Courtroom 2, 17th Floor
20                                             Hon:    Jeffrey S. White

21

22          Defendant Bell Helicopter Textron Inc. herby submits the following arguments,

23  points, and authorities in support of this motion:

24  /   /   /

25  /   /   /

26  /   /   /

27  /   /   /

28  /   /   /

# TABLE OF CONTENTS

STATEMENT OF CASE(S) ............................................................................................. 2

SUMMARY OF ARGUMENTS ...................................................................................... 3

FEDERAL JURISDICTION .......................................................................................... 4

ARGUMENTS ............................................................................................................... 5

    I.     THIS LAWSUIT AND THE STATE COURT LAWSUIT CREATE
          AN IMPERMISSIBLE SPLIT OF PARTIES THAT HAVE POTENTIAL
          SEVERAL LIABILITY TO PLAINTIFF ................................................................ 5

    II.    THE ABSENT DEFENDANTS ARE NECESSARY PARTIES
          UNDER FRCP 19(a) ....................................................................................... 6

          a)     Several liability creates an exception to the general rule
                    that joint tortfeasors are not necessary parties: ...................................... 8

          b)     Plaintiff's failure to explain the non-joinder of the clearly
                    necessary parties raises an inference that joinder here is
                    not feasible, thereby prompting an analysis of their
                    indispensability .................................................................................... 9

    III.   THE ABSENT STATE COURT DEFENDANTS ARE
          INDISPENSABLE PARTIES UNDER FRCP 19(b), THUS
          COMPELLING A DISMISSAL OF THIS ACTION ........................................... 10

CONCLUSION ........................................................................................................... 11

1

2

## **TABLE OF AUTHORITIES**

3

## CASES

4

5
Bedel v. Thompson,
103 F.R.D. 78, 82-81 (D. Ohio 1984) ............................................................... 9

6

7
Boyle v. United Technologies, Inc.,
487 U.S. 500 (1988) ................................................................................. 4, 11

8
Budge v. Post,
643 F.2d 372, 375 (5th Cir.-OLD 1981) ........................................................ 8

9

10
Burns v. Yanos,
232 F.2d 929 (3d Cir. 1956) .......................................................................... 8

11
Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.,
64 F.2d 1310, 1315 (9th Cir. 1981) ................................................................ 5

12
Harduvel v. General Dynamics Corp..,
878 F.2d 1311 (11th Cir. 1989) ...................................................................... 4

13

14
Jett v. Phillips & Associates,
439 F.2d 987, 990 (10th Cir. 1971) ................................................................ 9

15
Jones v. Three Rivers Elec. Co-op,
166 F.R.D. 413, 414 (E.D. Mo. 1996) ............................................................ 5

16

17
Kerstetter v. Pacific Scientific Co.,
210 F.3d 431 (5th Cir. 2000) .......................................................................... 4

18
L.C.L. Theatres, Inc. v. Columbia Pictures Industries, Inc.,
619 F.2d 455, 456 (5th Cir. 1980) .................................................................. 8

19

20
Lopez v. Three Rivers Elec. Co-op,
166 F.R.D. 411, 412 (E.D. Mo. 1996) ............................................................ 5

21
Magnin v. Teledyne Continental Motors,
91 F.3d 1424 (11th Cir. 1996) ........................................................................ 5

22

23
Pit River Home and Agric. Co-op Ass'n. v. United States,
30 F.3d 1088, 1098 (9th Cir. 1994) ................................................................ 10

24
Ramey v. Martin Baker Aircraft Co.,
874 F.2d 946 (4th Cir. 1989) .......................................................................... 4

25

26
Smith v. United Brotherhood Carpenters,
685 F.2d 164 (6th Cir. 1982) .......................................................................... 7

27
Tate v. Boeing Helicopters,
55 F.3d 1150 (6th Cir. 1995) .......................................................................... 4

28

1
2

## TABLE OF AUTHORITIES
## (CONTINUED)

3

### CASES (CONT.)

4

*Tate v. Boeing Helicopters,*
140 F.3d 654 (6th Cir. 1998) ...................................................... 4

5

*Temple v. Synthes Corp.,*
498 U.S. 5, 7 (U.S. 1990) ............................................................ 8

6

7

*White Hall Bldg. Corp. v. Profexray Division of Litton Indus., Inc.,*
387 F. Supp. 1202, 1206 (ED PA 1974) ...................................... 7

8

*Winters v. Diamond Shamrock Chemical Co.,*
149 F.3d 387 (5th Cir. 1998), *cert. denied,* 526 U.S. 1034 (1999) ..................... 5

9

10

11

### STATUTES

12

California Code of Civil Procedure § 1431.2(a) ...................................................... 3, 5

13

FRCP 12(b)(7) .............................................................................................................. 2

14

FRCP 19(a) ........................................................................................................ 2, 3, 6, 10

15

FRCP 19(b) ........................................................................................................ 2, 3, 6, 10

16

FRCP 19(c) .......................................................................................................... 9, 10

17

28 USC § 1442 (a)(1) ................................................................................... 4, 5, 7, 11

18

25 USC § 1332 ....................................................................................................... 4

19
20
21
22
23
24
25
26
27
28

1    This is a motion seeking dismissal of the complaint because of plaintiffs', and

2    specifically plaintiff William Larsen's, failure to join necessary parties [FRCP 12(b)(7); FRCP

3    19(a)]; or, alternatively, for an order requiring the joinder of necessary parties [FRCP

4    19(a)(2)]; or, alternatively, seeking dismissal of the complaint for plaintiffs', and specifically

5    plaintiff William Larsen's, failure to join indispensable parties [FRCP 12(b)(7) and FRCP

6    19(b)].

7                          **STATEMENT OF CASE(S)**

8            This case involves a complaint by eight plaintiffs, who claim that they have asbestos-

9    related diseases, against five defendants, which are alleged to have produced products that

10   accounted for the asbestos exposure of the plaintiffs. The moving party here is defendant Bell

11   Helicopter Textron Inc. ("Bell"), one of the five named defendants in this action. Only plaintiff

12   Mr. Larsen complains that Bell was a source of his asbestos exposure (Complaint, p. 3, ll. 22 -

13   p. 4, l. 10; Exhibit A to complaint, pp. 49-50).

14           Mr. Larsen, however, is also a plaintiff in a lawsuit filed in the San Francisco Superior

15   Court, entitled <u>William Larsen and Carol Larsen v. Asbestos Defendants (B-P)</u>, in which Mr.

16   Larsen names over 37 other defendants, allegedly for being responsible for the <u>same</u> injury.

17   See, Exhibit A to the concurrently filed request for Judicial Notice (the "State Court action").[1]

18   Plaintiff Larsen is represented by the same law firm, Brayton, Purcell, in both lawsuits.

19           In the State Court action, plaintiff Larsen contends that he was exposed to asbestos

20   for some 21 years while serving in the United States Navy (between 1960 and 1981). In this

21   action, plaintiff also contends that he was exposed to asbestos while in the Navy and that his

22   asbestos exposure continued in the civilian sector between 1982 and 1994, so he claims a

23   total of 44 years of asbestos exposure.

24

25   [1] Although plaintiff Larsen named only five defendants here, the complaint in this action
26   has attached to it Exhibit A, which, on pages, 49-50, lists six additional sources of his
     asbestos exposure as being United Technologies, General Electric, Kaman Industrial
27   Technologies Corporation, the Boeing Company, the Jarden Corporation, and Honeywell
     International, including their 66 "alternate entities," <u>all</u> of which, including their
28   numerous alternate entities, are named in the State Court action as defendants who
     allegedly contributed to his asbestos related disease.

1    The measure of damages in this case is controlled by California Civil Code §

2    1431.2(a) which mandates the imposition of only several damages for non-economic losses

3    among joint tortfeasors.

4    Plaintiff further alleges in this action that his exposure to asbestos in a Bell product

5    occurred when he worked on Navy military model HUL and HTL helicopters containing

6    asbestos.

7                              **SUMMARY OF ARGUMENTS**

8    Plaintiff Mr. Larsen has filed two separate lawsuits, containing mostly different

9    defendants, for his damages due to the totality of his asbestos exposure.[2] The measure of

10   damages in this case is set forth in California state law, which, under California Civil Code §

11   1431.2(a), mandates a finding of only several liability among joint tortfeasors for non-economic

12   damages. Consequently, as presently postured, neither this Court nor the State Court in the

13   State action can afford complete relief to plaintiff Mr. Larsen for his non-economic damages

14   since many defendants allegedly responsible for a several share of his damages are missing in

15   each action. The State Court defendants are, then, necessary parties to this action, so Mr.

16   Larsen's complaint should be dismissed for his failure to join them here [FRCP 19(a)] or their

17   joinder in this action should be ordered by this Court pursuant to FRCP 19(a)(2). Beyond just

18   being necessary parties, however, those State Court defendants are indispensable parties to

19   this action, and their absence therefore also requires that this action be dismissed against the

20   moving defendant, since a judgment rendered in this action in the absence of the State Court

21   defendants would not be adequate (since it would not be complete relief)[FRCP 19 (b)(3)]; the

22   absent parties' abilities to defend their several liability assessments in this action has been

23   eliminated to their prejudice [FRCP 19(b)(1)]; and the moving party is prejudiced by the

24

25   [2] Counsel for plaintiff Mr. Larsen in both this action and the State Court action is the law
     firm of Brayton Purcell, and that firm consistently takes the position in asbestos litigation
26   that "every fiber counts." See, for instance, its argument in the case of Moore v.
     American Honda Motor Co., Superior Court of the State of Washington, King County
27   case no. 03-2-33651-3SEA ("...with asbestos injury, each product contributes to the
     totality of a plaintiff's exposure, and the total lifetime dose of asbestos causes the
28   injury.") See, Exhibit 2 to the concurrently filed Request for Judicial Notice, p. 5, ll. 25-
     27.

1   absence of the other parties because of its exposure to possible inconsistent findings in the

2   two actions.

3        All defendants, then, should be included in one action, and that action has to be in

4   Federal Court (eventually to be "tagged along" to MDL 875 for asbestos litigation in the

5   Eastern District of Pennsylvania) because of the right of those defendants with Government

6   contractor defenses (like Bell) to have their claims heard in federal court under Federal officer

7   removal jurisdiction, 28 USC 1442(a)(1). Absent that happening, the moving party should be

8   dismissed from this case.

9                                  **FEDERAL JURISDICTION**

10        While plaintiffs in this action, including Mr. Larsen, allege Federal diversity jurisdiction

11  under 25 USC 1332, there is in fact an additional basis for Federal jurisdiction based upon an

12  affirmative defense available to at least the Bell defendant.

13        The Bell HUL and HTL helicopters that Mr. Larsen claims were part of his historical

14  asbestos exposure were helicopters that Bell supplied to the United States Navy in response

15  to a detailed specification acquisition process which entitles Bell to assert the Government

16  contractor defense first articulated by the United States Supreme Court in <u>Boyle v. United</u>

17  <u>Technologies, Inc.</u>, 487 U.S. 500 (1988), and then the cases that have followed it, including

18  <u>Kerstetter v. Pacific Scientific Co.</u>, 210 F.3d 431 (5th Cir. 2000), <u>Tate v. Boeing Helicopters</u>,

19  140 F.3d 654 (6th Cir. 1998), <u>Tate v. Boeing Helicopters</u>, 55 F.3d 1150 (6th Cir. 1995),

20  <u>Harduvel v. General Dynamics Corp.</u>, 878 F.2d 1311 (11th Cir. 1989), and <u>Ramey v. Martin</u>

21  <u>Baker Aircraft Co.</u>, 874 F.2d 946 (4th Cir. 1989). That defense is based upon the fact that it

22  was the United States that controlled and approved the design of the military products at

23  issue. See, Declaration of Floyd Hathcoat filed in support of thi motion. Consequently, even

24  if Bell had been joined in the State Court action where diversity of the parties didn't exist, it

25  could have removed the entire action to Federal court under the Federal Officer removal

26  statute, 28 U.S.C. 1442 (a)(1), which would have provided a basis for removal jurisdiction

27  over such a state court action because at all times and for all events relevant to Bell's inclusion

28  in Mr. Larsen's claims, Bell was an entity acting under an officer of the United States under

1 │ color of such office. See, <u>Winters v. Diamond Shamrock Chemical Co.</u>, 149 F.3d 387 (5th Cir.

