1  WHITNEY A. DAVIS, SBN 149523
   CHARTER DAVIS, LLP
2  Attorneys at Law
   1730 I Street, Suite 240
3  Sacramento, California 95814
   Telephone:    (916) 448-9000
4  Facsimile:    (916) 448-9009

5  Attorneys for VIAD CORP, Individually
   and as Alleged Successor-in-Interest
6  to Griscom-Russell Company

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 JOHN L. DAVIS, WILLIAM LARSEN,        )  Federal Case No. 3:08- CV 08 0228 JSW
   JAMES PIERCE, SR., ROBERT             )
12 SCHOELZEL, NORRIS WALLACE,            )
   JAMES WATSON, ROBERT KACSUTA         )
13 and RICHARD EDDY,                      )  **ANSWER OF VIAD CORP TO**
                                         )  **COMPLAINT FOR ASBESTOS**
14              Plaintiffs,               )  **PERSONAL INJURY/LOSS OF**
                                         )  **CONSORTIUM**
15                                        )
   vs.                                   )  **DEMAND FOR JURY TRIAL**
16                                        )
   GENERAL ELECTRIC COMPANY, VIAD       )
17 CORP., TODD SHIPYARDS                  )
   CORPORATION, GENERAL DYNAMICS        )
18 CORPORATION, and BELL                 )
   HELICOPTER TEXTRON, INC.             )
19                                        )
                Defendants.              )
20 _____ )

21

22      In accordance with the Federal Rules of Civil Procedure, defendant Viad Corp,

23 individually and as alleged successor-in-interest to the Griscom-Russell Company

24 (hereinafter "VIAD") hereby answers the complaint filed by plaintiffs JOHN L. DAVIS and

25 ROBERT SCHOELZEL as follows:

26 ///

27 ///

28 ///

                                    1

# ANSWER TO COMPLAINT

1.    Responding to paragraph number one of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2.    Responding to paragraph number two of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

3.    Responding to paragraph number three of the complaint, and Exhibit A therein referred to and attached to the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4.    Responding to paragraph number four of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

5.    Responding to paragraph number five of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

6.    Responding to paragraph number six of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

7.    Responding to paragraph number seven of the complaint, defendant admits that Viad is based out of Arizona, but otherwise is without sufficient knowledge or

///

ANSWER ON BEHALF OF VIAD CORP

1  information to form a belief as to the truth of the allegations contained in said paragraph, and

2  on that basis, denies each and every allegation contained therein.

3       8.     Responding to paragraph number eight of the complaint, defendant is without

4  sufficient knowledge or information to form a belief as to the truth of the allegations

5  contained in said paragraph, and on that basis, denies each and every allegation contained

6  therein.

7       9.     Responding to paragraphs numbers nine, ten, eleven, and twelve, of the

8  complaint Defendant is without sufficient knowledge or information to form a belief as to

9  the truth of the allegations contained therein, and on that basis, denies each and every

10  allegation contained therein, and further, defendant denies that it is the legal successor to all

11  of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

12  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

13  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

14  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

15  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

16  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

17  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

18  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

19  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

20  RUSSELL.  Further, while defendant admits as to the existence of the alleged alternate

21  entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

22  duty) for any alleged tortious conduct of each alleged successor, successor-in-business,

23  successor-in-product line or portion thereof, assign, predecessor, in product line or portion

24  thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial

25  owner, or wholly or partially owned entity, or entity that was a member of, or funded, that

26  researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

27  distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

28  contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

1  others and advertised a certain product, namely asbestos, and other products containing

2  asbestos.

3       10.    Responding to paragraph number thirteen of the complaint, defendant denies

4  each and every allegation contained therein, and to the extent this paragraph again

5  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

6  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

7  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

8  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

9  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

10  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

11  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

12  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

13  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

14  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

15  GRISCOM RUSSELL.

16       11.    Responding to paragraph number fourteen of the complaint, and Exhibit A

17  referred to therein and attached to said complaint, defendant is without sufficient knowledge

18  or information to form a belief as to the truth of the allegations contained in said paragraph,

19  and on that basis, denies each and every allegation contained therein.

