1  WHITNEY A. DAVIS, SBN 149523
   CHARTER DAVIS, LLP
2  Attorneys at Law
   1730 I Street, Suite 240
3  Sacramento, California 95814
   Telephone:    (916) 448-9000
4  Facsimile:    (916) 448-9009

5  Attorneys for VIAD CORP, Individually
   and as Alleged Successor-in-Interest
6  to Griscom-Russell Company

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  JOHN L. DAVIS, WILLIAM LARSEN,         )   Federal Case No. 3:08- CV 08 0228 JSW
    JAMES PIERCE, SR., ROBERT              )
12  SCHOELZEL, NORRIS WALLACE,             )
    JAMES WATSON, ROBERT KACSUTA          )
13  and RICHARD EDDY,                      )   **AMENDED ANSWER OF VIAD CORP**
                                           )   **TO  COMPLAINT FOR ASBESTOS**
14                        Plaintiffs,      )   **PERSONAL INJURY/PRODUCTS**
                                           )   **LIABILITY**
15                                         )
    vs.                                    )   **DEMAND FOR JURY TRIAL**
16                                         )
    GENERAL ELECTRIC COMPANY, VIAD )
17  CORP., TODD SHIPYARDS                  )
    CORPORATION, GENERAL DYNAMICS )
18  CORPORATION, and BELL                  )
    HELICOPTER TEXTRON, INC.,              )
19                                         )
                          Defendants.      )
20  _____ )

21

22      In accordance with the Federal Rules of Civil Procedure, defendant Viad Corp,

23  individually and as alleged successor-in-interest to the Griscom-Russell Company

24  (hereinafter "VIAD") hereby answers the complaint filed by plaintiffs JOHN L. DAVIS and

25  ROBERT SCHOELZEL as follows:

26  ///

27  ///

28  ///

                                        1

# ANSWER TO COMPLAINT

1.    Responding to paragraph number one of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2.    Responding to paragraph number two of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

3.    Responding to paragraph number three of the complaint, and Exhibit A therein referred to and attached to the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4.    Responding to paragraph number four of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

5.    Responding to paragraph number five of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

6.    Responding to paragraph number six of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

7.    Responding to paragraph number seven of the complaint, defendant admits that Viad is based out of Arizona, but otherwise is without sufficient knowledge or

///

1   information to form a belief as to the truth of the allegations contained in said paragraph, and
2   on that basis, denies each and every allegation contained therein.

3       8.      Responding to paragraph number eight of the complaint, defendant is without
4   sufficient knowledge or information to form a belief as to the truth of the allegations
5   contained in said paragraph, and on that basis, denies each and every allegation contained
6   therein.

7       9.      Responding to paragraphs numbers nine, ten, eleven, and twelve, of the
8   complaint Defendant is without sufficient knowledge or information to form a belief as to
9   the truth of the allegations contained therein, and on that basis, denies each and every
10  allegation contained therein, and further, defendant denies that it is the legal successor to all
11  of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,
12  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.
13  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN
14  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON
15  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON
16  CORPORATION, BALDWIN LIMA HAMILTON CORPORATION,
17  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL
18  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,
19  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM
20  RUSSELL.  Further, while defendant admits as to the existence of the alleged alternate
21  entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any
22  duty) for any alleged tortious conduct of each alleged successor, successor-in-business,
23  successor-in-product line or portion thereof, assign, predecessor, in product line or portion
24  thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial
25  owner, or wholly or partially owned entity, or entity that was a member of, or funded, that
26  researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,
27  distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,
28  contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

1  others and advertised a certain product, namely asbestos, and other products containing

2  asbestos.

3       10.    Responding to paragraph number thirteen of the complaint, defendant denies

4  each and every allegation contained therein, and to the extent this paragraph again

5  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

6  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

7  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

8  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

9  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

10  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

11  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

12  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

13  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

14  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

15  GRISCOM RUSSELL.

16       11.    Responding to paragraph number fourteen of the complaint, and Exhibit A

17  referred to therein and attached to said complaint, defendant is without sufficient knowledge

18  or information to form a belief as to the truth of the allegations contained in said paragraph,

19  and on that basis, denies each and every allegation contained therein.

