ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

**THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN L. DAVIS, et al. ) | No. C08-228-JSW |
| Plaintiffs, ) | |
| vs. ) | |
| ) | PLAINTIFFS' RESPONSE TO THE |
| GENERAL ELECTRIC COMPANY, et al ) | COURT'S ORDER TO SHOW CAUSE |
| Defendants. ) | |
| ) | Filing Deadline: March 3, 2008 |

In response to the Court's Order to Show Cause of February 26, 2008 (Document 19), Plaintiffs respectfully respond that this action should be stayed pending determination by the Judicial Panel on Multi-district Litigation as to whether this action should be transferred to Asbestos MDL #875. For the following reasons, Plaintiffs believe a stay of this action would promote judicial efficiency, allow consistency in pretrial rulings, and be most convenient to the parties. In support of this response, Plaintiffs show to the Court the following:

On February 21, 2008, Defendant GENERAL ELECTRIC COMPANY filed Documents 9 and 10, a Notice to Tag Along Action and letter to the Judicial Panel on Multidistrict Litigation ("JPML") regarding the pending Multidistrict Litigation ("MDL") in the Eastern District of Pennsylvania, seeking among other things, to move Jurisdiction of this matter to that

District pursuant to 28 U.S.C. § 1407.

On February 22, 2008, Defendant TODD SHIPYARDS CORPORATION filed a similar notice to tag-along to the MDL (Document 11, attachment 3).

On July 29, 1991, the JPML entered an order transferring all asbestos personal injury cases pending in the federal courts to the United States District Court for the Eastern District of Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 (*In re Asbestos Products Liability Litigation (no. VI). MDL No. 875.*, 771 F.Supp. 415 (1991)). That order also applies to "tag-along actions," or actions involving common questions of fact filed after January 17, 1991. Such actions are to be transferred to the eastern District of Pennsylvania as part of MDL 875, for coordinated pretrial proceedings.

The JPML has held that a district court has the authority to stay pending a transfer order. *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.")

Based on the past experience, counsel for Plaintiff is certain the JPML will eventually transfer this matter to the Honorable James T. Giles of the Eastern District of Pennsylvania, the Judge designated by the JPML with jurisdiction over all pretrial matters for all Asbestos cases. Counsel further submits that it likely the dates set forth in the Court's Case Management Orders, including the deadlines imposed by Federal Rules of Civil Procedure 26, will come to pass before the Clerk of the JPML acts.

The deadlines set by the Case Management Orders are premature. Plaintiffs expect that Judge Giles will issue his own orders to coordinate discovery, not only within this case but between all other related actions already in the MDL, and therefore further pretrial management of this case should be stayed until Jurisdiction is transferred to Judge Giles by the JPML.

For these reasons, Plaintiffs also believe that the Defendant BELL HELICOPTER TEXTRON, INC.'s Motion for Dismissal for Failure to Join Necessary Parties or alternatively, for Order Requiring Joinder of Necessary Parties or Dismissal for Failure to Join Indispensable

1  Parties, filed February 24, 2008, Document 12, should be stayed for determination by Judge
2  Giles.   Defendant's motion is best decided by Judge Giles who can determine the motion in
3  conjunction with his administration of pretrial matters.
4      THEREFORE, due to the pending action by the Clerk of the JPML, and for the other
5  reasons stated herein, Plaintiffs respectfully suggest to the Court that the Court vacate its Case
6  Management Orders and stay this action, including hearings on Defendant BELL HELICOPTER
7  TEXTRON, INC.'s motion, pending the JPML's decision to transfer.
8  Dated: February 26, 2008                           BRAYTON❖PURCELL LLP
9                                                     /s/  Lloyd F. LeRoy

                                                    By: _____
                                                       Lloyd F. LeRoy
                                                       Attorneys for Plaintiffs

K:\Injured\108837\response to OSC.wpd                3
PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE  – C08-228-JSW

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN L. DAVIS, et al. | No. C08-228-JSW |
| Plaintiffs, | |
| vs. | DECLARATION OF LLOYD F. LEROY IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE |
| GENERAL ELECTRIC COMPANY, et al | |
| Defendants. | |
| | Filing Deadline: March 3, 2008 |

I, Lloyd F. LeRoy, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California, and before the United States District Court for the Northern District of California and am a partner with the law firm of Brayton❖Purcell LLP, attorneys of record for plaintiffs herein.

2. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify to the following:

////
////
////

K:\Injured\108837\decl support response to OSC.wpd    1
DECLARATION OF LLOYD F. LEROY IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE–
C08-228-JSW

3. As reflected on the docket of the Court, Defendants GENERAL ELECTRIC COMPANY and TODD SHIPYARDS CORPORATION have filed Notice to Tag Along Action addressed to the Judicial Panel on Multidistrict Litigation ("JPML") seeking among other things, to move Jurisdiction of this matter to that District pursuant to 28 U.S.C. § 1407.

4. Based on past experience, I am certain the JPML will eventually transfer this matter to the Honorable James T. Giles of the Eastern District of Pennsylvania, the Judge designated by the JPML with jurisdiction over all pretrial matters for all Asbestos cases.

5. Experience has also shown that it is likely that the dates set forth in the Court's Case Management Orders, including the deadlines imposed by Federal Rules of Civil Procedure 26, will come to pass before the Clerk of the JPML acts.

6. I expect that Judge Giles will issue his own orders to coordinate discovery, not only within this case but between all other related actions already in the MDL, and therefore further pretrial management of this case should be stayed until Jurisdiction is transferred to Judge Giles by the JPML.

7. I believe that it would be in the best interests of the Plaintiffs to stay the entire action pending transfer of this case into the MDL.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on this 26th day of February, 2008, at Novato, California.

/s/ Lloyd F. LeRoy

Lloyd F. LeRoy