

1  GABRIEL A. JACKSON, State Bar No. 98119
   DANIEL D. O'SHEA, State Bar No. 238534
2  JACKSON & WALLACE LLP
   55 Francisco Street, 6th Floor
3  San Francisco, CA 94133
   Tel:   415.982.6300
4  Fax:  415.982.6700

5  Attorneys for Defendants
   GENERAL DYNAMICS CORPORATION
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO  DIVISION

11

12  JOHN L. DAVIS, WILLIAM LARSEN,          Case No.  CV-080228-USDC-ND
    JAMES PIERCE, Sr., ROBERT
13  SCHOELZEL, NORRIS WALLACE,              **GENERAL DYNAMICS**
    JAMES WATSON, ROBERT KACSUTA,           **CORPORATION'S ANSWER TO**
14  AND RICHARD EDDY,                       **COMPLAINT FOR ASBESTOS**
                                            **PERSONAL INJURY/PRODUCTS**
15                    Plaintiffs,           **LIABILITY;**

16         v.                               **DEMAND FOR JURY TRIAL**

17  GENERAL ELECTRIC COMPANY, et            **CERTIFICATION OF INTERESTED**
    al.,                                    **ENTITIES OR PERSONS**
18
                      Defendants.
19

20         Defendant GENERAL DYNAMICS  CORPORATION ("GENERAL DYNAMICS  or

21  "Defendant") makes the following answer to the allegations made in Plaintiffs' Complaint for

22  Asbestos Personal Injury/Products Liability, filed on January 14, 2008, as to plaintiff Robert L.

23  White, Deceased ("Plaintiff") only as follows:

24         1.     GENERAL DYNAMICS denies the  allegations contained in paragraph 1.

25         2.     GENERAL DYNAMICS denies the  allegations contained in paragraph 2.

26         3.     GENERAL DYNAMICS denies the allegations contained in paragraph 3, and

27  Exhibit A which is incorporated by reference therein.

28         4.     To the extent that paragraph 4 of the complaint consists of allegations of fact as to

JACKSON & WALLACE
LLP
SAN FRANCISCO

C:\NrPortbl\iManage\VXC1515520

1    plaintiff, GENERAL DYNAMICS lacks sufficient knowledge or information to form a belief as

2    to the truth of the allegations of paragraph 4, and on such basis the allegations are denied. To the

3    extent that paragraph 4 of the complaint consists of allegations of fact as to other defendants,

4    GENERAL DYNAMICS lacks sufficient knowledge or information to form a belief as to the

5    truth of the allegations of paragraph 4, and on such basis the allegations are denied.

6        5.    To the extent that paragraph 5 of the complaint consists of allegations of fact as to

7    plaintiff, GENERAL DYNAMICS lacks sufficient knowledge or information to form a belief as

8    to the truth of the allegations of paragraph 5, and on such basis the allegations are denied. To the

9    extent that paragraph 5 of the complaint consists of allegations of fact as to other defendants,

10   GENERAL DYNAMICS lacks sufficient knowledge or information to form a belief as to the

11   truth of the allegations of paragraph 5, and on such basis the allegations are denied.

12       6.    To the extent that paragraph 6 of the complaint consists of allegations of fact as to

13   other defendants, GENERAL DYNAMICS lacks sufficient knowledge or information to form a

14   belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are

15   denied.

16       7.    To the extent that paragraph 8 of the complaint consists of allegations of facts as to

17   Plaintiff, GENERAL DYNAMICS lacks sufficient knowledge or information to form a belief as

18   to the truth of the allegations of paragraph 8 and on such basis the allegations are denied. To the

19   extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants,

20   GENERAL DYNAMICS lacks sufficient knowledge or information to form a belief as to the

21   truth of the allegations of paragraph 8, and on such basis the allegations are denied. GENERAL

22   DYNAMICS admits that it is a corporation incorporated under the laws of Delaware. GENERAL

23   DYNAMICS lacks knowledge or information to form a belief as to the truth of the allegation that

24   this court has original jurisdiction under 25 USC Section 1332 and on such basis denies the

25   allegation.