2 │ 1998), <u>cert. denied</u>, 526 U.S. 1034 (1999); <u>Magnin v. Teledyne Continental Motors</u>, 91 F.3d

3 │ 1424 (11th Cir. 1996); <u>Lopez v. Three Rivers Elec. Co-op</u>, 166 F.R.D. 411, 412 (E.D. Mo.

4 │ 1996); <u>Jones v. Three Rivers Elec. Co-op</u>, 166 F.R.D. 413, 414 (E.D. Mo. 1996). Furthermore,

5 │ § 1442(a) authorizes such a removal without the consent of any other defendant. See, <u>Ely</u>

6 │ <u>Valley Mines, Inc. v. Hartford Accident & Indem. Co.</u>, 64 F.2d 1310, 1315 (9th Cir.

7 │ 1981)("federal officer...can remove without other defendants joining in the petition, and the

8 │ entire case is removed to the federal court.")

9 │         Consequently, at least as far as Bell's inclusion as a defendant in Mr. Larsen's

10 │ claim(s), this entire case <u>belongs</u> in Federal Court.

11 │                                    **ARGUMENTS**

12 │                                         **I.**

13 │ **THIS LAWSUIT AND THE STATE COURT LAWSUIT CREATE AN IMPERMISSIBLE SPLIT OF**
   │ **PARTIES THAT HAVE POTENTIAL SEVERAL LIABILITY TO PLAINTIFF**

14 │

15 │         In the State Court action, 37 defendants are named; in this action, five are named;

16 │ all are named for the same injury.[3] And the reason that that is important is very simple: the

17 │ very lawyers that represent plaintiff Mr. Larsen in both this case and the State Court action

18 │ have in other asbestos cases taken the position that asbestos-related disease is the result of

19 │ their clients' exposure to <u>all</u> historical sources of their exposure (the "every fiber counts"

20 │ theory), which explains scores of defendants being included in each case. Consequently, there

21 │ has to be a <u>single</u> action that includes as defendants all of those parties who allegedly

22 │ contributed to plaintiff's lifetime exposure to asbestos and his indivisible injuries.

23 │         California law mandates a several liability finding for non-economic damages.

24 │ California Civil Code § 1431.2(a)("In any action for personal injury, property damage, or

25 │ wrongful death, based upon principles of comparative fault, the liability of each defendant for

26 │ non-economic damages shall be several *only* and shall not be joint. Each defendant shall be

27 │ liable *only* for the amount of non-economic damages allocated to that defendant in direct

28 │

─────────────────────────────
[3] Strangely, General Electric is a defendant in both the State Court action and this lawsuit.

1  proportion to that defendant's percentage of fault, and a separate judgment shall be rendered

2  against that defendant for that amount." [emphasis added]) In order to do that, the triers of

3  fact in the both the State Court case and this case will have to consider the conduct of all 42

4  defendants (the total in both cases) and make apportionments of liability based on their

5  findings. It would be implausible even beyond conjecture to expect two triers of fact to come

6  up with the same several apportionments of damages for all 42 defendants in both cases, so

7  the risk of inconsistent results is so manifest as to literally be inevitable.

8                                                    II.

9          **THE ABSENT DEFENDANTS ARE NECESSARY PARTIES UNDER FRCP 19(a)**

10         A two part analysis is required for this motion: 1) are the absent State Court

11 defendants necessary parties to this action [FRCP 19(a); and, 2) if so, are they so

12 indispensable to this action that it should be dismissed in their absence [FRCP 19(b)]?

13         Under FRCP 19(a), a necessary party (a "required party") is a person who is subject

14 to service of process and whose joinder will not deprive the court of subject-matter jurisdiction.

15 And that party <u>must</u> be joined if:

16                  (A) in that person's absence, *the court cannot accord complete relief among*

17                  *existing parties*; or

18                  (B) that person claims an interest relating to the subject of the action and is

19                  so situated that disposing of the action in the person's absence may:

20                          (i) as a practical matter impair or impede the person's ability to protect

21                          the interest; or

22                          (ii) leave an existing party subject to a substantial risk of incurring

23                          double, multiple, or otherwise inconsistent obligations because of the

24                          interest.

25 FRCP 19(a)(1)(italics added)

26         <u>All</u> of those criteria are met here:

27         1)      One can envision no difficulty serving the 37 State Court defendants in this

28 action, since they were all presumably served in State Court, and even if one of those 37

1  defendants would adversely effect diversity jurisdiction in this court, it wouldn't deprive this

2  court of subject matter jurisdiction here, because at least Bell (and presumably some of the

3  other five defendants in this Federal action) have government contractor defenses, which

4  entitles such a defendant to remove the state court action to Federal Court under Federal

5  officer removal jurisdiction, 28 USC 1442(a)(1).

6        2)    The 37 defendants in the State Court action are necessary parties to this

7  action, since, because of the several liability provision of California's law on personal injury

8  damages, this Court cannot afford complete relief among just the existing five defendants in

9  this case.

10       3)    All of the 37 defendants in the State Court action have an interest related to

11 the subject matter of this action, since they have been joined in the State Court action for

12 plaintiff's same injuries. Furthermore, as a practical matter, the ability of those 37 absent

13 defendants to protect their interests in this action (the assessment of their liability and their

14 several liability shares of the non-economic damages) would certainly be impaired. Likewise,

15 because one would assume that the trier of fact in the State Court action would also have to

16 assess several liability shares to all defendants who allegedly contributed to plaintiff Mr.

17 Larsen's injuries and damages, there is a distinct possibility that Bell (as well as the other

18 defendants in this action) could be subjected to inconsistent obligations if its several liability

19 share assessed in this action is different than that assessed in the State lawsuit. And how,

20 then, would the doctrine of collateral estoppel apply from one action to the other?

21       The primary purpose of Rule 19(a) is to assure that any judgment rendered will

22 provide complete relief to the existing parties and prevent repeated lawsuits on the same

23 subject matter. Smith v. United Brotherhood of Carpenters, 685 F.2d 164 (6th Cir. 1982);

24 White Hall Bldg. Corp. v. Profexray Division of Litton Indus., Inc., 387 F. Supp. 1202, 1206

25 (ED PA 1974).

26 /   /   /

27 /   /   /

28 /   /   /

**a) Several liability creates an exception to the general rule that joint tortfeasors are not necessary parties:**

While there are admittedly many reported decisions that hold that a joint tortfeasor is not an indispensable party if omitted as a defendant, that has always been where there is joint and several liability among joint tortfeasors. The issue here is different, principally because of California's doctrine of <u>several liability</u> for non-economic damages.[4] And Federal case precedent supports that distinction:

In fact, the United States Supreme Court has already stated that distinction:

> It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. See <u>Lawlor v. National Screen Service Corp.</u>, 349 U.S. 322, 329-330, 99 L. Ed. 1122, 75 S. Ct. 865 (1955); <u>Bigelow v. Old Dominion Copper Mining & Smelting Co.</u>, 225 U.S. 111, 132, 56 L. Ed. 1009, 32 S. Ct. 641 (1912). See also <u>Nottingham v. General American Communications Corp.</u>, 811 F.2d 873, 880 (CA5) (per curiam), cert. denied, 484 U.S. 854, 98 L. Ed. 2d 113, 108 S. Ct. 158 (1987). Nothing in the 1966 revision of Rule 19 changed that principle. See Provident Bank, supra, at 116-117, n.12. The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the *usual 'joint-and-several' liability* is merely a permissive party to an action against another with like liability." 28 U. S. C. App., p. 595. ***There is nothing in Louisiana tort law to the contrary.*** See <u>Mullin v. Skains</u>, 252 La. 1009, 1014, 215 So. 2d 643, 645 (1968); La. Civ. Code Ann., Arts. 1794, 1795 (West 1987).

<u>Temple v. Synthes Corp.</u>, 498 U.S. 5, 7 (U.S. 1990)(italics and bold added)

There <u>is</u> a distinction in California, and that distinction is California's statute for only several liability for non-economic damages. California Civil Code § 1431.2(a)

See also the following:

> As indicated, the court's power to dismiss parties is circumscribed insofar as under Rule 19(b) the court cannot proceed without an indispensable party. But it is clear that the unincorporated association was not an indispensable party to the action on the note. The association was a co-maker of the note, and thereby *was jointly and severally liable on the instrument* along with the other co-makers, Phillips, Alexander and Roth. By the very nature of this joint and several liability, it was not necessary for Jett, as the obligee, to proceed against each and every joint obligor on the note. Conversely, each obligor was

---

[4] While it perhaps goes without saying, the proposition that a state's substantive law of damages applies in Federal personal injury actions like this one probably shouldn't go without citation. <u>Budge v. Post</u>, 643 F.2d 372, 375 (5th Cir.-OLD 1981); <u>L.C.L. Theatres, Inc. v. Columbia Pictures Industries, Inc.</u>, 619 F.2d 455, 456 (5th Cir. 1980); <u>Burns v. Yanos</u>, 232 F.2d 929 (3d Cir. 1956).

1  |  not indispensable to an action on the note. (footnote omitted) Hence the unincorporated association was not such a party under Rule 19(b) without which the court could not have proceeded.

2  |

3  |  Jett v. Phillips & Associates, 439 F.2d 987, 990 (10th Cir. 1971)(italics added)

4  |  ..., in a case such as this, the "complete relief" requirement concerns the ability of the already included defendants *to fully satisfy any judgment* awarded to plaintiff. HN415 U.S.C. § 77k(a), (f), under which this action is brought, *provides for joint and several liability. Because there is [joint and] several liability any monetary relief found due plaintiffs can be completely satisfied without the presence of any other defendant.* Thus, D. H. Baldwin is not necessary for "complete relief," as contemplated by Rule 19.

5  |

6  |

7  |

8  |  The Advisory Committee Notes clearly state that HN5"*a tortfeasor with the usual joint-and-several liability* is merely a permissive party to an action against another with like liability." Fed.R.Civ.P. Rule 19(a) Advisory Committee Notes. Particularly on point is the Sixth Circuit decision in Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir.1983). In that asbestos case several defendants claimed that Johns-Manville, a debtor in bankruptcy and against whom the action was stayed, was an indispensable party under Rule 19. Noting the above quoted Advisory Committee Note, the Court stated " it is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum." Id. at 1198. Therefore, *in light of the joint and several liability* under § 77k, *it follows that complete relief can in fact be granted* without the presence of D.H. Baldwin Co.

9  |

10  |

11  |

12  |

13  |

14  |

15  |                                    *    *    *

16  |  That the inquiry in these situations is directed to inconsistent obligations and not inconsistent results is due to the nature of joint and several liability. HN6*A plaintiff is under no requirement to join all parties who might be **jointly and severally liable**.* See Delano v. Ives, 40 F. Supp. 672 (E.D.Pa.1941); Satink v. Holland Township, 31 F. Supp. 229 (D.N.J.1940). Thus, anytime a plaintiff does not join all possible defendants alleged to be jointly and severally liable, those parties who are joined suffer the risk of an inconsistent judgment result in a subsequent action for contribution or indemnification. Such is the nature of joint and several liability and such is the case here. Hence, "to dismiss the action on the ground that [D. H. Baldwin] is indispensable would . . . . deny a principal aspect of several liability." Field v. Volkswagenwerk Co., 626 F.2d 293, 301 (3d Cir.1980), quoting 3A Moore's Federal Practice and Procedure, 19.071[2-2] at 149 n. 45.

17  |

18  |

19  |

20  |

21  |

22  |

23  |  Bedel v. Thompson, 103 F.R.D. 78, 82-81 (D. Ohio 1984)(italics and bold added)

24  |  **b) Plaintiff's failure to explain the non-joinder of the clearly necessary parties raises an inference that joinder here is not feasible, thereby prompting an analysis of their indispensability.**

25  |

26  |  FRCP 19(c) which requires a claim for relief to identify the names of those required

27  |  to be joined if feasible but not joined and the reasons for not joining them. The State Court

28  |  defendants are clearly necessary parties to this action, and the failure of plaintiff Larsen (or,

1  for that matter, any of the plaintiffs in this action) to plead the reason for their absence under

2  FRCP 19(c) certainly creates an inference that the State Court defendants cannot be joined

3  here, which then moves this analysis to a consideration of indispensability under FRCP 19(b).