20       12.    Responding to paragraph number fifteen of the complaint, and Exhibit A

21  referred to therein and attached to said complaint, Defendant is without sufficient knowledge

22  or information to form a belief as to the truth of the allegations contained therein, and on that

23  basis, denies each and every allegation contained therein, and to the extent this paragraph

24  again incorporates reference to alleged "ALTERNATE ENTITIES," defendant denies that it

25  is the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

26  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

27  GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

28  DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE

ANSWER ON BEHALF OF VIAD CORP

1  WORKS, LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

2  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

3  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

4  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

5  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

6  GRISCOM RUSSELL.

7       13.   Responding to paragraph number sixteen of the complaint, defendant is without

8  sufficient knowledge or information to form a belief as to the truth of the allegations

9  contained in said paragraph, and on that basis, denies each and every allegation contained

10  therein.

11       14.   Responding to paragraph number seventeen of the complaint, defendant is

12  without sufficient knowledge or information to form a belief as to the truth of the allegations

13  contained in said paragraph, and on that basis, denies each and every allegation contained

14  therein.

15       15.   Responding to paragraph number eighteen of the complaint, defendant

16  denies each and every allegation contained therein, and to the extent this paragraph again

17  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

18  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

19  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

20  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

21  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

22  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

23  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

24  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

25  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

26  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

27  GRISCOM RUSSELL.  Further, while defendant admits as to the existence of the alleged

28  alternate entities, defendant specifically denies, that it is liable (and/or otherwise

1 owed/breached any duty) for any alleged tortious conduct of each alleged successor,

2 successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

3 product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

4 subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

5 member of, or funded, that researched, studied, manufactured, fabricated, designed,

6 modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

7 inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

8 re-branded, manufactured for others and advertised a certain product, namely asbestos, and

9 other products containing asbestos.

10        16.    Responding to paragraph number nineteen of the complaint, defendant is

11 without sufficient knowledge or information to form a belief as to the truth of the allegations

12 contained in said paragraph, and on that basis, denies each and every allegation contained

13 therein.

14        17.    Responding to paragraph number twenty of the complaint, defendant is

15 without sufficient knowledge or information to form a belief as to the truth of the allegations

16 contained in said paragraph, and on that basis, denies each and every allegation contained

17 therein.

18        18.    Responding to paragraph number twenty-one of the complaint, defendant

19 denies each and every allegation contained therein, and to the extent this paragraph again

20 incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

21 legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

22 AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

23 CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

24 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

25 LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

26 BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

27 CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

28 THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

1    INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

2    GRISCOM RUSSELL.

3        19.    Responding to paragraph number twenty-two of the complaint, defendant

4    denies each and every allegation contained therein, and to the extent this paragraph again

5    incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

6    legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

7    AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

8    CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

9    CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

10    LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

11    BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

12    CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

13    THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

14    INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

15    GRISCOM RUSSELL.

16        20.    Responding to paragraph number twenty-three of the complaint, defendant

17    denies each and every allegation contained therein, and to the extent this paragraph again

18    incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

19    legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

20    AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

21    CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

22    CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

23    LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

24    BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

25    CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

26    THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

27    INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

28    GRISCOM RUSSELL.

1       21.    To the extent this complaint paragraph twenty-four merely incorporates by

2 reference all prior paragraphs of the complaint, defendant likewise incorporates by reference

3 paragraphs 1-23 herein, and is otherwise without sufficient knowledge or information to

4 form a belief as to the truth of the allegations contained in said paragraph, and on that basis,

5 denies each and every allegation contained therein.