20       12.    Responding to paragraph number fifteen of the complaint, and Exhibit A

21  referred to therein and attached to said complaint, Defendant is without sufficient knowledge

22  or information to form a belief as to the truth of the allegations contained therein, and on that

23  basis, denies each and every allegation contained therein, and to the extent this paragraph

24  again incorporates reference to alleged "ALTERNATE ENTITIES," defendant denies that it

25  is the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

26  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

27  GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

28  DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE

1 | WORKS, LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

2 | BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

3 | CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

4 | THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

5 | INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

6 | GRISCOM RUSSELL.

7 |      13.   Responding to paragraph number sixteen of the complaint, defendant is without

8 | sufficient knowledge or information to form a belief as to the truth of the allegations

9 | contained in said paragraph, and on that basis, denies each and every allegation contained

10 | therein.

11 |      14.   Responding to paragraph number seventeen of the complaint, defendant is

12 | without sufficient knowledge or information to form a belief as to the truth of the allegations

13 | contained in said paragraph, and on that basis, denies each and every allegation contained

14 | therein.

15 |      15.   Responding to paragraph number eighteen of the complaint, defendant

16 | denies each and every allegation contained therein, and to the extent this paragraph again

17 | incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

18 | legal successor to all of the liabilities of alleged alternate entities of Viad Corp: ARMOUR

19 | AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

20 | CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

21 | CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

22 | LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

23 | BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

24 | CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

25 | THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

26 | INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

27 | GRISCOM RUSSELL. Further, while defendant admits as to the existence of the alleged

28 | alternate entities, defendant specifically denies, that it is liable (and/or otherwise

1  owed/breached any duty) for any alleged tortious conduct of each alleged successor,

2  successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

3  product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

4  subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

5  member of, or funded, that researched, studied, manufactured, fabricated, designed,

6  modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

7  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

8  re-branded, manufactured for others and advertised a certain product, namely asbestos, and

9  other products containing asbestos.

10      16.     Responding to paragraph number nineteen of the complaint, defendant is

11  without sufficient knowledge or information to form a belief as to the truth of the allegations

12  contained in said paragraph, and on that basis, denies each and every allegation contained

13  therein.

14      17.     Responding to paragraph number twenty of the complaint, defendant is

15  without sufficient knowledge or information to form a belief as to the truth of the allegations

16  contained in said paragraph, and on that basis, denies each and every allegation contained

17  therein.

18      18.     Responding to paragraph number twenty-one of the complaint, defendant

19  denies each and every allegation contained therein, and to the extent this paragraph again

20  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

21  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

22  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

23  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

24  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

25  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

26  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

27  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

28  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

1  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

2  GRISCOM RUSSELL.

3      19.    Responding to paragraph number twenty-two of the complaint, defendant

4  denies each and every allegation contained therein, and to the extent this paragraph again

5  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

6  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

7  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

8  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

9  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

10  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

11  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

12  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

13  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

14  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

15  GRISCOM RUSSELL.

16      20.    Responding to paragraph number twenty-three of the complaint, defendant

17  denies each and every allegation contained therein, and to the extent this paragraph again

18  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

19  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

20  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

21  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

22  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

23  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

24  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

25  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

26  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

27  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

28  GRISCOM RUSSELL.

7

1    21.    To the extent this complaint paragraph twenty-four merely incorporates by

2    reference all prior paragraphs of the complaint, defendant likewise incorporates by reference

3    paragraphs 1-23 herein, and is otherwise without sufficient knowledge or information to

4    form a belief as to the truth of the allegations contained in said paragraph, and on that basis,

5    denies each and every allegation contained therein.

6    22.    Responding to paragraph number twenty-five of the complaint, defendant

7    denies each and every allegation contained therein, and to the extent this paragraph again

8    incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

9    legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

10   AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

11   CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

12   CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

13   LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

14   BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

15   CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

16   THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

17   INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

18   GRISCOM RUSSELL.

19   23.    Responding to paragraph number twenty-six of the complaint, defendant is

20   without sufficient knowledge or information to form a belief as to the truth of the allegations

21   contained in said paragraph, and on that basis, denies each and every allegation contained

22   therein, and to the extent this paragraph again incorporates reference to alleged

23   "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

24   liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

25   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

26   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

27   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

28   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

1  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

2  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

3  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

4  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

5  RUSSELL.

6       24.    Responding to paragraph number twenty-seven of the complaint, defendant is

7  without sufficient knowledge or information to form a belief as to the truth of the allegations

8  contained in said paragraph, and on that basis, denies each and every allegation contained

9  therein, and to the extent this paragraph again incorporates reference to alleged