26       8.    To the extent that paragraph 8 of the complaint consists of conclusions of law,

27   GENERAL DYNAMICS is not required to respond to it. To the extent that paragraph 8 of the

28   complaint consists of allegations of fact as to other defendants, GENERAL DYNAMICS lacks

1   sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph

2   8, and on such basis the allegations are denied. GENERAL DYNAMICS lacks sufficient

3   knowledge or information to form a belief as to the truth of plaintiff's allegation that the Northern

4   District of California is the proper venue for this case, and on such basis denies the allegation.

5        9.    GENERAL DYNAMICS denies each and every allegation in paragraph 9 with

6   respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information and belief

7   as to the allegations contained in paragraph 9 with respect to the remaining defendants and on that

8   basis denies each and every allegation therein.

9        10.   GENERAL DYNAMICS denies each and every allegation in paragraph 10 with

10  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information and belief

11  as to the allegations contained in paragraph 10 with respect to the remaining defendants and on

12  that basis denies each and every allegation therein.

13       11.   GENERAL DYNAMICS denies each and every allegation in paragraph 11 with

14  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information and belief

15  as to the allegations contained in paragraph 11 with respect to the remaining defendants and on

16  that basis denies each and every allegation therein.

17       12.   GENERAL DYNAMICS denies each and every allegation in paragraph 12 with

18  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information and belief

19  as to the allegations contained in paragraph 12 with respect to the remaining defendants and on

20  that basis denies each and every allegation therein.

21       13.   GENERAL DYNAMICS denies each and every allegation in paragraph 13 with

22  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information and belief

23  as to the allegations contained in paragraph 13 with respect to the remaining defendants and on

24  that basis denies each and every allegation therein.

25       14.   GENERAL DYNAMICS denies the allegation contained in paragraph 14 that

26  "[p]laintiffs have  used, handled, or been otherwise exposed to asbestos and asbestos-containing

27  products referred to herein in a manner that was reasonably foreseeable."  GENERAL

28  DYNAMICS is without information and belief as to the remaining allegations contained in

1  paragraph 14, and Exhibit A which is incorporated therein by reference, and on that basis denies

2  each and every remaining allegation.

3      15.    GENERAL DYNAMICS denies each and every allegation in paragraph 15, and

4  Exhibit A which is incorporated by reference therein, with respect to GENERAL DYNAMICS.

5  GENERAL DYNAMICS is without information and belief as to the allegations contained in

6  paragraph 15, and Exhibit A which is incorporated by reference therein, with respect to the

7  remaining defendants and on that basis denies each and every allegation therein.

8      16.    GENERAL DYNAMICS denies each and every allegation contained in paragraph

9      17.    To the extent that paragraph 17 of the complaint consists of allegations of fact as

10  to Plaintiff, GENERAL DYNAMICS lacks sufficient information or knowledge to form a belief

11  as to the truth of the allegations of paragraph 17, and on such basis the allegations are denied.

12      18.    GENERAL DYNAMICS denies each and every allegation in paragraph 18 with

13  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

14  to the allegations contained in paragraph 18 with respect to the remaining defendants and on that

15  basis denies each and every allegation therein.

16      19.    GENERAL DYNAMICS denies each and every allegation in paragraph 19 with

17  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

18  to the allegations contained in paragraph 19 with respect to the remaining defendants and on that

19  basis denies each and every allegation therein.

20      20.    GENERAL DYNAMICS denies each and every allegation in paragraph 20 with

21  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

22  to the allegations contained in paragraph 20 with respect to the remaining defendants and on that

23  basis denies each and every allegation therein.

24      21.    GENERAL DYNAMICS denies each and every allegation in paragraph 21 with

25  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

26  to the allegations contained in paragraph 21 with respect to the remaining defendants and on that

27  basis denies each and every allegation therein.

28      22.    GENERAL DYNAMICS denies each and every allegation in paragraph 22 with

1   respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

2   to the allegations contained in paragraph 22 with respect to the remaining defendants and on that

3   basis denies each and every allegation therein.