4  <center>III.</center>

5  <center>**THE ABSENT STATE COURT DEFENDANTS ARE INDISPENSABLE PARTIES UNDER FRCP 19(b), THUS COMPELLING A DISMISSAL OF THIS ACTION**</center>

6

7  FRCP 19(b) provides:

8  > If a person who is required to be joined if feasible cannot be joined, the court

9  > must determine whether, in equity and good conscience, the action should

10 > proceed among the existing parties or should be dismissed. The factors for the

11 > court to consider include:

12 > > (1) the extent to which a judgment rendered in the person's absence

13 > > might prejudice that person or the existing parties;

14 > > (2) the extent to which any prejudice could be lessened or avoided by:

15 > > > (A) protective provisions in the judgment;

16 > > > (B) shaping the relief; or

17 > > > (C) other measures;

18 > > (3) whether a judgment rendered in the person's absence would be

19 > > adequate; and

20 > > (4) whether the plaintiff would have an adequate remedy if the action

21 > > were dismissed for nonjoinder.

22 The FRCP 19(b) analysis determines indispensability. <u>Pit River Home and Agric. Co-op</u>

23 <u>Ass'n. v. United States</u>, 30 F3d 1088, 1098. (9th Cir. 1994).

24 The answer to the 19(b) analysis is just as clear as that of 19(a), since the same

25 reasoning applies.

26 The prejudice of having 37 of the 42 defendants allegedly responsible for Mr. Larsen's

27 lifetime asbestos exposure absent from this case in manifestly undeniable, both for the instant

28 defendants and the absent parties: several liability is the rule for plaintiff's non-economic

1   damages. An apportionment of the culpability and several liability shares will have to be made

2   in this action for each of the 37 absent parties who allegedly contributed to the totality of

3   plaintiff's injury. None of those absent parties will be represented in this case to contest either

4   their liability or their several share of the damages. And it would hardly be surprising that the

5   same apportionment in the State Court action would result in different shares for at least some

6   if not all of the 37 defendants. The five instant defendants, on the other hand, will have to

7   present proof as to the liability and several responsibility concerning 37 parties totally absent

8   from this case.

9       In addition, for the reasons stated in the discussion in Section II, above, this Court

10   cannot afford complete relief to Mr. Larsen in view of the several liability nature of his non-

11   economic damages without the presence of the State Court defendants in this case.

12       This is no way to run the proverbial railroad.

13       Furthermore, it's difficult to comprehend how that prejudice could be lessened or

14   avoided, short of ordering the joinder of those defendants in this action.

15       Finally, plaintiff is not being deprived of a forum at all by this proposed alternative

16   order: either the Court can order all of the State court defendants joined here, where plaintiff

17   would have a forum, or if Bell is dismissed here (more probably if this entire federal action is

18   dismissed), plaintiff still has his state court forum with the 37 of the 42 indispensable

19   defendants that he named there.

20                       **CONCLUSION**

21       Of the 42 entities that plaintiff Larsen claims are responsible for his lifetime exposure

22   to asbestos, only five are joined in this action, while the other 37 are named in a companion

23   State Court action. Bell, as a defendant entitled to assert the <u>Boyle</u> government contractor

24   defense affirmatively, is entitled to be in Federal Court, since it could have removed any State

25   Court lawsuit in which it was named as a defendant by Mr. Larsen under Federal Officer

26   removal jurisdiction, 28 USC 1442.

27       Given California's law of personal injury damages that provides for only several

28   liability for non-economic damages, liability apportionments will have to be made among <u>all</u> 42

1  defendants in <u>each</u> of the <u>two</u> actions. No complete relief can be accorded in this action

2  without the other 37 State Court defendants being joined in this action. Clearly, then, those

3  absent 37 State Court defendants are necessary parties in this action. They are also, however,

4  indispensable parties since a several liability judgment rendered in their absence would be

5  inadequate and both the absent parties and this defendant are prejudiced by their absence from

6  this case, and that justifies a dismissal of Bell from this lawsuit.

7

8  Dated: 2/21/08

   Stephen K. Brunk, attorney for defendant
9  Bell Helicopter Textron Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Stephen K. Brunk, Esq. (Bar No. 53238)
LAW OFFICES OF STEPHEN K. BRUNK
2 | 6098 La Jolla Mesa
La Jolla, California 92037
3 | Telephone: (619) 234-3300
Fax: (619) 234-3331
4 |

5 | Attorney for defendant Bell Helicopter Textron Inc.

6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11 | JOHN L. DAVIS, WILLIAM LARSEN,           ) CASE NO. CV 08-0228 JSW
JAMES PIERCE, SR., ROBERT SCHOELZEL,      )
12 | NORRIS WALLACE, JAMES WATSON, ROBERT    ) **REQUEST FOR JUDICIAL NOTICE [FRE
KACSUTA, and RICHARD EDDY,                ) 201]IN CONNECTION WITH MOTION BY
13 |                                         ) DEFENDANT BELL HELICOPTER TEXTRON
                                          ) INC. FOR DISMISSAL OF COMPLAINT FOR
14 |          Plaintiffs,                    ) FAILURE TO JOIN NECESSARY PARTIES
                                          ) [FRCP 12(b)(7); FRCP 19(a)]; OR,
15 | vs.                                     ) ALTERNATIVELY, FOR ORDER REQUIRING
                                          ) JOINDER OF NECESSARY PARTIES [FRCP
16 | GENERAL ELECTRIC COMPANY,               ) 19(a)(2)]; OR, ALTERNATIVELY, FOR
VIAD CORP., TODD SHIPYARDS,               ) DISMISSAL OF COMPLAINT FOR FAILURE
17 | GENERAL DYNAMICS CORPORATION, and       ) TO JOIN INDISPENSABLE PARTIES [FRCP
BELL HELICOPTER TEXTRON, INC.             ) 12(b)(7) and FRCP 19(b)]**
18 |                                         )
                                          ) Date:  April 11, 2008
19 |          Defendants.                    ) Time:  9 a.m.
                                          ) Court: Courtroom 2, 17th Floor
20 | _____) Hon.:  Jeffrey S. White

21 |       Defendant Bell Helicopter Textron Inc. hereby request that the Court take judicial

22 | notice, pursuant to Federal Rule of Evidence 201, of the facts contained and reflected in

23 | the following documents:

24 |       1. The Register of Actions and the Complaint in the lawsuit entitled <u>William Larsen

25 | and Carol Larsen v. Asbestos Defendants (B-P)</u> filed and currently pending in the Superior

26 | Court of California for the County of San Francisco, case no. CGC-07-274449, attached as

27 | Exhibit 1.

28 | /   /   /

1    2. Plaintiff's Response in Opposition to Defendant Cycle Barn, Inc.'s Motion for

2  Summary Judgment served by the law firm of Brayton, Purcell on counsel in the lawsuit

3  entitled <u>Patricia Moore v. American Honda Motor Co., et.al.</u>, filed in the Superior Court of

4  the State of Washington In and For the County of King as case no. 03-2-33651-3SEA,

5  attached as Exhibit 2.

6

7  Dated: _2|21|08_    _____

8                                             Stephen K. Brunk, attorney for defendant
                                              Bell Helicopter Textron Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Superior Court of California, County of San Francisco

Case Number: CGC-07-274449

Title: WILLIAM LARSEN et al VS. ASBESTOS DEFENDANTS (BP) AS REFLECTED ON EXHIBITS et al

Cause of Action: ASBESTOS

Generated: Feb-12-2008 10:37 am PST

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

## Register of Actions

Date Range: First Date Nov-30-2007    Last Date Feb-12-2008    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence ▼    ALL FILING TYPES ▼    Submit

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| FEB-05-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 18449484) FILED BY DEFENDANT THOMAS DEE ENGINEERING COMPANY | View | 335.00 |
| JAN-31-2008 | DISMISSAL WITHOUT PREJUDICE OF COMPLAINT FROM THE 3RD CAUSE OF ACTION (FALSE REPRESENTATIVE) AND PUNITIVE DAMAGES (TRANSACTION ID # 18375506) AS TO DEFENDANT FOSTER WHEELER LLC | View | |
| JAN-24-2008 | OBJECTION TO COURT COMMISSIONER ACTING AS JUDGE PRO TEMPORE AT TRIAL (TRANSACTION ID # 18258213) FILED BY DEFENDANT FOSTER WHEELER LLC | View | |
| JAN-24-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 18258213) FILED BY DEFENDANT FOSTER WHEELER LLC | View | 335.00 |
| JAN-16-2008 | OBJECTION TO STIPULATION OF HEARING BY COMMISSIONER HEWLETT (TRANSACTION ID # 18097621) FILED BY DEFENDANT JARDEN CORPORATION | View | |
| JAN-16-2008 | OBJECTION TO HEARING BY COMMISSIONER/PRO TEM ACTING AS JUDGE (TRANSACTION ID # 18097621) FILED BY DEFENDANT JARDEN CORPORATION | View | |
| JAN-16-2008 | DEMAND FOR JURY (TRANSACTION ID # 18097621) FILED BY DEFENDANT JARDEN CORPORATION | View | |
| JAN-16-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 18097621) FILED BY DEFENDANT JARDEN CORPORATION | View | 335.00 |
| JAN-16-2008 | OBJECTION TO STIPULATION OF HEARING BY COMMISSIONER HEWLETT (TRANSACTION ID # 18093705) FILED BY DEFENDANT CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION | View | |
| JAN-16-2008 | OBJECTION TO HEARING BY COMMISSIONER/PRO TEM ACTING AS JUDGE (TRANSACTION ID # 18093705) FILED BY DEFENDANT CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION | View | |
| JAN-16-2008 | DEMAND FOR JURY (TRANSACTION ID # 18093705) FILED BY DEFENDANT CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION | View | |
| JAN-16-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 18093705) FILED BY DEFENDANT CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION | View | 335.00 |
| JAN-11-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 18015873) FILED BY DEFENDANT HONEYWELL INTERNATIONAL INC., F/K/A ALLIEDSIGNAL, INC., SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION | View | 335.00 |
| JAN-11-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17996109) FILED BY DEFENDANT UNITED TECHNOLOGIES CORPORATION | View | 335.00 |
| JAN-10-2008 | DEFENDANT THE GOODYEAR TIRE RUBBER COMPANYS DEMAND FOR JURY TRIAL (TRANSACTION ID # 17988516) FILED BY DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY | View | |

EXHIBIT_____ 1

1 of 2

| JAN-10-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17988516) FILED BY DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY | View | 335.00 |
| JAN-10-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17986695) FILED BY DEFENDANT KAMAN INDUSTRIAL TECHNOLOGIES CORPORATION | View | 335.00 |
| JAN-09-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17971888) FILED BY DEFENDANT J.T. THORPE & SON, INC. | View | 335.00 |
| JAN-09-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17964555) FILED BY DEFENDANT GOODRICH CORPORATION ROHR, INC. | View | 670.00 |
| JAN-09-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17963582) FILED BY DEFENDANT THE BOEING COMPANY | View | 335.00 |
| JAN-08-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17945394) FILED BY DEFENDANT PARKER HANNIFIN CORPORATION | View | 335.00 |
| JAN-08-2008 | DEMAND FOR JURY (TRANSACTION ID # 17945394) FILED BY DEFENDANT PARKER HANNIFIN CORPORATION | View | |
| JAN-08-2008 | OBJECTION TO ASSIGNMENT OF A COMISSIONER AT TRIAL (TRANSACTION ID # 17945394) FILED BY DEFENDANT PARKER HANNIFIN CORPORATION | View | 335.00* |
| JAN-07-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17923354) FILED BY DEFENDANT ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST | View | 335.00 |
| JAN-04-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17910768) FILED BY DEFENDANT C.H. MURPHY/CLARK-ULLMAN, INC. | View | 335.00 |
| JAN-02-2008 | DEMAND FOR JURY (TRANSACTION ID # 17867878) FILED BY DEFENDANT GENERAL ELECTRIC COMPANY | View | |
| JAN-02-2008 | ANSWER TO COMPLAINT (TRANSACTION ID # 17863045) FILED BY DEFENDANT GENERAL ELECTRIC COMPANY | View | 335.00 |
| DEC-21-2007 | ANSWER TO COMPLAINT (TRANSACTION ID # 17755947) FILED BY DEFENDANT SOCO WEST, INC. | View | 335.00 |
| NOV-30-2007 | PRELIMINARY FACT SHEET FILED BY PLAINTIFF LARSEN, WILLIAM LARSEN, CAROL | | |
| NOV-30-2007 | NOTICE TO PLAINTIFF | View | |
| NOV-30-2007 | ASBESTOS, COMPLAINT FILED BY PLAINTIFF LARSEN, WILLIAM LARSEN, CAROL AS TO DEFENDANT ASBESTOS DEFENDANTS (BP) AS REFLECTED ON EXHIBITS B, B-1, C, H, I ALL ASBESTOS DEFENDANTS DOES 1-8500 SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR DEC-18-2008 | View | 335.00 |