6       22.    Responding to paragraph number twenty-five of the complaint, defendant

7 denies each and every allegation contained therein, and to the extent this paragraph again

8 incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

9 legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

10 AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

11 CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

12 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

13 LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

14 BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

15 CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

16 THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

17 INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

18 GRISCOM RUSSELL.

19       23.    Responding to paragraph number twenty-six of the complaint, defendant is

20 without sufficient knowledge or information to form a belief as to the truth of the allegations

21 contained in said paragraph, and on that basis, denies each and every allegation contained

22 therein, and to the extent this paragraph again incorporates reference to alleged

23 "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

24 liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

25 ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

26 ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

27 LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

28 CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

ANSWER ON BEHALF OF VIAD CORP

1    CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

2    BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

3    CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

4    ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

5    RUSSELL.

6         24.    Responding to paragraph number twenty-seven of the complaint, defendant is

7    without sufficient knowledge or information to form a belief as to the truth of the allegations

8    contained in said paragraph, and on that basis, denies each and every allegation contained

9    therein, and to the extent this paragraph again incorporates reference to alleged

10   "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

11   liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

12   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

13   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

14   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

15   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

16   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

17   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

18   CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

19   ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

20   RUSSELL.

21        25.    Responding to paragraph number twenty-eight of the complaint, defendant is

22   without sufficient knowledge or information to form a belief as to the truth of the allegations

23   contained in said paragraph, and on that basis, denies each and every allegation contained

24   therein, and to the extent this paragraph again incorporates reference to alleged

25   "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

26   liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

27   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

28   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

1    LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

2    CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

3    CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

4    BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

5    CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

6    ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

7    RUSSELL.  Further, while defendant admits as to the existence of the alleged alternate

8    entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

9    duty and/or acted with "conscious disregard" and/or had knowledge of any alleged risk(s) as

10    set forth therein) for any alleged tortious conduct of each alleged successor,

11    successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

12    product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

13    subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

14    member of, or funded, that researched, studied, manufactured, fabricated, designed,

15    modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

16    inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

17    re-branded, manufactured for others and advertised a certain product, namely asbestos, and

18    other products containing asbestos.

19        26.     Responding to paragraph number twenty-nine of the complaint, defendant is

20    without sufficient knowledge or information to form a belief as to the truth of the allegations

21    contained in said paragraph, and on that basis, denies each and every allegation contained

22    therein, and to the extent this paragraph again incorporates reference to alleged

23    "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

24    liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

25    ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

26    ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

27    LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

28    CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

1    CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

2    BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

3    CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

4    ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

5    RUSSELL. Further, while defendant admits as to the existence of the alleged alternate

6    entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

7    duty and/or acted with "conscious disregard" and/or had knowledge of any alleged risk(s) as

8    set forth therein) for any alleged tortious conduct of each alleged successor,

9    successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

10   product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

11   subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

12   member of, or funded, that researched, studied, manufactured, fabricated, designed,

13   modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

14   inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

15   re-branded, manufactured for others and advertised a certain product, namely asbestos, and

16   other products containing asbestos.

17        27.     Responding to paragraph number thirty of the complaint, defendant is without

18   sufficient knowledge or information to form a belief as to the truth of the allegations

19   contained in said paragraph, and on that basis, denies each and every allegation contained

20   therein, and to the extent this paragraph again incorporates reference to alleged

21   "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

22   liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

23   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

24   ARMOUR ARIZONA COMPANY, ARIZONA DIAL,  111 CORPORATION, BALDWIN

25   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

26   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

27   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

28   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

1 | CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

2 | ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

3 | RUSSELL. Further, while defendant admits as to the existence of the alleged alternate

4 | entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

5 | duty and/or consciously and actively concealed and suppressed knowledge and/or had

6 | knowledge of any alleged risk(s) as set forth therein) for any alleged tortious conduct of each

7 | alleged successor, successor-in-business, successor-in-product line or portion thereof, assign,

8 | predecessor, in product line or portion thereof, parent, holding company, affiliate, venturer,

9 | co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity

10 | that was a member of, or funded, that researched, studied, manufactured, fabricated,

11 | designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

12 | supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

13 | warranted, re-branded, manufactured for others and advertised a certain product, namely

14 | asbestos, and other products containing asbestos.