10  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

11  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

12  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

13  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

14  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

15  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

16  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

17  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

18  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

19  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

20  RUSSELL.

21       25.    Responding to paragraph number twenty-eight of the complaint, defendant is

22  without sufficient knowledge or information to form a belief as to the truth of the allegations

23  contained in said paragraph, and on that basis, denies each and every allegation contained

24  therein, and to the extent this paragraph again incorporates reference to alleged

25  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

26  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

27  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

28  ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

1 | LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON
2 | CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON
3 | CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,
4 | BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL
5 | CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,
6 | ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM
7 | RUSSELL.  Further, while defendant admits as to the existence of the alleged alternate
8 | entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any
9 | duty and/or acted with "conscious disregard" and/or had knowledge of any alleged risk(s) as
10 | set forth therein) for any alleged tortious conduct of each alleged successor,
11 | successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in
12 | product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,
13 | subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a
14 | member of, or funded, that researched, studied, manufactured, fabricated, designed,
15 | modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,
16 | inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
17 | re-branded, manufactured for others and advertised a certain product, namely asbestos, and
18 | other products containing asbestos.
19 |     26.    Responding to paragraph number twenty-nine of the complaint, defendant is
20 | without sufficient knowledge or information to form a belief as to the truth of the allegations
21 | contained in said paragraph, and on that basis, denies each and every allegation contained
22 | therein, and to the extent this paragraph again incorporates reference to alleged
23 | "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the
24 | liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,
25 | ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.
26 | ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN
27 | LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON
28 | CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

1   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

2   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

3   CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

4   ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

5   RUSSELL.  Further, while defendant admits as to the existence of the alleged alternate

6   entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

7   duty and/or acted with "conscious disregard" and/or had knowledge of any alleged risk(s) as

8   set forth therein) for any alleged tortious conduct of each alleged successor,

9   successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

10  product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

11  subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

12  member of, or funded, that researched, studied, manufactured, fabricated, designed,

13  modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

14  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

15  re-branded, manufactured for others and advertised a certain product, namely asbestos, and

16  other products containing asbestos.

17      27.    Responding to paragraph number thirty of the complaint, defendant is without

18  sufficient knowledge or information to form a belief as to the truth of the allegations

19  contained in said paragraph, and on that basis, denies each and every allegation contained

20  therein, and to the extent this paragraph again incorporates reference to alleged

21  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

22  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

23  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

24  ARMOUR ARIZONA COMPANY, ARIZONA DIAL,  111 CORPORATION, BALDWIN

25  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

26  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

27  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

28  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

11

1    CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

2    ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

3    RUSSELL. Further, while defendant admits as to the existence of the alleged alternate

4    entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

5    duty and/or consciously and actively concealed and suppressed knowledge and/or had

6    knowledge of any alleged risk(s) as set forth therein) for any alleged tortious conduct of each

7    alleged successor, successor-in-business, successor-in-product line or portion thereof, assign,

8    predecessor, in product line or portion thereof, parent, holding company, affiliate, venturer,

9    co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity

10   that was a member of, or funded, that researched, studied, manufactured, fabricated,

11   designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

12   supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

13   warranted, re-branded, manufactured for others and advertised a certain product, namely

14   asbestos, and other products containing asbestos.

15        28.    Responding to paragraph number thirty-one of the complaint, defendant is

16   without sufficient knowledge or information to form a belief as to the truth of the allegations

17   contained in said paragraph, and on that basis, denies each and every allegation contained

18   therein, and to the extent this paragraph again incorporates reference to alleged

19   "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

20   liabilities of alleged alternate entities of Viad Corp: ARMOUR AND COMPANY,

21   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G.

22   ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

23   LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

24   CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

25   CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

26   BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

27   CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

28   ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

1  RUSSELL. Further, while defendant admits as to the existence of the alleged alternate

2  entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any

3  duty and/or had knowledge of any alleged risk(s) as set forth therein and/or acted in

4  motivation by financial interest to the detriment of any alleged "exposed persons") for any

5  alleged tortious conduct of each alleged successor, successor-in-business,

6  successor-in-product line or portion thereof, assign, predecessor, in product line or portion

7  thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial

8  owner, or wholly or partially owned entity, or entity that was a member of, or funded, that

9  researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

10  distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

11  contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

12  others and advertised a certain product, namely asbestos, and other products containing

13  asbestos.