4        23.   GENERAL DYNAMICS denies each and every allegation in paragraph 23 with

5   respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

6   to the allegations contained in paragraph 23 with respect to the remaining defendants and on that

7   basis denies each and every allegation therein.

8        24.   GENERAL DYNAMICS incorporates by this reference, as though fully set forth

9   herein, its responses to the allegations contained in each paragraph of the First Cause of Action in

10  the complaint.

11       25.   GENERAL DYNAMICS denies each and every allegation in paragraph 25 with

12  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

13  to the allegations contained in paragraph 25 with respect to the remaining defendants and on that

14  basis denies each and every allegation therein.

15       26.   GENERAL DYNAMICS denies each and every allegation with respect to

16  GENERAL DYNAMICS and is without information and belief as to those same remaining

17  allegations with respect to the remaining defendants and on that basis denies each and every

18  remaining allegation.

19       27.   To the extent that paragraph 27 contains allegations of fact as to plaintiffs,

20  GENERAL DYNAMICS lacks knowledge sufficient to respond. GENERAL DYNAMICS denies

21  each and every allegation with respect to GENERAL DYNAMICS and is without information

22  and belief as to those same remaining allegations with respect to the remaining defendants and on

23  that basis denies each and every remaining allegation.

24       28.   GENERAL DYNAMICS denies each and every allegation in paragraph 28 with

25  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

26  to the allegations contained in paragraph 28 with respect to the remaining defendants and on that

27  basis denies each and every allegation therein.

28       29.   GENERAL DYNAMICS denies each and every allegation in paragraph 29 with

1  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

2  to the allegations contained in paragraph 29 with respect to the remaining defendants and on that

3  basis denies each and every allegation therein.

4       30.    GENERAL DYNAMICS denies each and every allegation in paragraph 30 with

5  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

6  to the allegations contained in paragraph 30 with respect to the remaining defendants and on that

7  basis denies each and every allegation therein.

8       31.    GENERAL DYNAMICS denies each and every allegation in paragraph 31 with

9  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

10  to the allegations contained in paragraph 31 with respect to the remaining defendants and on that

11  basis denies each and every allegation therein.

12       32.    GENERAL DYNAMICS denies each and every allegation in paragraph 32 with

13  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

14  to the allegations contained in paragraph 32 with respect to the remaining defendants and on that

15  basis denies each and every allegation therein.

16       33.    GENERAL DYNAMICS denies each and every allegation in paragraph 33 with

17  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

18  to the allegations contained in paragraph 33 with respect to the remaining defendants and on that

19  basis denies each and every allegation therein.

20       34.    GENERAL DYNAMICS denies each and every allegation in paragraph 34 with

21  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

22  to the allegations contained in paragraph 34 with respect to the remaining defendants and on that

23  basis denies each and every allegation therein.

24       35.    GENERAL DYNAMICS denies each and every allegation in paragraph 35 with

25  respect to GENERAL DYNAMICS. GENERAL DYNAMICS is without information or belief as

26  to the allegations contained in paragraph 36 with respect to the remaining defendants and on that

27  basis denies each and every allegation therein.

28  //

1

**AFFIRMATIVE DEFENSES**

2      By alleging the Separate and Additional Affirmative Defenses set forth below,

3  GENERAL DYNAMICS is not in any way agreeing or conceding that it has the burden of proof

4  or burden of persuasion on any of these issues.

5

*FIRST AFFIRMATIVE DEFENSE*

6      Neither the Complaint nor any purported cause of action alleged by the plaintiff therein

7  states facts sufficient to constitute a cause of action against Defendant.

8

*SECOND AFFIRMATIVE DEFENSE*

9      Neither the Complaint nor any purported cause of action alleged therein states facts

10  sufficient to entitle plaintiff to an award of punitive damages against Defendant.