1-2



San Francisco Superior Courts
Information Technology Group

# Document Scanning Lead Sheet

Nov-30-2007 11:39 am

Case Number: CGC-07-274449

Filing Date: Nov-30-2007 11:34

Juke Box: 001    Image: 01955600

COMPLAINT

WILLIAM LARSEN et al VS. ASBESTOS DEFENDANTS (BP) AS REFLECTED ON EXHIBIT

001C01955600

**Instructions:**
Please place this sheet on top of the document to be scanned.

**SUMMONS**
*(CITATION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASBESTOS DEFENDANTS (B✦P)
As Reflected on Exhibits B, B-1, C, H, I; and DOES 1-8500;
**and SEE ATTACHED LIST.**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WILLIAM LARSEN and CAROL LARSEN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA  94102

CASE NUMBER:
*(Número del caso)*  **07-274449**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es)*
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✦PURCELL LLP
222 Rush Landing Road, Novato, CA 94948-6169     (415) 898-1555

DATE **NOV 3 0 2007**     **Gordon Park-Li**     Clerk, by **Deborah Steppe** , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association of partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

1-4

1

2

3    ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST
     BUCYRUS INTERNATIONAL, INC.
4    CROWN CORK & SEAL COMPANY, INC.
     THOMAS DEE ENGINEERING CO., INC.
5    FOSTER WHEELER LLC
     GARLOCK SEALING TECHNOLOGIES, LLC
6    GENERAL ELECTRIC COMPANY
     PARKER-HANNIFIN CORPORATION
7    PLANT INSULATION COMPANY
     QUINTEC INDUSTRIES, INC.
8    RAPID-AMERICAN CORPORATION
     UNIROYAL HOLDING, INC.
9    VIACOM, INC.
     WESTERN MacARTHUR COMPANY
10   MacARTHUR COMPANY
     WESTERN ASBESTOS COMPANY
11   HONEYWELL INTERNATIONAL, INC.
     SOCO WEST, INC.
12   INGERSOLL-RAND COMPANY
     C.H. MURPHY/CLARK-ULLMAN, INC.
13   TEMPORARY PLANT CLEANERS, INC.
     THE BOEING COMPANY
14   KAMAN INDUSTRIAL TECHNOLOGIES CORPORATION
     UNITED TECHNOLOGIES CORPORATION
15   FRANKLIN ENGINES
     JARDEN CORPORATION
16   ROHR, INC.
     GOODRICH CORPORATION
17   THE GOODYEAR TIRE & RUBBER COMPANY
     HOPEMAN BROTHERS, INC.
18   J.T. THORPE & SON, INC.
     METROPOLITAN LIFE INSURANCE COMPANY
19   OWENS-ILLINOIS, INC.
     GATKE CORPORATION
20   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
     UNDERWRITERS LABORATORIES, INC.
21   PNEUMO ABEX LLC
     and DOES 1-8500,
22

23       Defendants.

24

25

26

27   William Larsen and Carol Larsen v. Asbestos Defendants (B✠P)
     San Francisco Superior Court
28

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1-5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, state bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| DAVID R. DONADIO, ESQ., STATE BAR NO. 154436<br>BRAYTON✦PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>TELEPHONE NO.: (415) 898-1555    FAX NO.: (415) 898-1247<br>ATTORNEY FOR (NAME): Plaintiff(s) | **FILED**<br>San Francisco County Superior Court<br><br>NOV 3 0 2007<br><br>GORDON PARK-LI, Clerk<br>BY: *Richard Steppe*<br>DEBORAH STEPPE, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:   400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
WILLIAM LARSEN and CAROL LARSEN vs. ASBESTOS DEFENDANTS (B✦P)

| CIVIL CASE COVER SHEET<br>☒ Unlimited     ☐ Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>CGC-07-274449<br>JUDGE:<br>DEPT.: |
|---|---|---|

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 1800–1812) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☒ Asbestos (04) | **Real Property** | ☐ Securities litigation (28) |
| ☐ Product Liability (24) | ☐ Eminent domain/Inverse | ☐ Environmental / Toxic tort (30) |
| ☐ Medical malpractice (45) | condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (*not specified above*) (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (*not specified above*) (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ☒ is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination and related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence              f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☒ Monetary     b. ☐ Nonmonetary; declaratory or injunctive relief     c. ☒ Punitive

4. Number of causes of action (*specify*): 8

5. This case ☐ is  ☒ is not  a class action suit.

Date: 11/30/07

David R. Donadio                                    ▶ *[signature]*
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]                          **CIVIL CASE COVER SHEET**                          Cal. Rules of Court, rules 201.8, 1800-1812;
                                                                                                        Standards of Judicial Administration, § 19
                                                                                                        www.courtinfo.ca.gov

1-6

**FILED**

San Francisco County Superior Court

NOV 3 0 2007

GORDON PARK-LI, Clerk

BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

1   DAVID R. DONADIO, ESQ., S.B. #154436
2   DOUGLAS V. DUKELOW, ESQ., S.B. #225644
    BRAYTON✤PURCELL LLP
3   Attorneys at Law
    222 Rush Landing Road                    CASE MANAGEMENT CONFERENCE SET
4   P.O. Box 6169
    Novato, California  94948-6169
5   (415) 898-1555                           DEC 1 8 2008  -1¹ᵗ°PM

6   Attorneys for Plaintiffs

7                                            DEPARTMENT 206        **SUMMONS ISSUED**

8               SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF SAN FRANCISCO

10

11  WILLIAM LARSEN and                )      ASBESTOS
    CAROL LARSEN,                     )      No.
12                                    )      C G C - 07 - 2 7 4 4 4 9
            Plaintiffs,               )
13                                    )      COMPLAINT FOR PERSONAL INJURY
    v.                                )      AND LOSS OF CONSORTIUM -
14                                    )      ASBESTOS
    ASBESTOS DEFENDANTS (B✤P)         )
15  As Reflected on Exhibits B, B-1, C, H,  )
    I; and DOES 1-8500; and SEE       )
16  ATTACHED LIST.                    )
                                      )
17

18          1.    Plaintiff WILLIAM LARSEN was born September 14, 1938.

19          2.    The ©Brayton✤Purcell Master Complaint for Personal Injury [and Loss of

20  Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

21  Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

22  obtained upon request from Brayton✤Purcell, and designated portions of the Master Complaint

23  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

24  Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows:

25  ///

26  ///

27  ///

28

K:\injured\107977\cmp-pip.wpd                    1
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

*(left margin, vertical):* BRAYTON✤PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

*(left margin, vertical):* THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO AMENDED G.O. 158

1-7

1

2

3    ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST

4    BUCYRUS INTERNATIONAL, INC.
     CROWN CORK & SEAL COMPANY, INC.

5    THOMAS DEE ENGINEERING CO., INC.
     FOSTER WHEELER LLC

6    GARLOCK SEALING TECHNOLOGIES, LLC
     GENERAL ELECTRIC COMPANY

7    PARKER-HANNIFIN CORPORATION
     PLANT INSULATION COMPANY

8    QUINTEC INDUSTRIES, INC.
     RAPID-AMERICAN CORPORATION

9    UNIROYAL HOLDING, INC.
     VIACOM, INC.

10   WESTERN MacARTHUR COMPANY

11   MacARTHUR COMPANY
     WESTERN ASBESTOS COMPANY

12   HONEYWELL INTERNATIONAL, INC.
     SOCO WEST, INC.

13   INGERSOLL-RAND COMPANY
     C.H. MURPHY/CLARK-ULLMAN, INC.

14   TEMPORARY PLANT CLEANERS, INC.
     THE BOEING COMPANY

15   KAMAN INDUSTRIAL TECHNOLOGIES CORPORATION
     UNITED TECHNOLOGIES CORPORATION

16   FRANKLIN ENGINES
     JARDEN CORPORATION

17   ROHR, INC.
     GOODRICH CORPORATION

18   THE GOODYEAR TIRE & RUBBER COMPANY
     HOPEMAN BROTHERS, INC.

19   J.T. THORPE & SON, INC.
     METROPOLITAN LIFE INSURANCE COMPANY

20   OWENS-ILLINOIS, INC.
     GATKE CORPORATION

21   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.

22   UNDERWRITERS LABORATORIES, INC.
     PNEUMO ABEX LLC

23   and DOES 1-8500,

24       Defendants.

25

26

27   William Larsen and Carol Larsen v. Asbestos Defendants (B✣P)

28   San Francisco Superior Court

BRAYTON✤PURCELL, LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1-8

| Cause of Action | DEFENDANTS* ON EXHIBITS: | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
| First (Negligence) | ☒ | ☒ | | | | | ☐ | | | | | ☐ | ☐ |
| Second (Strict Liability) | ☒ | ☒ | ☒ | | | | ☐ | | | | | | |
| Third (False Representation) | | ☒ | ☒ | | | | | | | | | | |
| Fourth (Loss of Consortium) | | | | | | | | | | | | | |
| Fifth (Premises Owner/ Contractor Liability) | | | | ☐ | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | ☒ | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | ☐ | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1-9

1    3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

2  history of exposure to asbestos are as stated on Exhibit A.

3    4.    Plaintiffs were married on November 18, 1967.

4    5.    Plaintiff's claims against defendant VIACOM, INC. (successor by merger to

5  CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC

6  CORPORATION) exclude military and federal government jobsites.

7  Dated: ⊔⎰⎺⎱⎺⊔                    BRAYTON✣PURCELL LLP

8

9                                    By: _____

10                                   David R. Donadio
                                     Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-10

# EXHIBIT A

1

<u>EXHIBIT A</u>

2      Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

3   locations both inside and outside the State of California, including but not limited to:

4
| <u>Employer</u> | Location of<br><u>Exposure</u> | <u>Job Title</u> | Exposure<br><u>Dates</u> |
|---|---|---|---|
| U.S. Navy | Naval Air Station<br>Ream Field<br>Imperial Beach, CA | Aircraft<br>Mechanic | 06/01/60-08/31/81 |
|  | Naval Air Station<br>Key West, FL |  |  |
|  | <u>STATEN ISLAND</u><br>(AGB-5) |  |  |
|  | <u>BURTON ISLAND</u><br>(AGB-1) |  |  |
|  | <u>SACRAMENTO</u><br>(AOE-1) |  |  |
|  | <u>EPPING FOREST</u><br>(LSD-4) |  |  |
|  | <u>CONSTELLATION</u><br>(CV-64) |  |  |

17   <u>NON-OCCUPATIONAL EXPOSURE</u>

18   Plaintiff repaired GENERAL ELECTRIC (GENERAL ELECTRIC COMPANY) and
     SUNBEAM (JARDEN CORPORATION) toasters. Plaintiff removed the heating elements and
19   disturbed the asbestos insulation. Plaintiff currently contends that he was exposed to asbestos
     during these repairs.

20
     Plaintiff performed brake jobs on his own vehicles. Plaintiff used BENDIX (HONEYWELL
21   INTERNATIONAL, INC.) brakes at least once. Plaintiff currently contends that he was
     exposed to asbestos during these automotive repairs.

22

23          Plaintiff's exposure to asbestos and asbestos-containing products caused severe and

24   permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis,

25   and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer

26   and various other cancers.  Plaintiff was diagnosed with asbestosis on or about October 2007.