15 |        28.    Responding to paragraph number thirty-one of the complaint, defendant is

16 | without sufficient knowledge or information to form a belief as to the truth of the allegations

17 | contained in said paragraph, and on that basis, denies each and every allegation contained

18 | therein, and to the extent this paragraph again incorporates reference to alleged

19 | "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

20 | liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

21 | ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

22 | ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

23 | LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

24 | CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

25 | CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

26 | BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

27 | CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

28 | ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

1   RUSSELL.  Further, while defendant admits as to the existence of the alleged alternate

2   entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

3   duty and/or had knowledge of any alleged risk(s) as set forth therein and/or acted in

4   motivation by financial interest to the detriment of any alleged "exposed persons") for any

5   alleged tortious conduct of each alleged successor, successor-in-business,

6   successor-in-product line or portion thereof, assign, predecessor, in product line or portion

7   thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial

8   owner, or wholly or partially owned entity, or entity that was a member of, or funded, that

9   researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

10  distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

11  contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

12  others and advertised a certain product, namely asbestos, and other products containing

13  asbestos.

14          29.     Responding to paragraph number thirty-two of the complaint, defendant

15  denies each and every allegation contained therein, and to the extent this paragraph again

16  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

17  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

18  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

19  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

20  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

21  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

22  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

23  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

24  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

25  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

26  GRISCOM RUSSELL.  Further, while defendant admits as to the existence of the alleged

27  alternate entities, defendant specifically denies, that it made any implied warranties as

28  alleged and denies liability for any alleged tortious conduct of each alleged successor,

1  successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

2  product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

3  subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

4  member of, or funded, that researched, studied, manufactured, fabricated, designed,

5  modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

6  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

7  re-branded, manufactured for others and advertised a certain product, namely asbestos, and

8  other products containing asbestos.

9          30.      Responding to paragraph number thirty-three of the complaint, defendant

10  denies each and every allegation contained therein, and to the extent this paragraph again

11  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

12  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

13  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

14  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

15  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

16  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

17  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

18  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

19  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

20  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

21  GRISCOM RUSSELL.  Further, while defendant admits as to the existence of the alleged

22  alternate entities, defendant specifically denies, that it is liable (and/or otherwise is

23  responsible for any alleged cumulative exposure to various asbestos containing products) for

24  any alleged tortious conduct of each alleged successor, successor-in-business,

25  successor-in-product line or portion thereof, assign, predecessor, in product line or portion

26  thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial

27  owner, or wholly or partially owned entity, or entity that was a member of, or funded, that

28  researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

1  distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

2  contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

3  others and advertised a certain product, namely asbestos, and other products containing

4  asbestos.

5       31.     Responding to paragraph number thirty-four of the complaint, defendant

6  denies each and every allegation contained therein, and to the extent this paragraph again

7  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

8  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

9  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

10  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

11  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

12  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

13  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

14  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

15  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

16  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

17  GRISCOM RUSSELL.  Further, while defendant admits as to the existence of the alleged

18  alternate entities, defendant specifically denies, that it is liable (and/or otherwise is

19  responsible/made any alleged representation/implied warranty or for any alleged lack of

20  warning) for any alleged tortious conduct of each alleged successor, successor-in-business,

21  successor-in-product line or portion thereof, assign, predecessor, in product line or portion

22  thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial

23  owner, or wholly or partially owned entity, or entity that was a member of, or funded, that

24  researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

25  distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

26  contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

27  others and advertised a certain product, namely asbestos, and other products containing

28  asbestos.

ANSWER ON BEHALF OF VIAD CORP

1       32.    Responding to paragraph number thirty-five of the complaint, defendant is

2   without sufficient knowledge or information to form a belief as to the truth of the allegations

3   contained in said paragraph, and on that basis, denies each and every allegation contained

4   therein.  To the extent said paragraph incorporates by reference prior theories/allegations

5   pled, defendant likewise incorporates herein all prior paragraphs.