14      29.    Responding to paragraph number thirty-two of the complaint, defendant

15  denies each and every allegation contained therein, and to the extent this paragraph again

16  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

17  legal successor to all of the liabilities of alleged alternate entities of Viad Corp: ARMOUR

18  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

19  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

20  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

21  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

22  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

23  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

24  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

25  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

26  GRISCOM RUSSELL. Further, while defendant admits as to the existence of the alleged

27  alternate entities, defendant specifically denies, that it made any implied warranties as

28  alleged and denies liability for any alleged tortious conduct of each alleged successor,

1  successor-in-business, successor-in-product line or portion thereof, assign, predecessor, in

2  product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer,

3  subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that was a

4  member of, or funded, that researched, studied, manufactured, fabricated, designed,

5  modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

6  inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

7  re-branded, manufactured for others and advertised a certain product, namely asbestos, and

8  other products containing asbestos.

9         30.    Responding to paragraph number thirty-three of the complaint, defendant

10  denies each and every allegation contained therein, and to the extent this paragraph again

11  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

12  legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

13  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

14  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

15  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

16  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

17  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

18  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

19  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

20  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

21  GRISCOM RUSSELL.  Further, while defendant admits as to the existence of the alleged

22  alternate entities, defendant specifically denies, that it is liable (and/or otherwise is

23  responsible for any alleged cumulative exposure to various asbestos containing products) for

24  any alleged tortious conduct of each alleged successor, successor-in-business,

25  successor-in-product line or portion thereof, assign, predecessor, in product line or portion

26  thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial

27  owner, or wholly or partially owned entity, or entity that was a member of, or funded, that

28  researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

14

1 distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

2 contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

3 others and advertised a certain product, namely asbestos, and other products containing

4 asbestos.

5       31.    Responding to paragraph number thirty-four of the complaint, defendant

6 denies each and every allegation contained therein, and to the extent this paragraph again

7 incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the

8 legal successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

9 AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

10 CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

11 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

12 LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

13 BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

14 CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

15 THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

16 INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

17 GRISCOM RUSSELL.  Further, while defendant admits as to the existence of the alleged

18 alternate entities, defendant specifically denies, that it is liable (and/or otherwise is

19 responsible/made any alleged representation/implied warranty or for any alleged lack of

20 warning) for any alleged tortious conduct of each alleged successor, successor-in-business,

21 successor-in-product line or portion thereof, assign, predecessor, in product line or portion

22 thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial

23 owner, or wholly or partially owned entity, or entity that was a member of, or funded, that

24 researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

25 distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

26 contracted for installation, repaired, marketed, warranted, re-branded, manufactured for

27 others and advertised a certain product, namely asbestos, and other products containing

28 asbestos.

AMENDED ANSWER ON BEHALF OF VIAD CORP

32.     Responding to paragraph number thirty-five of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.  To the extent said paragraph incorporates by reference prior theories/allegations pled, defendant likewise incorporates herein all prior paragraphs.

33.     Responding to plaintiffs' prayer for relief, defendant denies any entitlement on the part of plaintiffs to any damages (general, punitive, income loss related, or otherwise) and defendant further asserts that no specific cause of action for fraud is alleged, and therefore, defendant denies that any "fraud" took place, and that any damages resulted from any act of fraud.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts sufficient to constitute any cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations, including, but not limited to, California Code of Civil Procedure §§338 sub. div. a, 340, 340.2, 343 and 337.

### THIRD AFFIRMATIVE DEFENSE

The complaint does not state facts sufficient to justify an award of punitive damages. The imposition of punitive damages as sought by plaintiffs would violate the rights of the defendant under the Constitution of the United States and other potentially applicable State Constitutions, and at common law, in that:

a)     An award of punitive damages would violate the rights of the defendant to due process and equal protection of the laws, as guaranteed by the United States Constitution and its Fourteenth Amendment, and similar protection afforded by other potentially applicable State Constitutions.

b)     Applicable State law provides no Constitutionally adequate or meaningful standards to guide a jury in imposing a punitive award, or to give the public, including the

1    defendants, a reasonable and Constitutionally required notice of the manner of conduct

2    which may submit it to such a sanction. As scienter is an indispensable element of a charge

3    of such conduct, the defendant should not be subjected to the risk of punishment for an

4    alleged offense as to which scienter is impossible as there are no ascertainable standards to

5    apply other than the whim of a jury.