11

*THIRD AFFIRMATIVE DEFENSE*

12      The imposition of any punitive damages in this matter would deprive Defendant of its

13  property without due process of law under the California Constitution and United States

14  Constitution.

15

*FOURTH AFFIRMATIVE DEFENSE*

16      The imposition of any punitive damages in this matter would violate the United States

17  Constitution's prohibition against laws impairing the obligation of contracts.

18

*FIFTH AFFIRMATIVE DEFENSE*

19      The imposition of any punitive damages in this matter would constitute a criminal fine or

20  penalty and should, therefore, be remitted on the ground that the award violates the United States

21  Constitution.

22

*SIXTH AFFIRMATIVE DEFENSE*

23      Plaintiff's action, and each alleged cause of action, is barred by the applicable statute of

24  limitations, including but not limited to California Code of Civil Procedure, sections 335.1, 338,

25  340.2, and 340(3).

26

*SEVENTH AFFIRMATIVE DEFENSE*

27      Plaintiff unreasonably delayed in bringing this action, without good cause therefore, and

28  thereby has prejudiced Defendant as a direct and proximate result of such delay; accordingly, his

1    action is barred by laches and by section 583.110 *et. seq.* of the Code of Civil Procedure.

2                    *EIGHTH AFFIRMATIVE DEFENSE*

3          Plaintiff was negligent in and about the matters alleged in the Complaint and in each

4    alleged cause of action; this negligence proximately caused, in whole or in part, the damages

5    alleged in the Complaint.  In the event plaintiff is entitled to any damages, the amount of these

6    damages should be reduced by the comparative fault of plaintiff and any person whose negligent

7    acts or omissions are imputed to plaintiff.

8                    *NINTH AFFIRMATIVE DEFENSE*

9          Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the risks

10    and hazards, if any, referred to in the Complaint and each alleged cause of action, and this

11    undertaking proximately caused and contributed to any loss, injury or damages incurred by

12    plaintiff.

13                    *TENTH AFFIRMATIVE DEFENSE*

14          Any loss, injury or damage incurred by plaintiff was proximately caused by the negligent

15    or willful acts or omissions of parties whom Defendant neither controlled nor had the right to

16    control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

17                    *ELEVENTH AFFIRMATIVE DEFENSE*

18          The products referred to in the Complaint were misused, abused or altered by plaintiff or

19    by others; the misuse, abuse or alteration was not reasonably foreseeable to Defendant, and

20    proximately caused any loss, injury or damages incurred by plaintiff.

21                    *TWELFTH AFFIRMATIVE DEFENSE*

22          Plaintiff failed to exercise due diligence to mitigate his loss, injury or damages;

23    accordingly, the amount of damages to which plaintiff is entitled, if any, should be reduced by the

24    amount of damages which would have otherwise been mitigated.

25                    *THIRTEENTH AFFIRMATIVE DEFENSE*

26          The Court lacks subject matter jurisdiction over the matters alleged in the Complaint

27    because the Complaint and each alleged cause of action against Defendant are barred by the

28    provisions of California Labor Code, section 3600, et seq.

1                       *FOURTEENTH AFFIRMATIVE DEFENSE*

2         Defendant alleges that at the time of the injuries alleged in the Complaint, plaintiff was

3 employed and was entitled to receive Workers' Compensation benefits from his employer's

4 workers' compensation insurance carrier; that all of plaintiff's employers, other than Defendant,

5 were negligent in and about the matters referred to in said Complaint, and that such negligence on

6 the part of said employers proximately and concurrently contributed to the happening of the

7 accident and to the loss or damage complained of by plaintiff, if any there were; and that by

8 reason thereof Defendant is entitled to set off and/or reduce any such workers' compensation

9 benefits received or to be received by plaintiff against any judgment which may be rendered in

10 favor of plaintiff.  (*Witt v. Jackson*, 57 Cal.2d 57, 366 P.2d 641)

11                       *FIFTEENTH AFFIRMATIVE DEFENSE*

12         Defendant alleges that at the time of the injuries alleged in the Complaint, plaintiff's

13 employers were negligent in and about the matters referred to in said Complaint, and that such

14 negligence on the part of said employers proximately and concurrently contributed to any loss or

15 damage, including non-economic damages, complained of by plaintiff, if any there were; and that

16 Defendant is not liable for said employers' proportionate share of non-economic damages.

17                       *SIXTEENTH AFFIRMATIVE DEFENSE*

18         Defendant alleges that at the time of the injuries alleged in the Complaint, parties other

19 than this Defendant were negligent in and about the matters referred to in said Complaint, and

20 that such negligence on the part of said parties proximately and concurrently contributed to any

21 loss or damage, including non-economic damages, complained of by plaintiff, if any there were;

22 and that Defendant herein shall not be liable for said parties' proportionate share of non-economic

23 damages pursuant to California Civil Code Sections 1431.1 through 1431.5.