27   ///

28   ///                                                                          EXHIBIT A

1-12

1

## EXHIBIT A (cont'd.)

2

3        Plaintiff retired from his last place of employment at regular retirement age.  He has

4   therefore suffered no disability from his asbestos-related disease as "disability" is defined in

5   California Code of Civil Procedure § 340.2.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                             EXHIBIT A

1-13

# EXHIBIT B

1-14

1

<u>EXHIBIT B</u>

2

<u>DEFENDANTS</u>

| | |
|---|---|
| ALLIS-CHALMERS CORPORATION PRODUCT<br>  LIABILITY TRUST | HONEYWELL INTERNATIONAL, INC.<br>SOCO WEST, INC. |
| BUCYRUS INTERNATIONAL, INC. | INGERSOLL-RAND COMPANY |
| CROWN CORK & SEAL COMPANY, INC. | C.H. MURPHY/CLARK-ULLMAN, INC. |
| THOMAS DEE ENGINEERING CO., INC. | TEMPORARY PLANT CLEANERS, INC. |
| GARLOCK SEALING TECHNOLOGIES, LLC | THE BOEING COMPANY |
| GENERAL ELECTRIC COMPANY | KAMAN INDUSTRIAL TECHNOLOGIES |
| PARKER-HANNIFIN CORPORATION |   CORPORATION |
| PLANT INSULATION COMPANY | UNITED TECHNOLOGIES CORPORATION |
| QUINTEC INDUSTRIES, INC. | FRANKLIN ENGINES |
| RAPID-AMERICAN CORPORATION | JARDEN CORPORATION |
| UNIROYAL HOLDING, INC. | ROHR, INC. |
| VIACOM, INC. | GOODRICH CORPORATION |
| WESTERN MacARTHUR COMPANY | THE GOODYEAR TIRE & RUBBER COMPANY |
| MacARTHUR COMPANY | FOSTER WHEELER LLC |
| WESTERN ASBESTOS COMPANY | DOES 1-800 |

12

                                <u>ALTERNATE ENTITY</u>

| | |
|---|---|
| BUCYRUS INTERNATIONAL, INC. | BUCYRUS-ERIE<br>MARION POWER SHOVEL COMPANY, THE<br>OSGOOD COMPANY<br>GENERAL EXCAVATOR COMPANY |
| CROWN CORK & SEAL COMPANY,<br>  INC. | MUNDET CORK COMPANY |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| GARLOCK SEALING<br>  TECHNOLOGIES, LLC | GARLOCK, INC.<br>COLTEC INDUSTRIES, INC.<br>FAIRBANKS-MORSE<br>FAIRBANKS MORSE ENGINES<br>BELMONT PACKING & RUBBER CO.<br>GARLOCK PACKING CO.<br>U.S. GASKET CO.<br>GOODRICH CORPORATION<br>ENPRO INDUSTRIES, INC. |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| GOODRICH CORPORATION | B.F. GOODRICH CORPORATION<br>GARLOCK SEALING TECHNOLOGIES, LLC<br>COLTEC INDUSTRIES, INC.<br>COLT INDUSTRIES |

                                                                       EXHIBIT B

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-15

| | | |
|---|---|---|
| 1 | | EXHIBIT B (cont'd.) |
| 2 | | ALTERNATE ENTITY |
| 3 | UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| 4 | VIACOM, INC. | CBS CORPORATION |
| | | WESTINGHOUSE ELECTRIC CORPORATION |
| 5 | | WESTINGHOUSE ELECTRIC AND |
| | | MANUFACTURING COMPANY |
| 6 | | B.F. STURTEVANT |
| | | KPIX TELEVISION STATION |
| 7 | | PARAMOUNT COMMUNICATIONS, INC. |
| 8 | WESTERN MacARTHUR | WESTERN ASBESTOS CO. |
| | COMPANY | MAC ARTHUR COMPANY |
| 9 | | BAY CITIES ASBESTOS COMPANY |
| | | F.K. PINNEY, INC. |
| 10 | | |
| 11 | HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | | HONEYWELL CONTROLS |
| | | ALLIEDSIGNAL, INC. |
| 12 | | ALLIED-SIGNAL, INC. |
| | | THE BENDIX CORPORATION |
| 13 | | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| 14 | | BENDIX HOME SYSTEMS |
| | | ALLIED CORPORATION |
| 15 | | ALLIED CHEMICAL CORPORATION |
| | | GENERAL CHEMICAL CORPORATION |
| 16 | | FRAM |
| | | FRICTION MATERIALS OF LOS ANGELES |
| 17 | | NORTH AMERICAN REFRACTORIES COMPANY |
| | | EM SECTOR HOLDINGS INC. |
| 18 | | UNIVERSAL OIL PRODUCTS COMPANY |
| | | BOYLSTON CORPORATION |
| 19 | | EHRHART & ASSOCIATES, INC. |
| | | EHRHART & ARTHUR, INC. |
| 20 | | GARRETT AIR RESEARCH CORP. |
| | | STANLEY G. FLAGG & CO. |
| 21 | | MERGENTHALER LINOTYPE COMPANY |
| | | ELTRA CORPORATION |
| 22 | | BUNKER RAMO-ELTRA CORPORATION |
| | | UNION TEXAS NATURAL GAS CORPORATION |
| 23 | | UNION OIL AND GAS OF LOUISIANA |
| | | UNION SULPHUR AND OIL CORPORATION |
| 24 | | UNION SULPHUR COMPANY, INC., THE |
| | | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| 25 | | SIGNAL COMPANIES, INC., THE |
| | | HANCOCK OIL COMPANY |
| 26 | | BARRETT DIVISION, ALLIED CHEMICAL & DYE |
| | | CORPORATION |
| 27 | /// | |
| 28 | /// | |
| | | EXHIBIT B |

K:\Injured\167977\cmp-pi.cp wpd

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-16

| | |
|---|---|
| 1 | EXHIBIT B (cont'd.) |
| 2 | ALTERNATE ENTITY |
| 3 | SOCO WEST, INC.      BRENNTAG WEST, INC. |
| | SOCO-LYNCH CORPORATION |
| 4 | A.J. LYNCH & COMPANY |
| | WESTERN CHEMICAL & MANUFACTURING COMPANY |
| 5 | |
| | INGERSOLL-RAND COMPANY     INGERSOLL-DRESSER PUMP |
| 6 | DRESSER-RAND CO. |
| | PACIFIC PUMP WORKS |
| 7 | FLOWSERVE CORPORATION |
| | INGERSOLL ROCK DRILL COMPANY |
| 8 | TERRY STEAM TURBINE CO. |
| | RAND DRILL COMPANY |
| 9 | RAND & WARING DRILL AND COMPRESSOR COMPANY |
| | INGERSOLL-SERGEANT |
| 10 | SCHLAGE LOCK COMPANY |
| | VON DUPRIN |
| 11 | THE TORRINGTON COMPANY |
| | BLAW-KNOX COMPANY |
| 12 | |
| | TEMPORARY PLANT CLEANERS, INC.   PLANT MAINTENANCE, INC. OF CALIFORNIA |
| 13 | |
| | THE BOEING COMPANY     BOEING NORTH AMERICAN, INC. |
| 14 | BOECON CORPORATION |
| | McDONNELL DOUGLAS CORPORATION |
| 15 | DOUGLAS AIRCRAFT CO. |
| | COLLINS RADIO COMPANY |
| 16 | ROCKWELL INTERNATIONAL CORPORATION |
| | ROCKWELL INTERNATIONAL CORPORATION, |
| 17 | MEASUREMENT AND FLOW CONTROL DIVISION |
| | AUTONETICS, INC. |
| 18 | ROCKETDYNE |
| | ROCKWELL MANUFACTURING COMPANY |
| 19 | ROCKWELL-STANDARD, INC. |
| | ROCKWELL SPRING & AXLE CO. |
| 20 | ROCKWELL SPRING & AXLE CO., |
| | TIMKEN-DETROIT AXEL DIVISION |
| 21 | NORTH AMERICAN ROCKWELL |
| | NORTH AMERICAN AVIATION, INC. |
| 22 | NAVION |
| | VERTOL CORPORATION |
| 23 | BOEING VERTOL COMPANY |
| | BOEING AIRPLANE COMPANY |
| 24 | STEARMAN AIRCRAFT COMPANY |
| 25 | UNITED TECHNOLOGIES     UNITED AIRCRAFT CORPORATION |
| |    CORPORATION         UNITED AIRCRAFT & TRANSPORT CORPORATION |
| 26 | PRATT & WHITNEY |
| | HAMILTON STANDARD CO. |
| 27 | SIKORSKY AIRCRAFT CORP. |
| 28 | ///                                     EXHIBIT B |

1-17

1

EXHIBIT B (cont'd.)

2

ALTERNATE ENTITY

3

JARDEN CORPORATION

AMERICAN HOUSEHOLD, INC.
SUNBEAM CORPORATION

4

5

ROHR, INC.

ROHR INDUSTRIES, INC.
ROHR CORPORATION

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

K:\bizinmed\10797\temp-plcp.wpd

11

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-18

# EXHIBIT B-1

1

EXHIBIT B-1

2   DEFENDANTS

3   HOPEMAN BROTHERS, INC.
    THOMAS DEE ENGINEERING CO., INC.
4   J.T. THORPE & SON, INC.
    DOES 1-800; DOES 1001-2000
5

6                                    ALTERNATE ENTITY

7   J.T. THORPE & SON, INC.          THE THORPE COMPANY
                                     THORPE PRODUCTS CO.
8                                    J.T. THORPE NORTHWEST

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                              EXHIBIT B-1

K:\Injured\10797\cmp-pleop.wpd                    13
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-20

# EXHIBIT C

1

| | EXHIBIT C | |

2  <u>DEFENDANTS</u>

3  TEMPORARY PLANT CLEANERS, INC.                          WESTERN MacARTHUR COMPANY
   HOPEMAN BROTHERS, INC.                                  MacARTHUR COMPANY
4  THOMAS DEE ENGINEERING CO., INC.                        WESTERN ASBESTOS COMPANY
   J.T. THORPE & SON, INC.                                 DOES 1001-2000
5  PLANT INSULATION COMPANY

6
   CONTRACTOR
7  <u>DEFENDANTS</u>                          <u>LOCATION</u>                   <u>TIME PERIOD</u>

8  TEMPORARY PLANT CLEANERS, INC.         Hunters Point Naval Shipyard,    1966-1981
                                          San Francisco, CA
9
   HOPEMAN BROTHERS, INC.                 Various                          Various
10
   THOMAS DEE ENGINEERING CO., INC.       Various                          Various
11
   J.T. THORPE & SON, INC.                Various                          Various
12
   PLANT INSULATION COMPANY               Various                          Various
13
   WESTERN MacARTHUR                      Various                          Various
14 COMPANY/MacARTHUR
   COMPANY/WESTERN ASBESTOS
15 COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                        EXHIBIT C

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-22

# EXHIBIT H

1
EXHIBIT H

2
DEFENDANTS

| | |
|---|---|
| 3    METROPOLITAN LIFE INSURANCE COMPANY | STUART-WESTERN, INC. |
| PNEUMO ABEX LLC | RITESET MANUFACTURING COMPANY |
| 4    BORGWARNER MORSE TEC, INC. | ASBESTOS MANUFACTURING COMPANY |
| HONEYWELL INTERNATIONAL, INC. (successor-in- | FIBRE & METAL PRODUCTS COMPANY |
| 5    interest to ALLIEDSIGNAL, INC.) | LASCO BRAKE PRODUCTS |
| THE BUDD COMPANY | L.J. MILEY COMPANY |
| 6    DAIMLERCHRYSLER CORPORATION | ROSSENDALE-RUBOIL COMPANY |
| DANA CORPORATION | SOUTHERN FRICTION MATERIALS COMPANY |
| 7    FORD MOTOR COMPANY | U.S. SPRING & BUMPER COMPANY |
| GENERAL MOTORS CORPORATION | AUTO FRICTION CORPORATION |
| 8    BRIDGESTONE/FIRESTONE | EMSCO ASBESTOS COMPANY |
| NORTH AMERICAN TIRE, LLC | FORCEE MANUFACTURING CORPORATION |
| 9    LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. | MOLDED INDUSTRIAL FRICTION CORPORATION |
| MAREMONT CORPORATION | NATIONAL TRANSPORT SUPPLY, INC. |
| 10    MORTON INTERNATIONAL, INC. | SILVER LINE PRODUCTS, INC. |
| PARKER-HANNIFIN CORPORATION | STANDCO, INC. |
| 11    STANDARD MOTOR PRODUCTS, INC. | UNIVERSAL FRICTION MATERIALS COMPANY |
| GATKE CORPORATION | WHEELING BRAKE BLOCK  MANUFACTURING |
| 12    GARLOCK SEALING TECHNOLOGIES, LLC | COMPANY |
| BRASSBESTOS BRAKE LINING COMPANY | OWENS-ILLINOIS, INC. |
| 13    H. KRASNE MANUFACTURING COMPANY | BELL ASBESTOS MINES LTD. |
| AUTO SPECIALTIES MANUFACTURING COMPANY | DOES5000-8000 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    EXHIBIT H