6       33.    Responding to plaintiffs' prayer for relief, defendant denies any entitlement

7   on the part of plaintiffs to any damages (general, punitive, income loss related, or otherwise)

8   and defendant further asserts that no specific cause of action for fraud is alleged, and

9   therefore, defendant denies that any "fraud" took place, and that any damages resulted from

10  any act of fraud.

11  **<u>AFFIRMATIVE DEFENSES</u>**

12  FIRST AFFIRMATIVE DEFENSE

13      The complaint fails to state facts sufficient to constitute any cause of action against

14  this answering defendant.

15  SECOND AFFIRMATIVE DEFENSE

16      Plaintiffs' claims are barred by the statute of limitations, including, but not limited to,

17  California Code of Civil Procedure §§338  sub. div. a, 340, 340.2, 343 and 337.

18  THIRD AFFIRMATIVE DEFENSE

19      The complaint does not state facts sufficient to justify an award of punitive damages.

20  The imposition of punitive damages as sought by plaintiffs would violate the rights of the

21  defendant under the Constitution of the United States and other potentially applicable State

22  Constitutions, and at common law, in that:

23      a)    An award of punitive damages would violate the rights of the defendant to

24  due process and equal protection of the laws, as guaranteed by the United States Constitution

25  and its Fourteenth Amendment, and similar protection afforded by other potentially

26  applicable State Constitutions.

27      b)    Applicable State law provides no Constitutionally adequate or meaningful

28  standards to guide a jury in imposing a punitive award, or to give the public, including the

1    defendants, a reasonable and Constitutionally required notice of the manner of conduct

2    which may submit it to such a sanction. As scienter is an indispensable element of a charge

3    of such conduct, the defendant should not be subjected to the risk of punishment for an

4    alleged offense as to which scienter is impossible as there are no ascertainable standards to

5    apply other than the whim of a jury.

6         c)    Applicable State law leaves the determination of the fact and amount of

7    punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or

8    meaningful limits to the exercise of that discretion. This constitutes a taking without due

9    process of law.

10        d)    No provision of the applicable State law provides adequate procedural

11   safeguards consistent with the criteria set forth in Mathews v. Eldridge, 424 US 319 (1976)

12   for the imposition of a punitive award.

13        e)    The right of the defendants to due process of law would be violated were

14   Plaintiffs to be permitted to pursue recovery against the defendant based upon strict liability

15   claims which focus on the condition of the product while simultaneously pursuing claims for

16   punitive damages that focus on the conduct of the defendant, since exculpatory evidence of

17   reasonable conduct may otherwise be inadmissible in a strict liability case.

18        f)    The concept of punitive damages whereby an award is made to a private

19   plaintiff, not as compensation, but as a windfall incident to the punishment of a defendant,

20   represents a taking of property without due process of law.

21        g)    Punitive damages are quasi-criminal in nature, application of the discovery

22   provisions of the Code of Civil Procedure would be inappropriate as those rules are not

23   intended to apply to a criminal proceeding.  The defendants, therefore, request that the court

24   limit any discovery requests which relate in any way to plaintiffs' requests for punitive

25   damages to that type of discovery which is permitted to be taken from a criminal defendant

26   pursuant to the applicable Code of Civil Procedure.

27   ///

28   ///

ANSWER ON BEHALF OF VIAD CORP

1

FOURTH AFFIRMATIVE DEFENSE

2      This answering defendant alleges that the complaint does not state facts sufficient to

3    justify "market share" liability as to the defendant.

4

FIFTH AFFIRMATIVE DEFENSE

5      Any injuries or damages alleged in this action proximately resulted from the

6    negligence and careless conduct of employers of the person injured. The recovery of

7    damages herein, if any, is barred or diminished to the extent worker's compensation benefits

8    have been or will be paid to such employee or heirs by any employer.