6         c)    Applicable State law leaves the determination of the fact and amount of

7    punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or

8    meaningful limits to the exercise of that discretion. This constitutes a taking without due

9    process of law.

10        d)    No provision of the applicable State law provides adequate procedural

11   safeguards consistent with the criteria set forth in Mathews v. Eldridge, 424 US 319 (1976)

12   for the imposition of a punitive award.

13        e)    The right of the defendants to due process of law would be violated were

14   Plaintiffs to be permitted to pursue recovery against the defendant based upon strict liability

15   claims which focus on the condition of the product while simultaneously pursuing claims for

16   punitive damages that focus on the conduct of the defendant, since exculpatory evidence of

17   reasonable conduct may otherwise be inadmissible in a strict liability case.

18        f)    The concept of punitive damages whereby an award is made to a private

19   plaintiff, not as compensation, but as a windfall incident to the punishment of a defendant,

20   represents a taking of property without due process of law.

21        g)    Punitive damages are quasi-criminal in nature, application of the discovery

22   provisions of the Code of Civil Procedure would be inappropriate as those rules are not

23   intended to apply to a criminal proceeding.  The defendants, therefore, request that the court

24   limit any discovery requests which relate in any way to plaintiffs' requests for punitive

25   damages to that type of discovery which is permitted to be taken from a criminal defendant

26   pursuant to the applicable Code of Civil Procedure.

27   ///

28   ///

FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that the complaint does not state facts sufficient to justify "market share" liability as to the defendant.

FIFTH AFFIRMATIVE DEFENSE

Any injuries or damages alleged in this action proximately resulted from the negligence and careless conduct of employers of the person injured. The recovery of damages herein, if any, is barred or diminished to the extent worker's compensation benefits have been or will be paid to such employee or heirs by any employer.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Estoppel.

SEVENTH AFFIRMATIVE DEFENSE

At all times denying the allegations of plaintiffs' complaint, defendant is informed and believe, and based upon said information and belief alleges, that plaintiffs voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts and conduct at the times and places alleged in the complaint, and that plaintiffs' acts proximately caused and contributed to the alleged injuries and damages, if any such injuries or damages there were, or are.

EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiffs, if any, were caused solely by the negligence or other legal fault of persons, including plaintiffs, other than this answering defendant. If defendant is in any way negligent or otherwise legally responsible, any damages to which plaintiffs would otherwise be entitled should be reduced in proportion to the amount of negligence or legal fault attributable to plaintiffs and other persons in causing plaintiffs' injuries.

NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages, if any there were.

///

///

AMENDED ANSWER ON BEHALF OF VIAD CORP.

TENTH AFFIRMATIVE DEFENSE

This answering defendant received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either express or implied.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant did commit the alleged acts with any of the alleged products which plaintiff alleges caused the injuries set forth in the complaint.

TWELFTH AFFIRMATIVE DEFENSE

If the products alleged in the complaint are found to have caused plaintiffs' injury, which injury defendant expressly denies, such products were stored, maintained, exposed, manufactured, supplied and/or distributed by others, and not defendant or the alleged alternate entities in a manner consistent with the state of the art applicable at the time.

THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the alleged conditions, conduct or injuries, plaintiff had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct and injuries as any such risk or danger was open, obvious and apparent to plaintiff, and that he appreciated the danger or risk, and voluntarily assumed any such danger or risk.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant had no duty to know about, protect against or warn of any alleged risk of harm from exposure to asbestos under the state of scientific and medical knowledge at the applicable time.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Laches.

SIXTEENTH AFFIRMATIVE DEFENSE

The applicable punitive damages statutes are unconstitutional because they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

///

///

1              SEVENTEENTH AFFIRMATIVE DEFENSE

2        Plaintiffs' claims for punitive damages are barred by the Due Process Clause of

3   Article 1, Section 7 and the Excessive Fines Clause of Article 1, Section 17 of the

4   Constitution of the State of California.

5              EIGHTEENTH AFFIRMATIVE DEFENSE

6        Plaintiffs' claims are barred by the Doctrine of Waiver.

7              NINETEENTH AFFIRMATIVE DEFENSE

8        Defendant is protected from the allegations brought in plaintiffs' complaint by virtue

9   of the Worker's Compensation Exclusive Remedy Doctrine of California Labor Code section

10  3600, et seq.