24                       *SEVENTEENTH AFFIRMATIVE DEFENSE*

25         Defendant alleges that at all times relative to matters alleged in the Complaint, all of

26 plaintiff's employers, other than Defendant, were sophisticated users of asbestos-containing

27 products and said employers' negligence in providing the product to their employees in a

28 negligent, careless and reckless manner was a superseding cause of plaintiff's injuries, if any.

1

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

2    If plaintiff has received, or in the future may receive, Worker's Compensation benefits

3    from Defendant under the Labor Code of the State of California as a consequence of the alleged

4    industrial injury referred to in the Complaint, and in the event plaintiff is awarded damages

5    against Defendant, Defendant claims a credit against this award to the extent that Defendant is

6    barred from enforcing its rights to reimbursement for Worker's Compensation benefits that

7    plaintiff has received or may in the future receive.

8

### *NINETEENTH AFFIRMATIVE DEFENSE*

9    If plaintiff has received, or in the future may receive Worker's Compensation benefits

10    from Defendant under the Labor Code of the State of California as a consequence of the alleged

11    industrial injury referred to in the Complaint, Defendant demands repayment of any such

12    Worker's Compensation benefits in the event that plaintiff recovers tort damages as a result of the

13    industrial injury allegedly involved here.  Although Defendant denies the validity of plaintiff's

14    claims, in the event those claims are held valid and not barred by the statute of limitations or

15    otherwise, Defendant asserts that cross-demands for money have existed between plaintiff and

16    Defendant and the demands are compensated, so far as they equal each other, pursuant to

17    California Code of Civil Procedure section 431.70.

18

### *TWENTIETH AFFIRMATIVE DEFENSE*

19    Defendant denies any and all liability to the extent that plaintiff asserts Defendant's

20    alleged liability as a successor, successor in business, assign, predecessor, predecessor in

21    business, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner

22    of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling,

23    assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing,

24    installing, contracting for installation, repairing, marketing, warranting, re-branding,

25    manufacturing for others, packaging and advertising a certain substance, the generic name of

26    which is asbestos.

27

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

28    Defendant alleges that its products, if any, were manufactured, produced, supplied, sold

1   and distributed in mandatory conformity with specifications promulgated by the United States

2   Government under its war powers, as set forth in the United States Constitution, and that any

3   recovery by plaintiff(s) on the Complaint on file herein is barred in consequence of the exercise

4   of those sovereign powers.

5                          *TWENTY-SECOND AFFIRMATIVE DEFENSE*

6          Plaintiff's action, and each alleged cause of action, is barred by the terms and provisions

7   of California Code of Civil Procedure section 361.

8                          *TWENTY-THIRD AFFIRMATIVE DEFENSE*

9          Defendant alleges that causes of action, if any, attempted to be stated in plaintiff's

10  complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

11                         *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

12         Defendant alleges that plaintiff and plaintiff HUGH ELLIOTT do not assert any right to

13  relief in respect of or arising out of the same transaction, occurrence, or series of transactions or

14  occurrences, and that no question of law or fact common to both plaintiffs will arise in the action,

15  and that therefore plaintiffs have been improperly joined in one action.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1

**PRAYER**

2
    WHEREFORE, Defendant prays:

3
    (1) That plaintiff takes nothing by his Complaint;

4
    (2) That Judgment be entered in favor of Defendant;

5
    (3) For recovery of Defendant's costs of suit;

6
    (4) For appropriate credits and set-offs arising out of any payment of Worker's

7
Compensation benefits as alleged above; and

8
    (5) For such other and further relief as the Court deems just and proper.