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-24

# EXHIBIT I

1

<u>EXHIBIT I</u>

2

<u>DEFENDANTS</u>

3  METROPOLITAN LIFE INSURANCE COMPANY
   OWENS-ILLINOIS, INC.
4  PNEUMO ABEX LLC
   GATKE CORPORATION
5  GARLOCK SEALING TECHNOLOGIES, LLC
   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
6  UNDERWRITERS LABORATORIES, INC.
   DOES 5000-7500

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT I

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1-26

The Honorable Sharon Armstrong
Hearing Date: December 17, 2004
Hearing Time: 10:00 a.m.
With Oral Argument

1

2

3

4

5

6

7

8                  IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

9                        IN AND FOR THE COUNTY OF KING

10  PATRICIA E. MOORE, as Personal         )   Cause No. 03-2-33651-3SEA
    Representative of the Estate of PAUL A. )
11  MOORE,                                 )   PLAINTIFF'S RESPONSE IN
                                           )   OPPOSITION TO DEFENDANT
12              Plaintiff,                  )   CYCLE BARN, INC.'S MOTION FOR
                                           )   SUMMARY JUDGMENT
13       vs.                               )
                                           )
14  AMERICAN HONDA MOTOR CO.,              )
    INC., et al.,                          )
15                                         )   ACR 27
                Defendants                 )
16                                         )

17                            I. RELIEF REQUESTED

18       Plaintiff Patricia Moore, by and through her counsel of record, respectfully submits this

19  response in opposition to the Motion for Summary Judgment of Defendant Cycle Barn, Inc.

20                            II. SUMMARY OF FACTS

21       Paul Moore lived in Puyallup, Washington, and died from mesothelioma on August 19,

22  2000 at the age of 61. Mr. Moore was survived by his wife of 39 years, Patricia Moore and his

23  adult son, Ed Moore. Mr. Moore's work history spanned from 1960 until 2000. During those

24  years he worked as a laborer, mechanic, machinist and in a variety of other positions for a

25  number of employers. In 1976, Mr. Moore went into business for himself and founded Seattle

26  Assembly & Accessory, a motorcycle repair and service business.  It was during this period of

27  time (1976-1981) as a mechanic, machinist and owner-operator of Seattle Assembly & Accessory

28  (hereinafter SA&A) that Mr. Moore suffered multiple occupational exposures to asbestos dust

1 -  PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CYCLE BARN, INC'S MOTION FOR
       SUMMARY JUDGMENT                               BRAYTON ❖ PURCELL
                                                         American Bank Building
J:\WA\10\670\Msj\Opp-CYCBRN.wpd                       621 SW Morrison Street, Suite 950
                                                         Portland, Oregon 97205
                                                         (503) 295-4931

EXHIBIT ____2____

1    originating from brakes, brake linings, clutch linings, clutches, and gaskets. Unfortunately, Mr.

2    Moore also suffered non-occupational exposure to asbestos-containing friction products for work

3    that he performed on his own vehicles and those of his friends.

4        While self-employed at SA&A (1977-1981) Paul Moore was exposed to products sold to

5    him by Cycle Barn Inc., that contained asbestos material. The testimonial evidence from George

6    Dean is significant, since he worked closely with Paul Moore as his employee and was aware of

7    which products were used in the store. Moreover, he frequently made purchases for SA&A from

8    outside suppliers like Cycle Barn Inc. At the November 30, 2004 deposition, George Dean

9    testified that he worked at Seattle Assembly and Accessory (SA&A) from 1977 to 1981. He

10   further testified that he would wind up in a motorcycle dealership twice a week to buy original

11   equipment motorcycle parts, including clutches, gaskets and sometimes brakes. *[Exh. A to*

12   *Declaration of Zachary B. Herschensohn]* Mr. Dean was acutely aware of the types of repairs

13   done by the shop and what SA&A's general purchasing patterns were. Mr. Dean testified that

14   throughout the time he worked at SA&A, Cycle Barn Inc. was one of the places that he bought

15   original equipment motorcycle parts. George Dean has provided this information both by

16   declaration and subsequent deposition testimony. *[Exh. A and B to Declaration of Zachary B.*

17   *Herschensohn]* . Paul Moore's widow, Patricia Moore also confirms that parts for SA&A were

18   periodically purchased at the Cycle Barn *[Exhibit C to Declaration of Zachary B. Herschensohn*

19   *at pp. 250:6-18]*. In addition to the lay testimony provided by George Dean and Patricia Moore,

20   expert opinion is consistent with the testimony and declarations they provided. These expert

21   declaration link the type work performed by George Dean to Paul Moore's disease. *[Exhibit D*

22   *and E to Declaration of Zachary B. Herschensohn]*

23       Paul Moore's medical records and exposure history have been reviewed by Plaintiff's

24   expert, Carl Andrew Brodkin, MD who provides in his declaration his opinion to a reasonable

25   degree of medical certainty, that the exposure to asbestos brake, clutch, and gasket products

26   contributed to Mr. Moore's mesothelioma. *[Exhibit E to Declaration of Zachary B.*

27   *Herschensohn]* These were parts that were sold at Cycle Barn Inc. and were more likely than not

28   installed in Motorcycles at SA&A. Kenneth Cohen, a retired Certified Industrial Hygienist, has

2 - PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CYCLE BARN, INC'S MOTION FOR
SUMMARY JUDGMENT                                          **BRAYTON ◆ PURCELL**
                                                           American Bank Building
J:\WA\100679\Msj\Opp-CYCBRN.wpd                            621 SW Morrison Street, Suite 950
                                                           Portland, Oregon 97205
                                                           (503) 295-4931

2-2

Sent By: Brayton Purcell;                503 241 2573;              Dec-3-04  8:26PM;              Page 4

1    offered his expert opinion that Paul Moore was more likely than not exposed to significant

2    amounts of asbestos while working in close proximity to George Dean when clutch and brake

3    work was performed. *[Exhibit D to Declaration of Zachary B. Herschensohn]*   While George

4    Dean scraped and removed head gaskets made from sheet gasket material on parts, Paul Moore

5    was ever present in his supervisory capacity as the owner-operator of SA&A. These exposures in

6    conjunction with other exposures ultimately would lead to Mr. Moore's early and painful death

7    from Mesothelioma.

8

9                         **III. STATEMENT OF ISSUES**

10   1.    Whether there an issue of material fact that Paul Moore was exposed to asbestos

11         containing brake parts, clutch parts and gaskets sold by Cycle Barn Inc..

12   2.    Whether Cycle Barn Inc. subject to liability for selling dangerous asbestos containing

13         products during the period of time from 1976-1981.

14   3.    Whether Plaintiff is entitled to a 56 (f) continuance.

15                       **IV. EVIDENCE RELIED UPON**

16         Plaintiff relies upon the declaration of Zachary B. Herschensohn, declaration and

17   deposition of George Dean, declarations of Carl Andrew Brodkin MD and Kenneth Cohen, the

18   deposition of Patricia Moore and the exhibits attached thereto and the papers and pleadings filed

19   in this matter and the record as a whole.

20                              **V. AUTHORITY**

21   **A. Summary Judgment Standard**

22         Under Washington Superior Court Civil Rule (CR) 56, a motion for summary judgment

23   should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions

24   on file, together with the affidavits, if any, show that there is no genuine issue as to any material

25   fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).  The

26   moving party "bears the initial burden of showing the absence of an issue of material fact."

27   Right-Price Recreation, LLC v. Connells Prairie Community Council, 146 Wn. 2d 370, 381, 46

28   P.3d 789, 795 (2002) (citing Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182

---

3 -  PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CYCLE BARN, INC'S MOTION FOR
     SUMMARY JUDGMENT                                          **BRAYTON ❖ PURCELL**
                                                                American Bank Building
J:\WA\100679\Msj\Opp-CYCBRN.wpd                              621 SW Morrison Street, Suite 950
                                                                Portland, Oregon 97205
                                                                   (503) 295-4931

2-3

1   (1989)). "When summary judgment is *supported by evidentiary matter*, the adverse party may

2   not rest on mere allegations in the pleadings but must set forth specific facts showing that there is

3   a genuine issue for trial." LaPlante v. State, 85 Wn.2d 154, 531 P.2d 299 (1975) (emphasis

4   added); CR 56(e). Where a motion for summary judgment is made, "it is the duty of the trial

5   court to consider all evidence and all reasonable inferences therefrom in a light most favorable to

6   the nonmovant." Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346

7   (1979). "Summary judgment is proper only if, after considering all facts in the light most

8   favorable to the non-moving party, reasonable persons could reach but one conclusion." Harstad

9   v. Frol, 41 Wn. App. 294, 298, 704 P.2d 638 (1985). If the moving party does not meet its

10  burden on summary judgment, the Court should not consider the merits of its argument. Scott

11  Galvanizing, Inc. v. Northwest EnviroServices, Inc., 120 Wn.2d 573, 582, 844 P.2d 428, 433

12  (1993).

13  **B.    George Dean has testified that he bought parts from the Cycle Barn, some of**

14  **those parts are likely to contain asbestos and were more likely than not**
    **installed by George Dean thereby exposing Paul Moore to asbestos. There**

15  **exist a material issue of fact whether those purchases resulted in asbestos**
    **exposure.**

16

17      In order to create a triable issue of fact on the issue of causation in an asbestos case, the

18  plaintiff must offer evidence capable of supporting a reasonable inference that respirable dust

19  from the defendant's product was present at the plaintiff's work sites while the plaintiff was

20  present. Lockwood v. AC & S, Inc., 109 Wn.2d 235, 744 P.2d 605 (1987). A plaintiff may

21  personally identify the manufacturers, distributors, and/or suppliers of asbestos products to which

22  he was exposed or rely on the testimony of witnesses who identify manufacturers, distributors,

23  and/or suppliers of asbestos products which were then present at the plaintiff's workplace. Id. at

24  247; Berry v. Crown Cork & Seal Co., Inc., 103 Wn. App. 312, 323, 14 P.3d 789 (2000)

25  ("Washington law permits asbestos plaintiffs to establish exposure to a defendant's products

26  through circumstantial evidence."). In the Lockwood case, the court found that the plaintiff

27  presented sufficient evidence to establish a prima facie case against the defendant to allow the

28  case to be taken to the jury. Once before the jury, witnesses then placed the defendant's product

on the ship where the plaintiff worked. The plaintiff's experts then testified that after asbestos

4 -  PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CYCLE BARN, INC'S MOTION FOR
      SUMMARY JUDGMENT                                              **BRAYTON ◆ PURCELL**
                                                                        American Bank Building
J:\WA\100679\Msj\Opp-CYCBRN.wpd                                      621 SW Morrison Street, Suite 950
                                                                         Portland, Oregon 97205
                                                                            (503) 295-4931

2-4

1   dust was released, it frequently drifted in the air where it could be inhaled by bystanders. It was

2   not necessary that the bystanders work directly with asbestos in order for them to be exposed. Id.

3   at 247-248.

4        Experts in the Lockwood case make clear that one does not have to be in direct contact

5   with asbestos to experience harm. Indeed, a plaintiff need not even place defendant's products in

6   the immediate proximity of the plaintiff, provided the products were present at the plaintiff's job

7   site. Berry v. Crown Cork & Seal Co., Inc., 103 Wn. App. at 324. The court in Berry found that,

8   because asbestos fibers have the ability to disperse over an entire shipyard, it could be inferred

9   that the plaintiff breathed asbestos from the defendant's products regardless of whether the

10  plaintiff worked on a particular ship on which defendant's products had been identified. Id.,

11  (citing Kreppein v. Celotex Corp., 969 F.2d 1424 (2d Cir. 1992) (affirming liability where

12  plaintiff's evidence did not place plaintiff on a particular ship)).