9

SIXTH AFFIRMATIVE DEFENSE

10      Plaintiffs' claims are barred by the Doctrine of Estoppel.

11

SEVENTH AFFIRMATIVE DEFENSE

12      At all times denying the allegations of plaintiffs' complaint, defendant is informed

13    and believe, and based upon said information and belief alleges, that plaintiffs voluntarily

14    and knowingly assumed the alleged risks and alleged hazards incident to the alleged

15    operations, acts and conduct at the times and places alleged in the complaint, and that

16    plaintiffs' acts proximately caused and contributed to the alleged injuries and damages, if any

17    such injuries or damages there were, or are.

18

EIGHTH AFFIRMATIVE DEFENSE

19      The damages allegedly sustained by plaintiffs, if any, were caused solely by the

20    negligence or other legal fault of persons, including plaintiffs, other than this answering

21    defendant. If defendant is in any way negligent or otherwise legally responsible, any

22    damages to which plaintiffs would otherwise be entitled should be reduced in proportion to

23    the amount of negligence or legal fault attributable to plaintiffs and other persons in causing

24    plaintiffs' injuries.

25

NINTH AFFIRMATIVE DEFENSE

26      Plaintiff failed to mitigate his alleged damages, if any there were.

27    ///

28    ///

ANSWER ON BEHALF OF VIAD CORP

1

TENTH AFFIRMATIVE DEFENSE

2

This answering defendant received no notice of any dangerous, hazardous or

3

defective condition or any breach of warranty, either express or implied.

4

ELEVENTH AFFIRMATIVE DEFENSE

5

Defendant did commit the alleged acts with any of the alleged products which

6

plaintiff alleges caused the injuries set forth in the complaint.

7

TWELFTH AFFIRMATIVE DEFENSE

8

If the products alleged in the complaint are found to have caused plaintiffs' injury,

9

which injury defendant expressly denies, such products were stored, maintained, exposed,

10

manufactured, supplied and/or distributed by others, and not defendant or the alleged

11

alternate entities in a manner consistent with the state of the art applicable at the time.

12

THIRTEENTH AFFIRMATIVE DEFENSE

13

At all times relevant to the alleged conditions, conduct or injuries, plaintiff had or

14

should have had notice and knowledge of the risks and dangers, if any, associated with such

15

conditions, conduct and injuries as any such risk or danger was open, obvious and apparent

16

to plaintiff, and that he appreciated the danger or risk, and voluntarily assumed any such

17

danger or risk.

18

FOURTEENTH AFFIRMATIVE DEFENSE

19

Defendant had no duty to know about, protect against or warn of any alleged risk of

20

harm from exposure to asbestos under the state of scientific and medical knowledge at the

21

applicable time.

22

FIFTEENTH AFFIRMATIVE DEFENSE

23

Plaintiffs' claims are barred by the Doctrine of Laches.

24

SIXTEENTH AFFIRMATIVE DEFENSE

25

The applicable punitive damages statutes are unconstitutional because they violate

26

the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

27

///

28

///

ANSWER ON BEHALF OF VIAD CORP.

1    SEVENTEENTH AFFIRMATIVE DEFENSE

2    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of

3 Article 1, Section 7 and the Excessive Fines Clause of Article 1, Section 17 of the

4 Constitution of the State of California.

5    EIGHTEENTH AFFIRMATIVE DEFENSE

6    Plaintiffs' claims are barred by the Doctrine of Waiver.

7    NINETEENTH AFFIRMATIVE DEFENSE

8    Defendant is protected from the allegations brought in plaintiffs' complaint by virtue

9 of the Worker's Compensation Exclusive Remedy Doctrine of California Labor Code section

10 3600, et seq.

11    TWENTIETH AFFIRMATIVE DEFENSE

12    Plaintiffs' claims are barred by the plaintiffs' implied assumption of the risks and

13 dangers, if any, associated with the alleged conditions, conduct or injuries set forth in

14 plaintiffs' complaint.