11             TWENTIETH AFFIRMATIVE DEFENSE

12       Plaintiffs' claims are barred by the plaintiffs' implied assumption of the risks and

13  dangers, if any, associated with the alleged conditions, conduct or injuries set forth in

14  plaintiffs' complaint.

15             TWENTY-FIRST AFFIRMATIVE DEFENSE

16       The actions of this answering defendant were in conformity with the state of the

17  medical, industrial and scientific arts, such that there was no duty to warn decedent and/or

18  plaintiff under the circumstances, or to such an extent such a duty arose, defendant provided

19  adequate warnings, labels and/or instructions concerning the conditions or products in

20  question. If those warnings, labels and/or instructions were not heeded, it is the fault of

21  others and not of this answering defendant.

22             TWENTY-SECOND AFFIRMATIVE DEFENSE

23       This answering defendant made no representations to plaintiff.  To the extent that the

24  alleged representations were made, they were made by persons and/or parties other than this

25  answering defendant.

26  ///

27  ///

28  ///

AMENDED ANSWER ON BEHALF OF VIAD CORP

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2   To the extent that any of the alleged representations were made to plaintiff, they were

3   not made with the intent to defraud or deceive plaintiff or to induce him to engage in any

4   alleged conduct.

5

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

6   Plaintiff did not rely on any other representations made by this answering defendant.

7   To the extent that the plaintiff did rely on any alleged representations, such reliance was

8   unjustified.

9

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

10   This answering defendant concealed no material facts nor made no affirmative

11   misrepresentation of fact to plaintiff. To the extent that any fact or facts were concealed from

12   plaintiff, such concealment was not made with the intent to defraud, deceive, or mislead

13   plaintiff to induce him to engage in any alleged conduct.

14

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

15   This answering defendant denies that it is liable for any acts, conduct, omissions or products

16   of any alleged predecessor entity.

17

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18   The plaintiffs' injuries and damages, if any, resulted from the failure of plaintiff to

19   use the safety equipment and/or safety precautions which may have been provided, warned

20   of, or made available to him.

21

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22   Defendant is entitled to a set-off from any and all sums recovered by or on behalf of

23   the plaintiff by way of any settlement, judgment, or otherwise which were or entered into or

24   received by plaintiff from any party or non-party to this action.

25

### TWENTY-NINTH AFFIRMATIVE DEFENSE

26   Plaintiffs' claims are barred by the Doctrine of Release.

27   ///

28   ///

AMENDED ANSWER ON BEHALF OF VIAD CORP.

1    THIRTIETH AFFIRMATIVE DEFENSE

2    This answering defendant had no "actual knowledge" of the existence of a dangerous

3    condition on any premises in question; that plaintiff had contracted an asbestos-related

4    disease; that plaintiff were exposed to asbestos; or that friable asbestos existed on the

5    premises.

6    THIRTY-FIRST AFFIRMATIVE DEFENSE

7    Plaintiffs' claims are preempted by federal law.

8    THIRTY-SECOND AFFIRMATIVE DEFENSE

9    This answering defendant is immune from liability by way of the military contractor

10   defense.

11   THIRTY-THIRD AFFIRMATIVE DEFENSE

12   Plaintiffs' claims are barred for failure to join necessary parties to this action.

13   THIRTY-FOURTH AFFIRMATIVE DEFENSE

14   Plaintiffs' claims are barred by the doctrine of exclusive concurrent jurisdiction.

15   **OTHER DEFENSES**

16   This answering defendant reserves the right to allege other affirmative defenses as

17   they may become known during the course of discovery, and hereby specifically reserves its

18   rights to amend its answer to allege said affirmative defenses at such time as they become

19   known.

20   WHEREFORE, this answering defendant prays as follows:

21   1.    That plaintiffs take nothing by their complaint;

22   2.    For costs of suit incurred herein;

23   3.    For reasonable attorney's fees; and

24   4.    For such other and further relief as the Court may deem just and proper.

25   ///

26   ///

27   ///

28   ///

AMENDED ANSWER ON BEHALF OF VIAD CORP.

1

## DEMAND FOR JURY TRIAL

2      Defendant VIAD hereby demands trial by jury.

3

4    Dated: February 25, 2008              CHARTER DAVIS, LLP

5                                    By:

6                                         Whitney A. Davis
                                          Attorneys for Defendant VIAD CORP,
7                                         individually and as Alleged
                                          Successor-in-Interest to Griscom-Russell
8                                         Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED ANSWER ON BEHALF OF VIAD CORP