9

10
Dated:   June 17, 2008

11

12

13

JACKSON & WALLACE LLP

By: _____
    DANIEL D. O'SHEA
    Attorney for Defendants
    GENERAL DYNAMICS CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACKSON & WALLACE
LLP
SAN FRANCISCO

C:\NrPortbl\iManage\VXC1515520

12

## JURY DEMAND

PLEASE TAKE NOTICE that defendant GENERAL DYNAMICS hereby demands a trial by jury in the above-entitled action and estimates that the length of trial will be six to eight weeks in duration.

Dated:   June 17, 2008

JACKSON & WALLACE LLP

By: _____
DANIEL D. O'SHEA
Attorney for Defendants
GENERAL DYNAMICS CORPORATION

JACKSON & WALLACE
LLP
SAN FRANCISCO

C:\NrPortbl\iManage\VXC1515520

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2
Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3
named parties, there is no such interest to report.

4

5
Dated:   June 17, 2008                                JACKSON & WALLACE LLP

6

7
                                                      By: _____

8
                                                      DANIEL D. O'SHEA
                                                      Attorney for Defendants
9
                                                      GENERAL DYNAMICS CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  GABRIEL A. JACKSON, State Bar No. 98119
   DANIEL D. O'SHEA, State Bar No. 238534
2  JACKSON & WALLACE LLP
   55 Francisco Street, 6th Floor
3  San Francisco, CA 94133
   Tel:   415.982.6300
4  Fax:   415.982.6700

5  Attorneys for Defendants
   GENERAL DYNAMICS CORPORATION
6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  JOHN L. DAVIS, WILLIAM LARSEN,        Case No.  CV-080228-USDC-ND
    JAMES PIERCE, Sr., ROBERT
13  SCHOELZEL, NORRIS WALLACE,           **NOTICE OF TAG-ALONG ACTION**
    JAMES WATSON, ROBERT KACSUTA,
14  AND RICHARD EDDY,                     **Multi-District Rule 7.5(e)**

15               Plaintiffs,

16        v.

17  GENERAL ELECTRIC COMPANY, et
    al.,
18
                 Defendants.
19

20        **PLEASE TAKE NOTICE** that on July 29, 1991 the Judicial Panel of Multi-District

21  Litigation ("MDL Panel") entered an order transferring all asbestos actions pending in the federal

22  courts to the United States District Court, Eastern District of Pennsylvania, for coordinated

23  pretrial proceedings pursuant to 28 U.S.C. Section 1207 ("MDL Transfer Order"). The MDL

24  Transfer Order also applies to "tag-along actions," which refers to a civil action pending in a

25  district court and involving common questions of fact with actions previously transferred under

26  section 1407 by the Judicial Panel of Multi-District Litigation pursuant to a January 17, 1991

27  Order to Show Cause. See Multi-District Litigation Rules ("MDL Rules"), Rule 11.

28

JACKSON & WALLACE
LLP
SAN FRANCISCO

C:\NrPortbl\iManage\VXC1515520                    15

1    Pursuant to MDL Rule 7.5(c):

2    Any party or counsel in actions previously transferred under Section 1407 or under
     consideration by the Panel for transfer under section 1407 shall notify the Clerk of the
3    Panel of any potential "tag-along actions" in which that party is also named or in which
     that counsel appears.

4

5    Defendant GENERAL DYNAMICS hereby notifies that Court that is case is a potential

6    "tag-along action" which may be subject to transfer to the United States District Court, Eastern

7    District of Pennsylvania. GENERAL DYNAMICS has forwarded a copy of this notice to the

8    Clerk of the MDL Panel. The Clerk of the MDL Panel may either (1) enter a conditional transfer

9    order pursuant to the MDL Rule 7.4(a), or (2) file an order to show cause why this action should

10   not be transferred, pursuant to MDL Rule 7.5(b).

11

12   Dated:   June 17, 2008                          JACKSON & WALLACE LLP

13

14                                           By: _____
                                                      DANIEL D. O'SHEA
15                                                    Attorney for Defendants
                                                      GENERAL DYNAMICS CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28