13       If evidence supports the reasonable inference that the Plaintiff was exposed to asbestos

14  from the Defendant's products, then summary judgment is improper. The "but for" test of

15  causation, is improper in cases of asbestos exposure. Mavroudis v. Pittsburgh-Corning Corp., 86

16  Wn. App. 22, 32, 935 P.2d 684 (1997) (holding substantial factor test applicable where "all of

17  the plaintiff's exposure played a role in causing the injury and it was not possible to determine

18  which exposures were, in fact, the cause of the condition."). In this case, as in Mavroudis, all of

19  Plaintiff's exposure played a role in causing the injury, and thus it will be a question for the jury

20  to determine whether or not the exposure identified is a substantial factor in causing the injury.

21  The Mavroudis court also questioned whether the burden of proof of causation was even lower

22  for toxic tort Plaintiffs, in light of the Supreme Court's ruling in Hue v. Farmboy Spray Co., Inc.,

23  127 Wn. 2d 67, 896 P.2d 682 (1995). Mavroudis, 86 Wn. App. at 30-31. In Hue, the plaintiff

24  was only required to prove that defendant's product contributed to a toxic cloud, and that the

25  total cloud of pesticide caused the plaintiff's injury. Likewise with asbestos injury, each product

26  contributes to the totality of a plaintiff's exposure, and the total lifetime dose of asbestos causes

27  the injury. In the present case, Paul Moore owned a motor cycle repair shop that regularly did

28  repairs on motorcycles that involved the use of brakes, brake linings, clutch linings, clutches, and

5 -  PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CYCLE BARN, INC'S MOTION FOR
     SUMMARY JUDGMENT                                    **BRAYTON ❖ PURCELL**
                                                          American Bank Building
J:\WA\100679\MsJ\Opp-CYCBRN.wpd                          621 SW Morrison Street, Suite 950
                                                          Portland, Oregon 97205
                                                          (503) 295-4931

2-5

1    gaskets. Witnesses George Dean and Patricia Moore have confirmed that one of the providers of

2    parts for his shop was Cycle Barn Inc.. It is more likely than not, given the substantial amount of

3    work performed at SA&A, that some of the parts purchased at Cycle Barn were used in the shop

4    and resulted in asbestos exposure to Paul Moore. At a minimum there is a material issue for the

5    fact finder to determine. Given that the standard outlined in case law to establish proof of

6    exposure is fairly light, it seems certainly the case that there is material issue of fact as to whether

7    Paul Moore was exposed to asbestos containing parts purchased at Cycle Barn Inc.

8    C.    **Cycle Barn Inc. is not protected from liability by RCW 7.72.040.**

9

10        Cycle Barn Inc., cites to RCW 7.72.040., Washington State's Product Liability Act

11   (WPLA) as a rationale for dismissing Cycle Barn Inc. from liability as a product seller. However,

12   the WPLA was enacted in 1981, after any products purchased at Cycle Barn Inc. caused exposure

13   to Paul Moore. Since Paul Moore's exposures to Cycle Barn took place while he was the owner

14   of SA&A from 1977 to 1981 this statute does not have relevance to any exposures that took place

15   during that period of time. The WPLA applies to causes of action which arise on or after July

16   26, 1981. McKenna v. Harrison Memorial Hosp., 92 Wash.App. 119, 960 P.2d 486 (1998).

17   Causes of action originating from asbestos exposure have explicitly been defined as governed by

18   pre-WPLA law, Krivanek v. Fibreboard Corp., 86 Wn App. 632, 865 P.2d 684 (1993).

19   Furthermore, because prior to the passage of the WPLA, Washington State followed the

20   Restatement (Second) of Torts, strict liability for product sellers is the pre-1981 standard. See,

21   Seattle-First Nat'l Bank v. Tabert, 86 Wash.2d 145,542 P.2d 774 (1975); Ulmer v. Ford Motor

22   Co., 75 Wash.2d 522, 452 P.2d 729 (1969). Accordingly, not only is Cycle Barn Inc. not shielded

23   from liability for injury caused by products sold prior to the passage of the WPLA, they also are

24   subject to strict liability for any exposure occurring prior to passage of the WPLA.

25

26   D.    **In the Alternative, the Court should grant a CR 56(f) continuance to allow time to
      depose the Person Most Knowledgeable of Cycle Barn Inc. and conduct additional
      discovery.**

27        As of December 3, 2004 a Notice of Deposition was sent out for James R. Boltz the

28   Person Most Knowledgeable designated by Cycle Barn Inc. The deposition is scheduled for

6 -  PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CYCLE BARN, INC'S MOTION FOR
     SUMMARY JUDGMENT

                                              **BRAYTON ◆ PURCELL**
                                                   American Bank Building
J:\WA\100679\Msj\Opp-CYCBRN.wpd                    621 SW Morrison Street, Suite 950
                                                   Portland, Oregon 97205
                                                   (503) 295-4931

2-6

1  December 22, 2004 at 1:00 p.m. Plaintiff is still awaiting responses to November 22, 2004

2  interrogatories and requests for production propounded upon Cycle Barn Inc. that are due also on

3  December 22, 2004. Proposals by plaintiff's counsel to defense counsel to either schedule the

4  deposition prior to the hearing date or post pone the hearing were rebuffed. In order to allow

5  plaintiff the opportunity to mount a complete and thorough opposition to Cycle Barn Inc.'s

6  Summary Judgment Motion, plaintiff respectfully asks in the alternative, for a continuance to

7  complete additional discovery.

8

9  ### VII. CONCLUSION

10      For the foregoing reasons, the Court should deny defendant Cycle Barn Inc.'s Motion for

11  Summary Judgment.

12      DATED this __3__ day of December, 2004.

13

14                          BRAYTON ❖ PURCELL

15

16                          Zachary B. Herschensohn, WSBA #33568
                            Brayton ❖ Purcell
17                          Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

7 -  PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CYCLE BARN, INC'S MOTION FOR
     SUMMARY JUDGMENT                                    **BRAYTON ❖ PURCELL**
                                                          American Bank Building
J:\WA\100679\Msj\Opp-CYCBRN.wpd                       621 SW Morrison Street, Suite 950
                                                          Portland, Oregon 97205
                                                             (503) 295-4931

2-7

1    Stephen K. Brunk, Esq. (Bar No. 53238)
     LAW OFFICES OF STEPHEN K. BRUNK
2    6098 La Jolla Mesa
     La Jolla, California 92037
3    Telephone: (619) 234-3300
     Fax: (619) 234-3331
4

5    Attorney for defendant Bell Helicopter Textron Inc.

6

7

8                   **UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN L. DAVIS, WILLIAM LARSEN, JAMES PIERCE, SR., ROBERT SCHOELZEL, NORRIS WALLACE, JAMES WATSON, ROBERT KACSUTA, and RICHARD EDDY, <br><br>          Plaintiffs, <br><br> vs. <br><br> GENERAL ELECTRIC COMPANY, VIAD CORP., TODD SHIPYARDS, GENERAL DYNAMICS CORPORATION, and BELL HELICOPTER TEXTRON, INC. <br><br>          Defendants. | **CASE NO. CV 08-0228 JSW** <br><br> <u>DECLARATION OF STEPHEN K. BRUNK IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE</u> [FRE 201]IN CONNECTION WITH MOTION BY DEFENDANT BELL HELICOPTER TEXTRON INC. FOR DISMISSAL OF COMPLAINT FOR FAILURE TO JOIN NECESSARY PARTIES [FRCP 12(b)(7); FRCP 19(a)]; OR, ALTERNATIVELY, FOR ORDER REQUIRING JOINDER OF NECESSARY PARTIES [FRCP 19(a)(2)]; OR, ALTERNATIVELY, FOR DISMISSAL OF COMPLAINT FOR FAILURE TO JOIN INDISPENSABLE PARTIES [FRCP 12(b)(7) and FRCP 19(b)] <br><br> Date:   April 11, 2008 <br> Time:   9 a.m. <br> Court:   Courtroom 2, 17th Floor <br> Hon.:   Jeffrey S. White |

22        I, Stephen K. Brunk, declare as follows:

23          1)        I am an attorney who has been continuously licensed to practice law in the

24 State of California for over 35 years, and I was admitted to this Court many years ago. I am

25 counsel in this case for defendant Bell Helicopter Textron, Inc.

26          2)        Exhibit 1 attached to the <u>REQUEST FOR JUDICIAL NOTICE</u> [FRE 201]IN

27 CONNECTION WITH MOTION BY DEFENDANT BELL HELICOPTER TEXTRON INC. FOR

28 DISMISSAL OF COMPLAINT FOR FAILURE TO JOIN NECESSARY PARTIES [FRCP 12(b)(7);

1  FRCP 19(a)]; OR, ALTERNATIVELY, FOR ORDER REQUIRING JOINDER OF NECESSARY

2  PARTIES [FRCP 19(a)(2)]; OR, ALTERNATIVELY, FOR DISMISSAL OF COMPLAINT FOR

3  FAILURE TO JOIN INDISPENSABLE PARTIES [FRCP 12(b)(7) and FRCP 19(b)] (the "Judicial

4  Notice Request") is a true copy of the Register of Actions and the Complaint in the lawsuit

5  entitled William Larsen and Carol Larsen v. Asbestos Defendants (B-P) filed and currently

6  pending in the Superior Court of California for the County of San Francisco, case no. CGC-07-

7  274449.

8         3)      Exhibit 2 attached to the Judicial Notice Request is a true copy of Plaintiff's

9  Response in Opposition to Defendant Cycle Barn, Inc.'s Motion for Summary Judgment,

10 without exhibits, served by the law firm of Brayton, Purcell on counsel in the lawsuit entitled

11 Patricia Moore v. American Honda Motor Co., et.al., filed in the Superior Court of the State of

12 Washington In and For the County of King as case no. 03-2-33651-3SEA.

13         Executed this 21st day of February, 2008 at La Jolla, California.

14         I declare under the penalty of perjury of the laws of the State of California that the

15 foregoing is true and correct.

16

17         _____

18                    Stephen K. Brunk

19

20

21

22

23

24

25

26

27

28

1 │ Stephen K. Brunk, Esq. (Bar No. 53238)
  │ LAW OFFICES OF STEPHEN K. BRUNK
2 │ 6098 La Jolla Mesa
  │ La Jolla, California 92037
3 │ Telephone: (619) 234-3300
  │ Fax: (619) 234-3331
4 │

5 │ Attorney for defendant Bell Helicopter Textron Inc.

6 │

7 │

8 │                        UNITED STATES DISTRICT COURT

9 │                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 │                           SAN FRANCISCO DIVISION

11 │ JOHN L. DAVIS, WILLIAM LARSEN,              ) CASE NO. CV 08-0228 JSW
   │ JAMES PIERCE, SR., ROBERT SCHOELZEL,        )
12 │ NORRIS WALLACE, JAMES WATSON, ROBERT        ) DECLARATION OF FLOYD HATHCOAT IN
   │ KACSUTA, and RICHARD EDDY,                  ) SUPPORT OF MOTION BY DEFENDANT
13 │                                             ) BELL HELICOPTER TEXTRON INC. FOR
   │              Plaintiffs,                    ) DISMISSAL OF COMPLAINT FOR FAILURE
14 │                                             ) TO JOIN NECESSARY PARTIES [FRCP
   │                                             ) 12(b)(7); FRCP 19(a)]; OR,
15 │ vs.                                         ) ALTERNATIVELY, FOR ORDER REQUIRING
   │                                             ) JOINDER OF NECESSARY PARTIES [FRCP
16 │ GENERAL ELECTRIC COMPANY,                   ) 19(a)(2)]; OR, ALTERNATIVELY, FOR
   │ VIAD CORP., TODD SHIPYARDS,                 ) DISMISSAL OF COMPLAINT FOR FAILURE
17 │ GENERAL DYNAMICS CORPORATION, and           ) TO JOIN INDISPENSABLE PARTIES [FRCP
   │ BELL HELICOPTER TEXTRON, INC.               ) 12(b)(7) and FRCP 19(b)]
18 │                                             )
   │              Defendants.                    ) Date:  April 11, 2008
19 │                                             ) Time:  9 a.m.
   │                                             ) Court: Courtroom 2, 17th Floor
20 │ _____     ) Hon.:  Jeffrey S. White

21 │         I, Floyd Hathcoat, declare as follows:

22 │         1)      I worked for Bell Helicopter ("Bell") for 31 years before I retired in 1984. The

23 │ first 20 years of my employment at Bell were spent working on the Bell model 47, from which

24 │ the Bell military HTL and HUL model helicopters were derived. Bell manufactured 161 HTL

25 │ helicopters and 23 HUL helicopters and delivered them to the United States Government (the

26 │ "Government"), specifically the United States Navy (the "Navy"), in the 1950s while I was

27 │ employed at Bell and was involved with them as the Assistant to the Bell Project Engineer

28 │ responsible for them (who is now deceased).