15    TWENTY-FIRST AFFIRMATIVE DEFENSE

16    The actions of this answering defendant were in conformity with the state of the

17 medical, industrial and scientific arts, such that there was no duty to warn decedent and/or

18 plaintiff under the circumstances, or to such an extent such a duty arose, defendant provided

19 adequate warnings, labels and/or instructions concerning the conditions or products in

20 question. If those warnings, labels and/or instructions were not heeded, it is the fault of

21 others and not of this answering defendant.

22    TWENTY-SECOND AFFIRMATIVE DEFENSE

23    This answering defendant made no representations to plaintiff. To the extent that the

24 alleged representations were made, they were made by persons and/or parties other than this

25 answering defendant.

26 ///

27 ///

28 ///

1                           TWENTY-THIRD AFFIRMATIVE DEFENSE

2          To the extent that any of the alleged representations were made to plaintiff, they were

3 not made with the intent to defraud or deceive plaintiff or to induce him to engage in any

4 alleged conduct.

5                       TWENTY-FOURTH AFFIRMATIVE DEFENSE

6          Plaintiff did not rely on any other representations made by this answering defendant.

7 To the extent that the plaintiff did rely on any alleged representations, such reliance was

8 unjustified.

9                        TWENTY-FIFTH AFFIRMATIVE DEFENSE

10          This answering defendant concealed no material facts nor made no affirmative

11 misrepresentation of fact to plaintiff. To the extent that any fact or facts were concealed from

12 plaintiff, such concealment was not made with the intent to defraud, deceive, or mislead

13 plaintiff to induce him to engage in any alleged conduct.

14                      TWENTY-SIXTH AFFIRMATIVE DEFENSE

15 This answering defendant denies that it is liable for any acts, conduct, omissions or products

16 of any alleged predecessor entity.

17                    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18          The plaintiffs' injuries and damages, if any, resulted from the failure of plaintiff to

19 use the safety equipment and/or safety precautions which may have been provided, warned

20 of, or made available to him.

21                      TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22          Defendant is entitled to a set-off from any and all sums recovered by or on behalf of

23 the plaintiff by way of any settlement, judgment, or otherwise which were or entered into or

24 received by plaintiff from any party or non-party to this action.

25                      TWENTY-NINTH AFFIRMATIVE DEFENSE

26          Plaintiffs' claims are barred by the Doctrine of Release.

27 ///

28 ///

ANSWER ON BEHALF OF VIAD CORP.

THIRTIETH AFFIRMATIVE DEFENSE

This answering defendant had no "actual knowledge" of the existence of a dangerous condition on any premises in question; that plaintiff had contracted an asbestos-related disease; that plaintiff were exposed to asbestos; or that friable asbestos existed on the premises.

THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal law.

THIRTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant is immune from liability by way of the military contractor defense.

THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join necessary parties to this action.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of exclusive concurrent jurisdiction.

**OTHER DEFENSES**

This answering defendant reserves the right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves its rights to amend its answer to allege said affirmative defenses at such time as they become known.

WHEREFORE, this answering defendant prays as follows:

1.    That plaintiffs take nothing by their complaint;

2.    For costs of suit incurred herein;

3.    For reasonable attorney's fees; and

4.    For such other and further relief as the Court may deem just and proper.

///

///

///

///

1

**DEMAND FOR JURY TRIAL**

2          Defendant VIAD hereby demands trial by jury.

3

4     Dated: February 22, 2008                    CHARTER DAVIS, LLP

5                                      By:

6                                            Whitney V. Davis
                                             Attorneys for Defendant VIAD CORP,
7                                            individually and as Alleged
                                             Successor-in-Interest to Griscom-Russell
8                                            Company

9

10

11

12

13

14

15

16                                          .

17

18

19

20

21

22

23

24

25

26

27

28

23
ANSWER ON BEHALF OF VIAD CORP.