2)    Since 1955, Bell has supplied thousands of helicopters to the Government for military use, including the HTL and HUL series aircraft. Throughout this time, Bell has been required by the Government to follow specific Government-approved procedures, regulations, laws, and standards for the design of and all materials used in those helicopters.

3)    The Government was directly and substantially involved with development of every aspect of the HTL and HUL helicopters, including without limitation the types of all materials used in the helicopters, and Bell had to follow Government-evaluated and -approved specifications concerning the design and materials for those helicopters and their component parts because of their incorporation into production contracts for those helicopters. Government representatives closely monitored Bell's work at every step in the design process, and Government evaluation and approval had to occur at every step.

4)    In addition to participating in the formulation of the specifications for the design of, and its review of the manufacturing processes for, the HTL and HUL model helicopters and their components, the Government actually maintained a complement of its own personnel at Bell's plant to ensure that the HTL and HUL helicopters were built in strict accordance with all of the applicable specifications. During the time period that the HTL and HUL helicopters were developed, manufactured, and delivered to the Government, Bell reported to the Government's representative at Bell, who had to approve all of Bell's actions concerning the HTL and HUL helicopters; that individual was a civilian employee of the United States Navy, and he was permanently stationed at the Bell plant. One of his many functions at Bell on behalf of the Government was to ensure that there were no manufacturing deviations from the Government's specifications governing the configuration of the HTL and HUL helicopters and their component parts, and in fact the Government had rigorous acceptance procedures to ensure that each HTL and HUL helicopter delivered to the Government conformed to all the requirements of the production contracts before acceptance by the Government.

5)    Bell performed its HTL and HUL helicopter production contracts with the Government in accordance with the detailed specification and design requirements prepared after review by the Government, approval by the Government, and incorporation by reference

1  into the production contracts. For the HTL and HUL military helicopters, Bell was not permitted

2  to change their specifications in any way without the express authorization of the Government.

3          6)      At the time of the development and production of the HTL and HUL military

4  helicopters, Bell was not a manufacturer of asbestos (nor has it ever been), and Bell possessed

5  no knowledge of the dangers, if any, concerning the materials used in those helicopters which

6  the Government was not aware of.

7          7)      Once Bell delivered the HTL and HUL series military helicopters to the Navy,

8  the Navy had exclusive control over and responsibility for the helicopters' operations,

9  maintenance, and overhaul in military service.

10         Executed this ⎯⎯ day of February, 2008 at Hurst, Texas.

11         I declare under the penalty of perjury of the laws of the State of California that the

12  foregoing is true and correct.

13                              _Floyd Hathcoat_
                                Floyd Hathcoat

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Stephen K. Brunk, Esq. (Bar No. 53238)
   LAW OFFICES OF STEPHEN K. BRUNK
2  6098 La Jolla Mesa
   La Jolla, California 92037
3  Telephone: (619) 234-3300
   Fax: (619) 234-3331
4

5  Attorney for defendant Bell Helicopter Textron Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  JOHN L. DAVIS, WILLIAM LARSEN,          )  CASE NO. CV 08-0228 JSW
    JAMES PIERCE, SR., ROBERT SCHOELZEL,    )
12  NORRIS WALLACE, JAMES WATSON, ROBERT    )  NOTICE OF INTERESTED PERSONS OR
    KACSUTA, and RICHARD EDDY,              )  ENTITIES [CIVIL L.R. 3-16]
13                                          )
                  Plaintiffs,              )
14                                          )
                                            )
15  vs.                                     )
                                            )
16  GENERAL ELECTRIC COMPANY,               )
    VIAD CORP., TODD SHIPYARDS,             )
17  GENERAL DYNAMICS CORPORATION, and       )
    BELL HELICOPTER TEXTRON, INC.           )
18                                          )
                  Defendants.              )
19                                          )
                                            )
20  _____)

21          Pursuant to Civil L. R. 3-16, the undersigned certifies that the following listed

22  persons, associations of persons, firms, partnerships, corporations (including parent

23  corporations) or other entities, other than the parties themselves identified in the complaint,

24  (i) have a financial interest in the subject matter in controversy or in a party to the proceedings,

25  or (ii) have a non-financial interest in that subject matter or in a party that could be

26  substantially affected by the outcome of this proceeding:

27  /  /  /

28  /  /  /

1

Textron Inc.
United States Aviation Underwriters, Inc.

2

3    Dated: 2'21|08

Stephen K. Brunk, attorney for
defendant Bell Helicopter Textron Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Stephen K. Brunk, Esq. (Bar No. 53238)
LAW OFFICES OF STEPHEN K. BRUNK
2 | 6098 La Jolla Mesa
La Jolla, California 92037
3 | Telephone: (619) 234-3300
Fax: (619) 234-3331
4 |
5 | Attorney for defendant Bell Helicopter Textron Inc.
6 |
7 |
8 |                     UNITED STATES DISTRICT COURT
9 |                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 |                        SAN FRANCISCO DIVISION

11 | JOHN L. DAVIS, WILLIAM LARSEN,            )  CASE NO. CV 08-0228 JSW
     JAMES PIERCE, SR., ROBERT SCHOELZEL,     )
12 | NORRIS WALLACE, JAMES WATSON, ROBERT     )  [PROPOSED] ORDER ON MOTION BY
     KACSUTA, and RICHARD EDDY,               )  DEFENDANT BELL HELICOPTER TEXTRON
13 |                                           )  INC. FOR DISMISSAL OF COMPLAINT FOR
                   Plaintiffs,                )  FAILURE TO JOIN NECESSARY PARTIES
14 |                                           )  [FRCP 12(b)(7); FRCP 19(a)]; OR,
                                              )  ALTERNATIVELY, FOR ORDER REQUIRING
15 | vs.                                       )  JOINDER OF NECESSARY PARTIES [FRCP
                                              )  19(a)(2)]; OR, ALTERNATIVELY, FOR
16 | GENERAL ELECTRIC COMPANY,                 )  DISMISSAL OF COMPLAINT FOR FAILURE
     VIAD CORP., TODD SHIPYARDS,              )  TO JOIN INDISPENSABLE PARTIES [FRCP
17 | GENERAL DYNAMICS CORPORATION, and        )  12(b)(7) and FRCP 19(b)]
     BELL HELICOPTER TEXTRON, INC.            )
18 |                                           )  Date:  April 11, 2008
                   Defendants.               )  Time:  9 a.m.
19 |                                           )  Court: Courtroom 2, 17th Floor
                                              )  Hon:   Jeffrey S. White
20 | _____  )

21 |         The MOTION BY DEFENDANT BELL HELICOPTER TEXTRON INC. FOR DISMISSAL

22 | OF COMPLAINT FOR FAILURE TO JOIN NECESSARY PARTIES [FRCP 12(b)(7); FRCP 19(a)];

23 | OR, ALTERNATIVELY, FOR ORDER REQUIRING JOINDER OF NECESSARY PARTIES [FRCP

24 | 19(a)(2)]; OR, ALTERNATIVELY, FOR DISMISSAL OF COMPLAINT FOR FAILURE TO JOIN

25 | INDISPENSABLE PARTIES [FRCP 12(b)(7) and FRCP 19(b)] came on regularly for hearing on

26 | April 11, 2008, at 9 a.m., in Courtroom 2 of this Court, before the Honorable Jeffrey S. White.

27 |         The moving party, defendant Bell Helicopter Textron Inc., appeared by Stephen K.

28 | Brunk, Esq., and the plaintiffs appeared by _____.

1        Having considered the moving and opposing papers concerning this motion and

2  entertaining the arguments of counsel concerning it,

3        **IT IS HEREBY ORDERED** that:

4        [ ]    The plaintiffs' complaint in its entirety is hereby dismissed;

5        [ ]    The plaintiffs' complaint as to defendant Bell Helicopter Textron Inc. is

6               dismissed;

7        [ ]    Plaintiffs are ordered to comply with FRCP 12(a)(3) by filing an amended

8               complaint within ___ days to plead why all necessary parties have not been

9               joined as defendants.

10

11  Dated:_____                    _____

                                        UNITED STATES DISTRICT COURT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Stephen K. Brunk, Esq. (Bar No. 53238)
   LAW OFFICES OF STEPHEN K. BRUNK
2  6098 La Jolla Mesa
   La Jolla, California 92037
3  Telephone: (619) 234-3300
   Fax: (619) 234-3331
4

5  Attorney for defendant Bell Helicopter Textron Inc.

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  JOHN L. DAVIS, WILLIAM LARSEN,              )   CASE NO. CV 08-0228 JSW
    JAMES PIERCE, SR., ROBERT SCHOELZEL,        )
12  NORRIS WALLACE, JAMES WATSON,               )
    ROBERT KACSUTA, and RICHARD EDDY,           )
13                                              )
              Plaintiffs,                       )
14                                              )
                                                )
15  v.                                          )   PROOF OF SERVICE
                                                )
16  GENERAL ELECTRIC COMPANY,                   )
    VIAD CORP., TODD SHIPYARDS,                 )
17  GENERAL DYNAMICS CORPORATION, and           )
    BELL HELICOPTER TEXTRON, INC.               )
18                                              )
              Defendants.                       )
19  _____)

20      I, Melissa D. Lacey, declare that:

21      I am employed in the County of San Diego, State of California, I am over the age of 18

22  years, and I am not a party to this action. My business address is 6098 La Jolla Mesa, La Jolla, CA

23  92037.

24      On February 24, 2008, I electronically served the following document(s) via U.S. District

25  Court California Northern District Official Court Electronic Document Filing System described as:

26      **NOTICE OF MOTION AND MOTION BY DEFENDANT BELL HELICOPTER TEXTRON
        INC. FOR DISMISSAL OF COMPLAINT FOR FAILURE TO JOIN NECESSARY**
27      **PARTIES [FRCP 12(b)(7); FRCP 19(a)]; OR, ALTERNATIVELY, FOR ORDER
        REQUIRING JOINDER OF NECESSARY PARTIES [FRCP 19(a)(2)]; OR**
28      **ALTERNATIVELY, FOR DISMISSAL OF COMPLAINT FOR**

1     **FAILURE TO JOIN INDISPENSABLE PARTIES [FRCP 12(b)(7) AND FRCP 19(b)];**

2     **POINTS AND AUTHORITIES IN SUPPORT OF MOTION;**

3     **REQUEST FOR JUDICIAL NOTICE [FRE 201] IN CONNECTION WITH MOTION;**

4     **DECLARATION OF STEPHEN K. BRUNK IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE;**

5
      **DECLARATION OF FLOYD HATHCOAT IN SUPPORT OF MOTION;**
6     **NOTICE OF INTERESTED PERSONS OR ENTITIES [CIVIL L.R. 3-16];**

7     **NOTICE OF INTERESTED PERSONS OR ENTITIES [CIVIL L.R. 3-16];**

8     **[PROPOSED] ORDER ON MOTION;**

9     on the recipients designated on the Notice of Electronic Filing Receipt located on the ECF

10    website.

11    I declare under penalty of perjury under the laws of the State of California that the foregoing

12
      is true and correct and that this declaration was executed on February 24, 2008, at La Jolla,
13
      California.

14

15                                          Melissa D. Lacey

16

17

18

19

20

21

22

23

24

25

26

27

28